UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TYLER TOOMEY,

    Plaintiff,

v.                                                          Case No. 3:21-cv-93-J-39JBT

RIPPLE LABS, INC., XRP II, LLC,
and BRADLEY GARLINGHOUSE,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte after review of Plaintiff's Complaint (Doc. 1). The Court finds it constitutes an impermissible "shotgun" pleading and should be stricken. As noted by the Eleventh Circuit, there are four basic types of shotgun pleadings:

> (1) those in which "each count adopts the allegations of all preceding counts;" (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which.

Yeyille v. Miami Dade Cty. Pub. Sch., 643 F. App'x 882, 884 (11th Cir. 2016) (quoting Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). "The unifying characteristic of all types of shotgun

pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

Here, Plaintiff's putative class action complaint falls into the first category of impermissible shotgun pleadings set forth by the Eleventh Circuit in Yeyville. Namely, it incorporates all preceding paragraphs of the Complaint into each of its subsequent counts. (Doc. 1 at ¶¶ 202, 214, 218, 222, 228, 234). This results in "a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). As such, the Court is compelled to strike the shotgun Complaint on its own initiative. See Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997).

Accordingly, after due consideration, it is

**ORDERED:**

1. Plaintiff's Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall have until **February 8, 2021** to file an amended complaint which conforms with the directives in this Order, the Federal Rules of Civil Procedure, and the Local Rules. Failure to do so can result in dismissal of this action.

**DONE** and **ORDERED** in Jacksonville, Florida this  *27th*  day of January, 2021.

              *[signature: Brian J. Davis]*
BRIAN J. DAVIS
United States District Judge

6
Copies furnished to:

Counsel of Record