UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| TYLER TOOMEY, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Civil Action No. 3:21-cv-00093 |
| v. | |
| RIPPLE LABS, INC., XRP II, LLC, and BRADLEY GARLINGHOUSE, | |
| Defendants. | |

**PLAINTIFF'S UNOPPOSED MOTION TO EXTEND TIME TO COMPLY WITH FORMER LOCAL RULE 4.04(b)**

Plaintiff Tyler Toomey, by and through his undersigned counsel, hereby files this Unopposed Motion seeking an extension of time to comply with now former Local Rule 4.04(b), and in support thereof, states as follows:

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted in support of the Plaintiff's Unopposed Motion, which seeks an Order granting an extension of time for Plaintiff to comply with the class certification motion deadline set forth in former Local Rule 4.04(b).[1] As this action was filed on January 25, 2021, and no discovery has taken place, Plaintiff requests additional time to obtain discovery relating to Rule 23's requirements. Accordingly, it is respectfully requested that an extension of former Local Rule 4.04(b)'s 90-day deadline for filing a class certification motion is

---

[1] The Middle District of Florida adopted new Local Rules which were originally intended to take effect on January 1, 2021, but by Order dated December 16, 2021, the effective date of the revised Local Rules was deferred to February 1, 2021.  *See* https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-8-20-mc-100-t-23-order-delaying-effective-date-of-new-local-rules-until-february-1-2021.pdf (last visited 2/16/21).  As part of the changes to the Local Rules, Rule 4.04 was deleted.

warranted in this action, and the parties will submit a class certification briefing schedule for the Court's consideration as part of the forthcoming case management report.[2]

## ARGUMENT

Plaintiff respectfully requests that he be relieved of the obligation under former Local Rule 4.04(b) to file his motion for class certification within 90 days of the filing of the class action complaint, and that the parties be permitted to propose a class certification briefing schedule as part of the case management report (which is the process contemplated by the current Local Rules). Plaintiff is making this request to allow time to obtain discovery related to class certification.

Former Local Rule 4.04(b) states: "Within ninety (90) days following the filing of the initial complaint in such an action, **unless the time is extended by the Court** for cause shown, the named plaintiff or plaintiffs shall move for a determination under Rule 23(c)(1) as to whether the case is to be maintained as a class action." Local Rule § 4.04(b) (emphasis added). Thus, the rule itself contemplates extensions such as the one required here, and vests discretion in the presiding judge to grant such extensions.

Plaintiff's request for an extension of this deadline is premised not merely upon the particular facts of his case, but upon the simple fact that the evolution of case law applicable to class certification – coupled with the 2003 amendments to Rule 23 – have rendered former Local Rule 4.04(b)'s ninety-day deadline unworkable and at odds with the current incarnation of Federal Rule 23. Specifically, "courts have moved away from a regime in which class

---

[2] The Court's Order delaying the effective date of the new Local Rules has a section highlighting the changes to the Local Rules, one of which is "elimination of requirement that a motion for class certification be filed early in the case." *See* https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-8-20-mc-100-t-23-order-delaying-effective-date-of-new-local-rules-until-february-1-2021.pdf.

certification was decided based on the pleadings and toward one where class certification requires evidentiary showings of increasing complexity."  Biesanz, Z. and Burt, T., *Everything That Requires Discovery Must Converge: A Counterintuitive Solution to a Class Action Paradox*, 47 U.S.F. L. Rev. 55, 56 (Summer, 2012); *see also Wave Length Hair Salons of Florida, Inc. v. CBL & Assocs. Properties, Inc.*, 2016 WL 7404733, at *4 (M.D. Fla. Nov. 25, 2016), *report and recommendation adopted sub nom.*, *Wave Length Hair Salons of Florida, Inc. v. CBL & Assocs. Properties, Inc.*, 2016 WL 7385802 (M.D. Fla. Dec. 21, 2016) ("Specifically, the Court recognizes that a skeletal, perfunctory motion for class certification will not satisfy the requirements of Rule 23.").  This was no doubt considered as part of the reason for the change to the Local Rules.

