# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TYLER TOOMEY, ON BEHALF OF
HIMSELF AND ALL OTHERS
SIMILARLY SITUATED,

    Plaintiff,

v.                                Case No. 3:21-CV-00093

RIPPLE LABS INC., XRP II, LLC,
AND BRADLEY GARLINGHOUSE,

    Defendants.

_____

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

**1. Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 3/4/2021. Andrew Obergfell, of Bursor & Fisher, P.A., attended the conference for Plaintiff and Meghan Strong and Suzanne Nero, of King & Spalding LLP, attended for Defendants.

**2. Deadlines and Dates**

Plaintiff's Position:

Plaintiff requests these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 4/19/2021 |

| | |
|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 8/31/2021 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 4/29/2022 |
| Defendant's deadline for disclosing any expert report. | 5/31/2022 |
| Deadline for disclosing any rebuttal expert report. | 6/30/2022 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 7/15/2022 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | 8/15/2022 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 8/15/2022 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Jay Cohen, P.O. Box 2210, Winter Park, FL 32790 (407) 644-1181 or another mediator agreed upon by the parties. | 7/15/2022 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 1/9/2023 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 1/16/2023 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 1/23/2023 |
| Month and year of the trial term. | 2/1/2023 |

The trial will last approximately 10 days and be

☒   jury.

☐   non-jury.

Defendants' Position:

Defendants believe the Court should postpone entry of a scheduling order pending resolution of Defendant's forthcoming motion to stay and motion to dismiss or transfer. As discussed in Section 3 of this report, Defendants intend to move to dismiss or, in the alternative,

transfer this case to the Northern District of California, where a substantially similar first-filed class action, composed of six consolidated state and federal actions, is currently being litigated. Because transfer of this case will resolve all involvement of this Court in this matter, and because one of the reasons transfer in this case is proper is to conserve judicial resources and avoid duplicative discovery, a stay of this case until after the Court has resolved Defendants' motion is appropriate. *See Rando v. GEICO*, No. 5:06-cv-336-Oc-10GRJ, 2006 WL 8439443, at *2 (M.D. Fla. Dec. 4, 2006); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).

Defendants initially planned to file their motion to stay and motion to dismiss or transfer on March 22, but Plaintiff informed Defendants that he intended to file a Second Amended Complaint. Now, pursuant to the Parties' Joint Stipulation Allowing Plaintiff to File a Second Amended Complaint, ECF No. 22 (granted and approved by the Court, ECF No. 24), Plaintiff will file his Second Amended Complaint on or before March 26, 2021. Defendants intend to move as expeditiously as possible and will file their motion to dismiss or transfer, as well as their motion to stay, by April 26, 2021, if not sooner. Should the Court deny Defendants' motion to stay and/or their motion to dismiss or transfer, Defendants will meet and confer with Plaintiff and propose a scheduling order at that time.

3.   **Description of the Action**

Plaintiff's Position:

Plaintiff Tyler Toomey, on behalf of himself and all other similarly situated, brings this class action lawsuit against Defendants Ripple Labs, Inc., XRP II, LLC and Bradley Garlinghouse regarding Defendants' sale of XRP cryptocurrency tokens. Plaintiff alleges that Defendants' XRP tokens are unregistered securities that are unlawful to sell under Florida securities laws. The United States Securities and Exchange Commission recently filed a lawsuit against Defendants, *Securities And Exchange Commission v. Ripple Labs, Inc.*, *et al.*, Case No. 1:20-cv-10832 (S.D.N.Y.), alleging that Defendants sold unregistered securities, XRP tokens, in violation of federal law.

Under the Florida Securities and Investor Protection Act (the "Act"), "[i]t is unlawful [. . .] for any person to sell or offer to sell a security within this state unless the security is exempt [or] registered pursuant to this chapter." Fla. Stat. Ann. § 517.07(1). The Act further provides that "[n]o securities that are required to be registered under this chapter shall be sold or offered for sale within this state unless such securities have been registered pursuant to this chapter and unless prior to each sale the purchaser is furnished with a prospectus meeting the requirements of rules adopted by the commission." Fla. Stat. Ann. § 517.07(2). Here, Plaintiff alleges Defendants violated the Act by selling unregistered XRP to Florida investors. As a result of the alleged violation of the Act, Plaintiff also alleges *per se* violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA").

Throughout the duration of the XRP offering, Defendants failed to disclose to investors that XRP was in fact an unregistered security and was unlawful to sell. Defendants also made affirmative misrepresentations to investors that XRP was not a security. Plaintiff therefore also brings claims for "traditional" FDUPTA violations, fraudulent misrepresentation/omission, and negligent misrepresentation/omission.

Because Defendants have been substantially enriched by their sales of XRP to Plaintiff and Florida investors, and have failed to return those ill-gotten gains, Plaintiff also asserts claims for conversion, unjust enrichment, and money had and received.

