# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| TYLER TOOMEY and MARKAS SERGALIS, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RIPPLE LABS INC., XRP II, LLC, BRADLEY GARLINGHOUSE, MCO MALTA DAX LIMITED (D/B/A CRYPTO.COM), FORIS DAX GLOBAL LIMITED (D/B/A CRYPTO.COM), FORIS DAX, INC., FORIS, INC., PAYWARD, INC. D/B/A KRAKEN<br><br>Defendants. | Civil Action No. 3:21-cv-00093 |

**DECLARATION OF SUZANNE E. NERO**

I, Suzanne E. Nero, hereby declare as follows:

1. I am a counsel in the San Francisco office of King & Spalding LLP and counsel for Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse (collectively, "Ripple") in this matter.

2. I also serve as counsel for Ripple in the Northern District of California action, *In re Ripple Labs*, No. 4:18-cv-06753-PJH, referred to herein as the "California Action."

3. I make this declaration in support of Defendants' Motion to Transfer, Dismiss, or Stay Plaintiffs' Second Amended Complaint as well as Defendants' Motion to Stay Discovery. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

4. Beginning in 2018, purchasers of XRP, a digital asset and virtual currency, filed multiple actions against Ripple, in state and federal courts in California and New York, alleging that Ripple's distributions of XRP constitute "investment contracts" under the test articulated in *SEC v. W.J. Howey Co.*, 328 U.S. 293, 299 (1946), in violation of federal and state law. These actions were consolidated and formed the California Action.

5. The first four actions were filed in California federal and state court between May 3 and July 3, 2018, and the state court actions were subsequently removed to the Northern District of California. On March 18, 2019, then-Chief Judge Phyllis Hamilton issued an order formally consolidating the pending actions, ordering

1

plaintiffs to file a consolidated complaint, and ordering all related actions subsequently filed in, or transferred to, the Northern District to be consolidated with *In re Ripple Labs*, No. 4:18-cv-06753-PJH.

6. In 2020, two additional private actions were filed against Ripple. On March 12, 2020, an action was filed in the Southern District of New York alleging the same federal securities claims as in the California Action. *Simmons v. Ripple Labs Inc.*, No. 1:20-cv-2236-ER, ECF No. 1. Following a pre-motion conference with the court, Plaintiff Simmons consented to transfer to the Northern District of California under 28 U.S.C. § 1404(a), and the case was consolidated with the California Action. Another action was filed in the Northern District of California on May 1, 2020. *Bitcoin Manipulation Abatement LLC v. Ripple Labs, Inc.*, No. 20-cv-3022-RS, ECF No. 1. Ripple moved jointly with the plaintiffs in the already consolidated California cases to consolidate this action as well. The *Bitcoin* plaintiffs did not object or otherwise respond, and the case was consolidated.

7. In the California Action, a lead plaintiff was named, and a consolidated complaint was filed on August 5, 2019. That complaint is premised on allegations that Ripple's distributions of XRP constitute "investment contracts," and that Ripple failed to register XRP as a "security" in violation of Section 12(a)(1) and 15 of the Securities Act of 1933, and state securities law.

8. Defendants in the California Action filed motions to dismiss, and discovery was automatically stayed under the Private Securities Litigation Reform Act ("PSLRA") during the pendency of those motions. The stay was lifted after the court

granted defendants' second motion to dismiss in part, denying Ripple's motion to dismiss lead plaintiff's federal securities claims but dismissing his consumer protection claims and nearly all of his fraud claim.

9. Since then, the plaintiff in the California Action served 103 discovery requests on Ripple, and discovery has been underway for six months.

10. The parties in the California Action have produced documents, met-and-conferred regarding discovery disputes, and fully briefed a motion to compel that was ultimately resolved by an agreement among the parties.

11. In December 2020, the SEC also filed suit against Ripple in the Southern District of New York (the "SEC Action"). *Securities and Exchange Commission v. Ripple Labs Inc. et al.*, No. 20-cv-10832-AT-SN, ECF No. 4. Again, the central question in that case is whether Ripple's distributions of XRP constitute "investment contracts" under *Howey*.

12. The SEC Action is moving on a faster timeline agreed upon by the parties. *Securities and Exchange Commission v. Ripple Labs Inc. et al.*, No. 20-cv-10832-AT-SN, ECF No. 4 (S.D.N.Y. Dec. 22, 2020). Fact discovery is well underway and currently scheduled to be completed by July 2, 2021. *Id.* at ECF. No. 48 (S.D.N.Y. Feb. 22, 2021). The parties have produced tens of thousands of documents and multiple discovery motions have been briefed, argued, and resolved.

13. Plaintiff Toomey filed the instant suit years after the California Action was underway and after the SEC Action was commenced.

14. This action alleges substantially similar claims to those alleged in the California Action but makes those allegations under Florida law.

15. After this Court struck Plaintiff Toomey's initial complaint as an improper shotgun pleading, ECF No. 4, Toomey filed a First Amended Complaint, ECF No. 5.

16. On February 9, 2021, Ripple contacted Plaintiff Toomey and advised him that the First Amended Complaint was deficient under Florida law and that he lacked standing under § 571.211.

17. Ripple also informed Plaintiff Toomey that it intended to move to transfer this action to the Northern District of California and requested his consent to do so.

18. Plaintiff Toomey declined to consent to transfer.

19. On March 8, 2021, Plaintiff Toomey served on Ripple 133 discovery requests, including overbroad requests for documents, detailed interrogatories, and multiple requests for admission.

20. On March 26, 2021, well after Ripple informed Plaintiff Toomey that Ripple intended to seek a transfer of this case to the Northern District of California, Plaintiff Toomey filed the Second Amended Complaint, ECF No. 26, adding Mr. Sergalis as a Plaintiff, adding several additional defendants, and adding new federal law claims against the new defendants, but not Ripple.

21. There is a substantial overlap between the parties in this action and the California Action. Plaintiffs in this action are members of the putative class in the

California Action.  The defendants in both actions are also similar.  Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse are defendants in both actions.  In the SAC, Plaintiffs added Kraken and Crypto.com (and related entities) as defendants.  These defendants were added only after Ripple informed Plaintiff Toomey of its intent to move to transfer.

22. Following Plaintiffs' filing of the Second Amended Complaint adding federal securities claims against the new Defendants, Ripple requested Plaintiffs agree to a stay of discovery under the PSLRA.  Plaintiffs refused to do so stating there is no claim against the Ripple Defendants arising under the PSLRA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 26th day of April, 2021, at Oakland, California.

*/s/ Suzanne E. Nero*

_____
Suzanne E. Nero