In *Herrera v. JFK Med. Ctr. Ltd. P'ship*, 648 F. App'x 930, 934 (11th Cir. 2016), the court held "[w]hile it is sometimes possible to decide the propriety of class certification from the face of the complaint, the Supreme Court has emphasized that class certification is an evidentiary issue, and it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.  In fact, the determination usually should be predicated on more information than the complaint itself affords.  The court may, and often does, permit discovery relating to the issues involved in maintainability, and a preliminary evidentiary hearing may be appropriate or essential ….  After all, class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."  (internal quotation marks, and citations omitted).

Furthermore, the Federal Judicial Center has taken the position that strict local rules such as former Local Rule 4.04(b) are now arguably in conflict with Rule 23 as amended.  In its 2004 edition of the *Manual for Complex Litigation*, the Federal Judicial Center initially wrote:

3

> Some local rules specify a short period within which the plaintiff
> must file a motion to certify a class action. Such rules, however, may
> be inconsistent with Rule 23(c)(1)(A)'s emphasis on the parties'
> obligation to present the court with sufficient information to support
> an informed decision on certification. Parties need sufficient time to
> develop an adequate record.

*Manual for Complex Litigation, Fourth,* § 21.133.

More recently, in its *2010 Pocket Guide for Judges*, the Federal Judicial Center's

guidance with respect to local rules that established strict time limits on class certification has

been more pointed:

> The 2003 amendments to Rule 23(c)(1) give you flexibility by
> allowing you to consider class certification "at an early practicable
> time." Considering this rule, you should feel free to ignore local
> rules calling for specific time limits; such local rules appear to be
> inconsistent with the federal rules and, as such, obsolete.

Barbara J. Rothstein & Thomas E. Willging, *Federal Judicial Center, Managing Class Action*

*Litigation: A Pocket Guide for Judges*, at 9 (3d ed. 2010) (emphasis added).

In order to meet his class certification burden, Plaintiff must offer evidence on the Rule

23(a) and Rule 23(b)(3) elements of numerosity, commonality, typicality, adequacy superiority,

superiority, and predominance.  Discovery targeted at Defendants' policies and procedures will

be needed to address predominance, commonality and typicality.  Moreover, Plaintiff will need

to determine the number of individuals affected by Defendants' conduct in order to demonstrate

numerosity, which may require, at least in part, third-party discovery.

Strict adherence to former Local Rule 4.04(b) would mean that Plaintiff will be forced to

file a motion for class certification without the benefit of obtaining any evidence through

discovery bearing on these elements.  Countless courts in this Circuit, and across the country,

have rejected such motions as premature and a waste of the Court's resources.  This exact

situation arose in this District, where the plaintiff filed a motion for class certification with her

4

initial complaint, along with a request to defer ruling on the class certification motion until class-wide discovery was completed. *See Morgan v. ACE Am. Ins. Co.*, 2016 WL 9211667, at *1 (M.D. Fla. Sept. 7, 2016).  The Court denied the motion seeking class certification and an extension of time to comply with the Local Rules, finding that "Plaintiff's current motion to certify class acts as a mere placeholder and is due to be denied because allowing a premature motion to linger is unnecessarily costly to everyone."  *Id.* at *1.  The *Morgan* court cited to *Church v. Accretive Health, Inc.*, 299 F.R.D. 676, 679 (S.D. Ala. 2014), which highlighted the issues created by a plaintiff's efforts to comply with such Local Rules:

> The court file is burdened with an obviously premature Rule 23 Motion that is devoid of content. Clerk's Office staff would be required to track, monitor and report the motion for many months as it sits idly, collecting dust, while the plaintiff gathers information via discovery to populate the motion with actual substance. In addition to this administrative cost, plaintiff's actions promote inefficiency and waste. Not only is it premature, but the Rule 23 Motion filed now may prove unnecessary because plaintiff may think better of pursuing such a motion based on the results of discovery.