Defendants' suggestion that this is a "copycat" action is plainly false. Defendants are correct that there is a pending action in the Northern District of California which involves alleged violations of federal securities laws and California state law. This action involves a Florida plaintiff seeking relief on behalf of a Florida class for violations of Florida consumer-protection statutes, specifically the Florida Securities and Investor Protection Act and Florida's Deceptive and Unfair Trade Practices Act. There are no such claims in the Northern District of California action, and no Florida class or subclass. As such, the classes do not overlap, nor are the causes of action the same. Courts in this District have declined to transfer matters under near identical circumstances. *See, e.g., Poertner v. Gillette Co.*, 2012 WL 12898875, at (M.D. Fla. July 9, 2012). Further, transfer is, at best, premature at this time because no class has been certified in either action.

As to Defendants' merits arguments, Defendants are statutory "sellers" of securities under the Act because, as set forth at length in the First Amended Complaint ("FAC") (ECF No. 5), Defendants solicited the sale of unregistered securities to Plaintiff and Class members, specifically XRP. *In re Sahlen & Assocs., Inc. Sec. Litig.*, 773 F. Supp. 342, 371–73 (S.D. Fla. 1991) ("One can be liable as a 'seller' or an 'agent' of the seller under Florida law if he in some way solicits the sale of securities."); *Hilliard v. Black*, 125 F. Supp. 2d 1071, 1083 (N.D. Fla. 2000) ("The definition of 'seller' under section 517.211. Florida Statutes, has been expanded to include those who solicit the sale of securities."). Here, Defendants are statutory "sellers" under the Act because they actively solicited the purchase of XRP for financial gain. It is well settled that there is no strict buyer/seller privity requirement so long as the defendant qualifies as a statutory seller or agent. *In re Sahlen*, 773 F. Supp. at 371–73 ("To read the Florida Supreme Court's statement that '[b]uyer/seller privity is required' in the strict sense which Defendants urge would expressly contravene the explicit statutory language and legislative intent of the provision.").

<u>Defendants' Position:</u>

This is a copycat action filed by Plaintiff despite the fact that his interests are already represented in a substantially similar, first-filed action in the Northern District of California. *In re Ripple Labs Inc. Sec. Litig.*, No. 18-cv-06753-PJH. Plaintiff claims that Defendants sold XRP in violation of Florida securities law and related consumer protection and common law claims. The Northern District of California action is a consolidated action with a Florida resident as Lead Plaintiff who represents a putative class that includes Plaintiff Tyler Toomey (and indeed all Florida purchasers) and similarly alleges that Defendants sold XRP in violation of federal and California securities laws. For that reason, Defendants intend to move to dismiss or, in the alternative, transfer this case to the Northern District of California and to move to stay discovery and these proceedings pending resolution of the motion.

Regardless, Defendants categorically deny Plaintiff's claims and dispute the accuracy of his factual allegations. Defendants deny XRP was or is a security and that XRP was required to be registered with the state of Florida's Financial Services Commission. Defendants further deny

that they are "statutory sellers" under the Florida Securities and Investor Protection Act. Defendants deny that Plaintiff's Florida securities claim is viable because Plaintiff has not alleged and cannot show that he was in privity with Defendants when he purchased XRP, as required by Fla. Stat. § 517.211. Defendants deny that they made any alleged misrepresentations or omissions of fact, that such alleged statements were material, were made with scienter, or that Plaintiff relied on such alleged statements and suffered damages as a result of the same. Defendants will argue that these alleged misrepresentations fail as a matter of law. Defendants further deny that this putative class action should be certified, as the requirements set forth in Rules 23(a) and 23(b)(3) are not satisfied. Finally, Defendants deny that they have engaged in any unfair conduct in violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.212, or that they improperly received or otherwise retained anything of value or other benefit from Plaintiff.

**4.   Disclosure Statement**

☒   The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

**5.   Related Action**

☒   The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6.   Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐   The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒   The parties do not consent.

**7.   Preliminary Pretrial Conference**

☒   The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐   The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8.  **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒   The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9.  **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A.   The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐   Yes.

☒   No; instead, the parties agree to these changes: the Parties agree to extend the deadline to serve initial disclosures to April 19, 2021.  Defendants intend to file a motion to stay all discovery, including initial disclosures.  If the Court grants that motion prior to April 19, 2021, initial disclosures will not be served until after the stay is lifted.  If the Court denies Defendants' motion or has not yet ruled on Defendants' motion as of April 19, 2021, the Parties will exchange initial disclosures on that date.