*Morgan v. ACE Am. Ins. Co.*, 2016 WL 9211667, at *1 (*Church v. Accretive Health, Inc.*, 299 F.R.D. at 679); *see also, Richardson v. Bledsoe,* 829 F.3d 273, 284 (3d Cir. 2016) (rejecting the rise in so-called "placeholder" motions for class certification, and finding that "our ruling today is intended to have the salutary effect of discouraging these premature motions in favor of motions brought within a reasonable period of time and after proper factual development of the claims has occurred"). The *Morgan* court concluded that "if class discovery remains ongoing, Plaintiff may move for an extension of time to file its amended motion to certify class." *Id.,* at *2, n.1.

Dozens of district courts have reached the same conclusions as the *Morgan*, *Church*, and *Richardson* courts: premature class certification motions cause harm by cluttering up the Court's docket, waste the litigant's time, and serve no legitimate purpose.  *See, e.g.*, *Schwanke v. JB Med. Mgmt. Sols., Inc.*, 2016 WL 9274925, at *1 (M.D. Fla. Oct. 26, 2016) ("Plaintiff's straight-

out-of-the-chute Rule 23 Motion is highly unlikely to advance her cause one iota, but is virtually certain to impose administrative costs, unnecessary distractions, and an unhelpful drag on efficiency and judicial economy."); *Family Med. Pharmacy, LLC v. Perfumania Holdings*, 2016 WL 3680696, at *3 (S.D. Ala. July 5, 2016) ("Plaintiff's Rule 23 Motion is premature. It is unnecessary. It imposes significant costs on court personnel and the litigants."); *Flaum v. SP Plus Corp.*, 2014 WL 12531343, at *1 (S.D. Fla. Oct. 15, 2014) ("The Court, however, will not allow Plaintiff to file a placeholder motion and then delay briefing for a substantial period of time until the parties conduct discovery."); *Minniti v. Eilers*, 302 F.R.D. 655, 656 (S.D. Fla. 2014) ("Pending before the court at this time is a Rule 23 class certification motion which is not supported by any facts or legal argument. The John Hancock defendants are correct that the Motion for Class Certification is premature."); *Smith v. Interline Brands, Inc.*, 87 F. Supp.3d 701, 703 (D.N.J. 2014) (embracing "a sensible recognition of the undesirability of a premature motion for class certification, unsupported by discovery and largely untethered to the requirements for actually certifying a class," questioning whether such a motion comports with Rule 11(b), and acknowledging the near-certainty that such a motion would "impose administrative costs, unnecessary distractions, and … an unhelpful drag on efficiency and judicial economy"); *Sandusky Wellness Center LLC v. Medtox Scientific, Inc.*, 2013 WL 951143, *2 (D. Minn. Mar. 12, 2013) ("At this stage in the proceedings, no discovery has taken place, and it appears the motion for class certification was filed merely as a placeholder. In other words, the motion is untimely, as it is entirely unclear whether a request for class certification will eventually be warranted.").

Former Local Rule 4.04(b) itself contemplates that the district court can excuse strict compliance with the Rule, which is directly in line with a district court's discretion to apply its own Local Rules. *See, e.g.*, *Arval Serv. Lease S.A. v. Clifton*, 2014 WL 12615698, at *2 (M.D. Fla. Oct. 2, 2014) ("A district court has discretion to waive or excuse noncompliance with its

local rules."); *Ethicon, Inc. v. Angelini*, 2016 WL 9459824, at *2 (M.D. Fla. Sept. 9, 2016) ("Based upon the facts and circumstances of this case, the Court, in its discretion, waives the time requirements of Local Rule 4.06.").