B.   Discovery may be needed on these subjects:

Plaintiff:

1. Documents related to Plaintiff;
2. Documents related to the registration of XRP with the SEC or Florida regulators;
3. Defendants' corporate organizing documents, organizational charts, ownership structure and employees;
4. Defendant's communications with the SEC and Florida regulators;
5. Documents related to Defendants' sales of XRP;
6. Documents related to sales of XRP by third-party exchanges;
7. Documents regarding Defendant's relationship with third-party exchanges;
8. Documents regarding Defendant's use of proceeds from XRP sales;
9. All communications, representations and public statements made by Defendants to the public regarding XRP;
10. Defendants' document retention policies;
11. Documents related to Defendants' listing of XRP on cryptocurrency exchanges;

6

12. All documents containing information, analysis, and/or professional opinions as to whether XRP is a "security" under federal or state law;
13. Documents related to Defendants' revenue, business plans, due diligence, and pricing of XRP;
14. All iterations of Ripple's website during the class period;
15. Website analytics for ripple.com during the class period;
16. Documents regarding those holding an equity interest in Ripple;
17. All marketing or investor presentations prepared for or by Defendants;
18. All Board and committee documents in any way related to XRP or the sale of XRP;
19. Documents relating to the XRP Ledger;
20. Documents concerning any functional, non-investment use of XRP;
21. All relevant documents from other litigations;
22. All contracts or other related documents regarding XRP;
23. Documents sufficient to identify all XRP addresses that Ripple, XRP II, LLC, and Mr. Garlinghouse have owned, controlled, or controlled the private key to;
24. Documents related to the ownership of XRP upon the launch of the XRP Ledger;
25. Documents related to the amount of XRP held by Defendants during the class period;
26. Documents related to the planned use of XRP proceeds and actual use of XRP proceeds;
27. Documents concerning the sale, exchange, or conversion of the XRP Proceeds into other digital currency, fiat currency, stocks, bonds, precious metals, venture capital, commodities, or other investments;
28. Documents related to Ripple's and XRP's funding of its operations;
29. Social media posts authored by or on behalf of Defendants regarding XRP;
30. All payments made to social media influencers regarding XRP;
31. Agreements or contracts which impose or purport to impose restrictions on the sale or resale of XRP;
32. Documents concerning all streams of sales, loans, and provisions of XRP by or among Defendants;
33. All documents regarding use of XRP as a bridge currency for international payments;
34. Documents concerning any XRP provided to Garlinghouse;
35. Communications among or between Defendants regarding the sale of XRP;
36. Documents and communications regarding conferences concerning XRP hosted by You, including the annual "Swell" conference;
37. Documents (e.g., tax returns, XRP sales receipts, and digital asset wallet withdrawals or deposits) concerning Garlinghouse's sale or trading of XRP;
38. Documents regarding Garlinghouse's XRP holdings during the class period;
39. All documents concerning the XRP escrow account;
40. Discovery produced in any other related matter; and
41. Any other relevant topics that may arise during the course of discovery.

Defendants:

As stated above, Defendants intend to move to stay all discovery and other proceedings until the Court rules on Defendants' forthcoming motion to dismiss or transfer.

To the extent the Parties engage in discovery, Defendants state that subjects on which discovery may be needed include the below, but reserve their right to seek discovery on other subjects as this case develops.
1. Plaintiff's alleged purchases of XRP and other cryptocurrencies, including the information he relied on, if any, in making those alleged purchases, and whether he was damaged as a result of those purchases.
2. Whether XRP is an investment contract.
3. Whether Plaintiff has standing to bring a claim against Defendants, including whether he purchased XRP directly from Defendants.
4. Whether Plaintiff can satisfy the requirements of Rule 23.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

10. **Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

11. **Certification of familiarity with the Local Rules**

    ☒ The parties certify that they have read and are familiar with the Court's Local Rules.

12. **Signatures**

Dated: 3/18/21

           **BURSOR & FISHER, P.A.**

           By: */s/ Sarah N. Westcot*
                   Sarah N. Westcot

           Sarah N. Westcot (FBN: 1018272)
           701 Brickell Avenue, Suite 1420
           Miami, FL 33131
           Telephone: (305) 330-5512
           Facsimile: (305) 676-9006
           Email: swestcot@bursor.com

           **BURSOR & FISHER, P.A.**
           Andrew J. Obergfell (*pro hac vice*)
           888 Seventh Avenue
           New York, NY 10019
           Telephone: (646) 837-7150
           Facsimile: (212) 989-9163
           Email: aobergfell@bursor.com

           *Attorneys for Plaintiff*

           **KING & SPALDING LLP**

           By: */s/ Damien J. Marshall*
                   Damien J. Marshall

           Damien J. Marshall (FBN: 191302)
           1185 Avenue of the Americas, 34th Floor
           New York, NY 10036
           Tel: (212) 566-2100
           Fax: (212) 556-2222
           Email: dmarshall@kslaw.com

           **KING & SPALDING LLP**

Lisa R. Bugni (FBN: 0648191)
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200
Fax: (415) 318-1300
Email: lbugni@kslaw.com

*Attorneys for Defendants*