Courts in this District have repeatedly recognized that strict compliance with Local Rule 4.04(b)'s ninety-day rule should be excused, particularly considering the discretion with which district courts are vested.  *See, e.g., Townsend v. Quantum3 Grp., LLC*, 2015 WL 12843227, at *2 (M.D. Fla. Feb. 20, 2015) (granting the motion to extend the class certification deadlines until ninety days after the date of entry of the Court's Case Management and Scheduling Order and Referral to Mediation); *Tillman v. Ally Fin. Inc.*, 2017 WL 73382, at *7 (M.D. Fla. Jan. 6, 2017) ("Given the CMSO deadlines and to allow sufficient time for the parties' conferral and discovery, the Court also will grant Plaintiff's motion to extend the deadline to file a class certification motion."); *Scoma Chiropractic, P.A. v. Jackson Hewitt Inc.*, 2017 WL 2733758, at *2 (M.D. Fla. June 26, 2017) (granting the motion to extend class deadlines and noting that "the Court will address the new filing deadline for a motion for class certification at the scheduling conference"); *Blake v. Enhanced Recovery Co., LLC*, 2011 WL 3625594, at *3 (M.D. Fla. Aug. 17, 2011) (granting the motion to extend class certification deadline, even though the motion to extend was filed a month past the deadline).

The Complaint in this action was filed on January 25, 2021. Moving the Local Rule 4.04(b) deadline back for an appropriate period of time would align the standard of proof required at the class certification stage with the degree of discovery available. *See Neurocare Inst. of Cent. Florida, P.A. v. Healthtap, Inc.*, 8 F. Supp. 3d 1362, 1366 (M.D. Fla. 2014) ("It will be the rare occasion for a class action plaintiff to be fully prepared to seek class certification at the time the class action complaint is filed."); *Wright v. Dyck-O'neal, Inc.*, 2016 WL 3912050, at *4 (M.D. Fla. June 27, 2016), *report and recommendation adopted*, 2016 WL 3883269 (M.D. Fla. July 18, 2016) ("The Court accepts that

discovery may be necessary for Plaintiffs to be able to establish the requirements for class certification."). This would also eliminate the inefficiencies occasioned by the inevitable amended and supplemental class certification briefing that would occur if the current deadline is not altered. *See*, *e.g.*, *Pinero v. Jackson Hewitt Tax Service, Inc.*, 594 F. Supp. 2d 710, 723-24 (E.D. La 2009) (finding existing class motions premature and directed parties to present "a schedule for re-filing of motion for class certification which incorporates a period for discovery on the class issues," in light of facts that the court had "narrowed scope of complaint," that "little discovery has been conducted to support the motion," and that class certification motion "does not attach any evidence to support the motion").

## CONCLUSION

It is therefore respectfully requested that the Court extend Plaintiff's time to comply with former Local Rule 4.04(b), and that a briefing schedule for class certification be proposed as part of the parties' forthcoming Case Management Report, as is contemplated by the now updated Local Rules.

## CERTIFICATE OF GOOD FAITH

In accordance with M.D. Fla. Local Rule 3.01(g) and Fed. R. Civ. P. 26(c)(1), Plaintiff's counsel has made a good faith effort to resolve the issues presented by this Motion, and has fully conferred and discussed with counsel for Defendants the issues presented in this Motion.  Defendants do not oppose the proposed extension requested herein.

Dated:  February 16, 2021               Respectfully submitted,

                                        **BURSOR & FISHER, P.A.**

                                        By:    */s/ Sarah N. Westcot*
                                               Sarah N. Westcot

                                        Sarah N. Westcot (FBN:  1018272)

8

701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
Email: swestcot@bursor.com


**BURSOR & FISHER, P.A.**
Andrew J. Obergfell (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: 212-989-9163
Email: aobergfell@bursor.com


## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 16th day of February, 2021, the foregoing was

electronically filed with the Clerk of the Court by using the CM/ECF system which will send a

notice of electronic filing to Defendants' counsel of record.


By:      */s/ Sarah N. Westcot*
              Sarah N. Westcot

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (FBN:  1018272)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
Email: swestcot@bursor.com

**BURSOR & FISHER, P.A.**
Andrew J. Obergfell (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: 212-989-9163
Email: aobergfell@bursor.com

9