# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| TYLER TOOMEY and MARKAS SERGALIS, on behalf of himself and all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>RIPPLE LABS INC., XRP II, LLC, BRADLEY GARLINGHOUSE, MCO MALTA DAX LIMITED (D/B/A CRYPTO.COM), FORIS DAX GLOBAL LIMITED (D/B/A CRYPTO.COM), FORIS DAX, INC., FORIS, INC., PAYWARD, INC. D/B/A KRAKEN<br><br>     Defendants. | Civil Action No. 3:21-cv-00093 |

## DEFENDANTS RIPPLE LABS INC., XRP II, LLC, AND BRADLEY GARLINGHOUSE'S MOTION TO STAY DISCOVERY

Damien J. Marshall (FBN: 191302)
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 566-2100
Fax: (212) 556-2222
dmarshall@kslaw.com

*Attorneys for Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse*

## **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................... 1

II.   RELEVANT PROCEDURAL HISTORY .................................. 3

III.   LEGAL STANDARD............................................................. 6

IV.   ARGUMENT ........................................................................ 7

  A.  The PSLRA Mandates a Stay of Discovery................................. 7

    i   The PSLRA's Stay Provision Applies to Ripple. .................................... 8

    ii  Plaintiffs are Improperly Attempting to Circumvent the PSLRA.............. 11

  B.  A Stay is Warranted Pursuant to the Court's Inherent Powers. ................... 13

  C.  A Stay Will Not Cause Prejudice or Unnecessary Delay. ........................... 16

V.  CONCLUSION ................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albers v. Commonwealth Capital. Corp.*,
    2016 WL 9526453 (M.D. Fla. Dec. 15, 2016) ................................................... 8

*All Am. Res., LLC v. Calais Res., Inc.*,
    2014 WL 5025917 (D. Nev. Oct. 8, 2014)........................................................ 10

*Angell Invs., LLC v. Purizer Corp.*,
    2001 WL 1345996 (N.D. Ill. Oct. 31, 2001) ................................................... 10

*Arkin v. Smith Med. Partners, LLC*,
    2020 WL 1666158 (M.D. Fla. Apr. 3, 2020) ................................................... 6

*In re Carnegie Int'l Corp. Secs. Litig.*,
    107 F. Supp. 2d 676 (D. Md. 2011) ................................................................ 11

*In re CFS-Related Secs. Fraud Litig.*,
    179 F. Supp. 2d 1260 (N.D. Okla. 2001)........................................................ 8

*Chudasama v. Mazda Motor Corp.*,
    123 F.3d 1353 (11th Cir. 1997).............................................................. 3, 7, 14

*Clinton v. Jones*,
    520 U.S. 681(1997) ......................................................................................... 6

*Dusek v. JP Morgan Chase & Co.*,
    2015 WL 12826483 (M.D. Fla. Jan. 21, 2015) ................................................ 8

*Fond De Proteccion Social De Los Depositos Bancarios v. Diaz Reus & Targ,
LLP*,
    2016 WL 10952495 (S.D. Fla. Dec. 29, 2016)................................................ 13

*Instituto De Prevision Militar v. Merrill Lynch*,
    546 F.3d 1340 (11th Cir. 2008)........................................................................ 6

*Lacroix v. Lejeune Auto Wholesale, Inc.*,
    2020 WL 6059765 (S.D. Fla. Oct. 14, 2020) ................................................. 13

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)....................................................................................... 3, 6

*McCabe v. Foley, II*,
   233 F.R.D. 683 (M.D. Fla 2006) ................................................................... 14

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*,
   547 U.S. 71 (2006) ................................................................................... 11, 12

*Moore v. Potter*,
   141 Fed. Appx. 803 (11th Cir. 2005) ............................................................ 14

*Morgensen v. Body Cent. Corp.*,
   2014 WL 12621615 (M.D. Fla. June 12, 2014) ............................................. 11

*Moseley v. Sessions*,
   2017 WL 1682537 (S.D. Ga. May 1, 2017) .................................................... 15

*Neal v. Atlas Acquisitions, LLC*,
   2015 WL 12841062 (M.D. Fla. Feb. 24, 2015) ............................................ 6, 14

*Petrie v. Elec. Game Card, Inc.*,
   761 F.3d 959 (9th Cir. 2014) ......................................................................... 6

*Petrus v. Bowen*,
   833 F.2d 581 (5th Cir. 1987) ......................................................................... 6

*Power v. Williams*,
   2010 WL 431921 (M.D. Fla. Feb. 5, 2010) ..................................................... 15

*Rando v. GEICO*,
   2006 WL 8439443 (M.D. Fla. Dec. 4, 2006) ................................................... 14

*SEC v. W.J. Howey Co.*,
   328 U.S. 293 (1946) ..................................................................................... 10

*Sedona Corp. v. Ladenburg Thalmann*,
   2005 WL 2647945 (S.D.N.Y. Oct. 14, 2005) ..................................................... 8

*SG Cowen Secs. Corp. v. U.S. Dist. Ct.*,
   189 F.3d 909 (9th Cir. 1999) ........................................................................ 10

*In re Tupperware Brands Corp. Secs. Litig.*,
   2020 WL 3259749 (M.D. Fla. May 27, 2020) ............................................... 8, 12

*Union Cent. Life Ins. Co. v. Ally Fin., Inc.*,
   2012 WL 3553052 (S.D.N.Y. Aug. 17, 2012) ............................................. 2, 9, 10

*iii*

*Wayne Jacob's Smokehouse Distribution, LLC v. Munford*,
   2020 WL 588028 (E.D. La. Feb. 6, 2020) ........................................................ 10

*Zinn v. SCI Funeral Servs. of Fla., Inc.*,
   2013 WL 12080175 (S.D. Fla. Mar. 4, 2013) .................................................. 14

## Statutes

15 U.S.C. § 77z-1(b)(1) ...........................................................................*passim*

Cal. Corp. Code § 25401 ................................................................................... 16

Private Securities Litigation Reform Act ............................................................*passim*

Securities Act of 1933 §§ 5 and 12(a)(1) ..........................................................1, 5, 7

Securities Litigation Uniform Standards Act of 1998 ........................................... 12

## Other Authorities

Fed. R. Civ. P. 26(c) ........................................................................................... 3

Fed. R. Civ. P. 9(b) ........................................................................................... 16

Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse (collectively, "Ripple") hereby move this Court for an order staying discovery in this action until the Court rules on Ripple's Motion to Transfer, Dismiss, or Stay this Action, pursuant to the Private Securities Litigation Reform Act and the Court's inherent authority.

## I.    INTRODUCTION

Plaintiff Tyler Toomey commenced this copycat action against Ripple on January 25, 2021.  ECF No. 1.  Ripple promptly reached out to Plaintiff Toomey to indicate that this case should be transferred to the Northern District of California, where substantially-similar cases—filed against Ripple in federal and state courts across the country and originally pending since 2018—have been consolidated in the interests of judicial economy and efficiency (the "California Action").  Instead of consenting to transfer to the Northern District of California, as certain plaintiffs did in other cases, Plaintiff Toomey declined to transfer the case and proceeded to serve 133 discovery requests on Ripple.  He then filed a Second Amended Complaint ("SAC"), adding an additional plaintiff, adding new defendants (Kraken, Crypto.com, and related entities), and asserting federal claims for violations of Sections 5 and 12(a)(1) of the Securities Act of 1933 against solely the new defendants.  Ripple moved to transfer or dismiss the SAC concurrently with this Motion to Stay Discovery.

Ripple hereby moves for a stay of discovery on two separate and independent grounds.

First, federal law mandates a stay of discovery.  The Private Securities Litigation Reform Act ("PSLRA") requires the court to stay "all discovery" in "any private action" that arises under federal securities law during the pendency of a motion to dismiss.  15 U.S.C. § 77z-1(b)(1).  This is a "private action" that arises under federal securities law because Plaintiffs asserted federal securities claims in the SAC, and the PSLRA stay is automatically triggered by Ripple's filing of a motion to dismiss (contemporaneously with this motion).  The fact that Plaintiffs assert only state law claims against Ripple is irrelevant since, by statute, the PSLRA stay applies to the entire "action."  Courts routinely apply the PSLRA to stay discovery of pendant state claims, including discovery sought from defendants sued solely on state claims. *See, e.g.*, *Union Cent. Life Ins. Co. v. Ally Fin., Inc.*, 2012 WL 3553052, at *2 (S.D.N.Y. Aug. 17, 2012) (denying plaintiffs' request to commence discovery of defendants against whom they asserted no federal securities claims because the PSLRA applies to "federal securities *actions* (not claims)").

Second, a stay of discovery serves interests of judicial economy and efficiency by providing the Court an opportunity to consider Ripple's Motion to Transfer, Dismiss, or Stay Plaintiffs' Second Amended Complaint ("Ripple's Dispositive Motion") before discovery commences.  Ripple's Dispositive Motion could result in this entire case being transferred to the Northern District of California and consolidated with the substantially similar, earlier-filed cases now pending there, in which coordinated discovery has been actively ongoing for the last six months.  Parties in the California Action have produced documents, met-and-conferred regarding

discovery disputes, and fully briefed a motion to compel that was ultimately resolved by an agreement among the parties, in addition to fully briefing two motions to dismiss before discovery even began.  *See In re Ripple Labs Inc. Litig.*, No. 4:18-cv-06753-PJH, ECF No. 124, 129-34, 138, 140; *see also* Declaration of Suzanne Nero, ECF No. 45, Ex. A ¶¶ 7–10 (hereinafter "Nero Dec.").  Without a stay, Defendants will need to respond to simultaneous and significantly overlapping discovery before this Court has the opportunity to determine whether Plaintiffs' action should be transferred. Alternatively, Ripple's Dispositive Motion could result in the claims against Ripple being dismissed or narrowed in a manner that could impact the scope of discovery.

This action threatens to undermine years of efforts to conserve judicial resources and proceed in an efficient manner through the consolidation of multiple, similar lawsuits in the California Action.  Rule 26(c) and the inherent powers of this Court permit the Court to stay discovery for good cause.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); Fed. R. Civ. Pro. 26.  Here, good cause justifies a stay of discovery until the motion is decided to avoid prejudice and burden on Ripple and to avoid unnecessary and duplicative discovery that would be an inefficient use of this Court's resources.  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (acknowledging burdens that discovery imposes on litigants and courts).

## II.    RELEVANT PROCEDURAL HISTORY

Ripple's Dispositive Motion, filed concurrently with this Motion, provides an overview of the background and procedural history of this action and two related actions:  *In re Ripple Labs Inc. Litig.*, No. 4:18-cv-06753-PJH (N.D. Cal.) (referred to

herein as the California Action) and *Securities and Exchange Commission v. Ripple Labs Inc. et al.*, No. 20-cv-10832-AT-SN (S.D.N.Y.) (the "SEC Action"). Each of these lawsuits center on claims that Ripple allegedly violated federal and/or state law by selling XRP without having registered it as a security in accordance with applicable registration requirements, just as Plaintiffs allege here. Ripple incorporates that background by reference and briefly discusses the status of discovery in those actions below.

As Ripple's Dispositive Motion explains, all of the pending private lawsuits filed against Ripple (except for this case) have been consolidated in the California Action. Nero Dec. ¶¶ 4-6. Discovery in the California Action was automatically stayed under the PSLRA during the pendency of defendants' motions to dismiss. *Id.* ¶ 8. The PSLRA stay was lifted after the court ruled on defendants' second motion to dismiss, dismissing the lead plaintiff's consumer protection claims as well as nearly all allegations of material misstatements. *In re Ripple Labs*, ECF No. 115. The court's October 2020 ruling on Ripple's second motion to dismiss narrowed the case and, by extension, the scope of relevant discovery. The parties in the California Action have since been engaged in fact discovery for over six months. *Id.* ECF No. 124; Nero Dec. ¶ 9. Plaintiffs in the California Action served 103 discovery requests on Ripple, and the parties fully briefed, and ultimately resolved, a motion to compel. *Id.* ECF Nos. 129–34, 138, 140; Nero Dec. ¶¶ 9–10. The close of fact discovery is April 15, 2022. *In re Ripple Labs*, ECF No. 125.

The SEC Action is moving on a faster timeline agreed upon by the parties. *Securities and Exchange Commission v. Ripple Labs Inc. et al.*, No. 20-cv-10832-AT-SN, ECF No. 4.  Fact discovery is well underway and currently scheduled to be completed by July 2, 2021.   *Id.* at ECF. No. 48.   The parties have produced thousands of documents and multiple separate discovery motions have been briefed, argued, and resolved.  Nero Dec. ¶ 12.

Plaintiff Tyler Toomey commenced this action on January 25, 2021, nearly three years after the filing of the first private case and a little over a month after the SEC filed suit.  ECF. No. 1.[1]   Two days later, this Court struck Plaintiff Toomey's initial complaint as an improper shotgun pleading.  ECF No. 4.  Plaintiff Toomey filed his First Amended Complaint the very next day leaving his threadbare allegations virtually unchanged.  ECF No. 5.  After Ripple informed Plaintiff Toomey that it intended to seek a transfer of this case to the Northern District of California, Plaintiff Toomey served on Ripple *133 discovery requests*, including overbroad requests for documents, detailed interrogatories, and multiple requests for admission.  Nero Dec. ¶¶ 16-19.

Plaintiff Toomey then filed a Second Amended Complaint, ECF No. 26, adding an additional Plaintiff (Mr. Sergalis), additional defendants, and federal claims for violations of Sections 5 and 12(a)(1) of the Securities Act of 1933 against only the new defendants, thus directly implicating the PSLRA.

---

[1] As fully briefed in Ripple's Dispositive Motion, Plaintiff Toomey is a member of the putative class in the California Action.

Plaintiffs have declined to consent to either transfer or a stay of discovery.  Nero Dec. ¶¶ 18, 22.

## III.   LEGAL STANDARD

The PSLRA provides that in any private action arising under federal securities law, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 77z-1(b)(1).  The purpose of this provision is to permit discovery "in securities class actions only after the court has sustained the legal sufficiency of the complaint." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014) (quoting S.Rep. No. 104–98, at 14 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 693) (emphasis omitted).  The PSLRA's mandate is "automatic." *See, e.g.*, *Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1345 (11th Cir. 2008).  A stay is mandatory "unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." *Petrie*, 761 F.3d at 966 (quoting 15 U.S.C. § 78u–4(b)(3)(B)).

Additionally, "[c]ourts have broad discretion to stay proceedings as incidental to their power to control their own dockets." *Arkin v. Smith Med. Partners, LLC*, 2020 WL 1666158, at *2 (M.D. Fla. Apr. 3, 2020) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).  "Determining whether to impose a stay 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Id.* (quoting *Landis*, 299 U.S. at 254).  In particular, "[a] court has broad discretion to stay discovery 'until preliminary questions that may dispose of the case are determined.'" *Neal v.*

*Atlas Acquisitions, LLC*, 2015 WL 12841062, at *1 (M.D. Fla. Feb. 24, 2015) (quoting

*Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)).   "Because neither party needs

discovery before a court resolves a dispositive motion based solely on a legal matter,

staying discovery until then avoids potentially needless cost."   *Id.* (citing *Chudasama*,

123 F.3d at 1367).   Unnecessary early discovery can impose heavy burdens on both

parties and the court.   The Eleventh Circuit has explained:

> These burdens include the time spent searching for and compiling
> relevant documents; the time, expense, and aggravation of preparing for
> and attending depositions; the costs of copying and shipping documents;
> and the attorneys' fees generated in interpreting discovery requests,
> drafting responses to interrogatories and coordinating responses to
> production requests, advising the client as to which documents should be
> disclosed and which ones withheld, and determining whether certain
> information is privileged.   The party seeking discovery also bears costs,
> including attorneys' fees generated in drafting discovery requests and
> reviewing the opponent's objections and responses.   Both parties incur
> costs related to the delay discovery imposes on reaching the merits of the
> case.   Finally, discovery imposes burdens on the judicial system; scarce
> judicial resources must be diverted from other cases to resolve discovery
> disputes.

*Chudasama*, 123 F.3d at 1367–68.

## IV.   ARGUMENT

### A.   The PSLRA Mandates a Stay of Discovery.

The PSLRA provides that in any private "action" arising under federal

securities law, "*all discovery* and other proceedings *shall* be stayed during the pendency

of *any* motion to dismiss."   15 U.S.C. § 77z-1(b)(1) (emphasis added).   This case is an

"action" that arises under the federal securities laws because Plaintiffs assert claims

under Sections 5 and 12(a)(1) of the Securities Act of 1933.   SAC ¶¶ 277–84, 309–16.

Since Ripple's Dispositive Motion is now pending, the PSLRA operates to bar "all discovery" in the "action" until Ripple's motion is resolved.

*i*        ***The PSLRA's Stay Provision Applies to Ripple.***

There is no dispute that this action arises under federal securities law given that Plaintiffs asserted federal securities claims in the SAC against Ripple's co-defendants. Neither can there be any dispute that Ripple's Dispositive Motion triggers the PSLRA stay. Courts have held that "[a]s long as any defendant has filed a motion to dismiss . . . the PSLRA stays 'all discovery,' even discovery against answering, non-moving defendants." *In re CFS-Related Secs. Fraud Litig.*, 179 F. Supp. 2d 1260, 1263 (N.D. Okla. 2001). Indeed, even the mere contemplation of a motion to dismiss triggers a stay of discovery under the PSLRA. *Dusek v. JP Morgan Chase & Co.*, 2015 WL 12826483, at *1 n.3 (M.D. Fla. Jan. 21, 2015) ("There is no dispute that the PSLRA stay of discovery applies when an initial motion to dismiss is contemplated, but has not yet been filed." (quoting *Sedona Corp. v. Ladenburg Thalmann*, 2005 WL 2647945, *2 n.1 (S.D.N.Y. Oct. 14, 2005))); *see also In re Tupperware Brands Corp. Secs. Litig.*, 2020 WL 3259749, at *3 (M.D. Fla. May 27, 2020*), report and recommendation adopted*, 2020 WL 3259086 (M.D. Fla. June 16, 2020); *Albers v. Commonwealth Capital Corp.*, 2016 WL 9526453, at *1 (M.D. Fla. Dec. 15, 2016).

While it is true that Ripple moves solely to dismiss state law claims asserted against it in the SAC (as Plaintiffs strategically decided not to assert any federal claims against Ripple), the PSLRA provides that "any" motion to dismiss triggers a stay of discovery in the entire "action." Indeed, a motion to dismiss solely state law claims

8

triggered a PSLRA stay in the California Action.  In that case, the plaintiff's first consolidated complaint asserted both federal securities claims and state claims against Ripple.  The court denied Ripple's motion to dismiss plaintiff's federal securities claims but granted in part and denied in part dismissal of the state claims.  The plaintiff thereafter filed an amended consolidated complaint attempting to replead certain state law claims, and Ripple moved to dismiss solely the repleaded state law claims.  During the pendency of Ripple's second motion to dismiss—which concerned solely state claims—the PSLRA continued to stay discovery of the entire action.  *In re Ripple Labs*, ECF No. 99, at 1.

Plaintiffs have contended that the PSLRA discovery stay applies solely to discovery of the defendants against which it asserted federal claims—i.e., the Crypto.com and Kraken Defendants—but not to Ripple.  Nero Dec. ¶ 22.  This is incorrect.  The PSLRA stay applies to the entire "action," including discovery concerning pendant state law claims, regardless of whether such discovery is sought from any of the named defendants or third parties.

This precise issue was addressed in *Union Cent. Life Ins.,* 2012 WL 3553052.  In that case, a PSLRA stay was in place, and the plaintiffs sought to initiate discovery of defendants against whom no federal securities claims had been asserted.  The court denied the plaintiffs' request for discovery of those defendants, noting that the PSLRA's stay "expressly applies to federal securities *actions* (not claims) arising under the [federal securities laws]."  *Id*. at *2.  The court in *Union Central* noted that the plaintiff "clearly perceived some advantage" in bringing together, in one action,

federal securities claims against certain defendants and only state claims against others. Having done so, the plaintiffs "must accept the cost of their decision." *Id.* at 4. That cost was being subject to the PSLRA stay.

The court's ruling in *Union Central* is consistent with the conclusion, reached by many courts, that the PSLRA stay applies to pendant state law claims. *See, e.g.*, *SG Cowen Secs. Corp. v. U.S. Dist. Ct.*, 189 F.3d 909, 913 n.1 (9th Cir. 1999) ("Congress' attempt to address [concerns of discovery abuse] would be rendered meaningless if securities plaintiffs could circumvent the stay simply by asserting pendent state law claims in federal court in conjunction with their federal law claims." (alteration in original) (internal quotation marks omitted)). Since Plaintiffs' state law claims against Ripple are closely related to its federal securities claims—all of which turn on the question of whether Ripple's distributions of XRP constitute "investment contracts" under *SEC v. W.J. Howey Co.*, 328 U.S. 293, 299 (1946)—the PSLRA stay would be virtually meaningless if discovery were permitted to proceed on state law claims. *See Wayne Jacob's Smokehouse Distribution, LLC v. Munford*, 2020 WL 588028, at *3–4 (E.D. La. Feb. 6, 2020) (extending PSLRA stay to plaintiffs' state law claims that were "merely state analogs to Plaintiffs' claim for federal securities violations" (internal citation omitted)); *All Am. Res., LLC v. Calais Res., Inc.*, 2014 WL 5025917, at *2 (D. Nev. Oct. 8, 2014) ("[A]ll of the claims [including pendant state law claims] arise from the same nucleus of events and therefore the statutory stay operates so as to bar discovery until the motion to dismiss . . . is decided); *Angell Invs., LLC v. Purizer Corp.*, 2001 WL 1345996, at *1–2 (N.D. Ill. Oct. 31, 2001) (holding that allowing plaintiffs

to conduct discovery on a state law claim that was "related closely" to their federal securities claim "would be an improper end run around the PSLRA").

Since the PSLRA stay applies to the entire action, including discovery concerning state law claims, the stay applies to *all* discovery.  The stay applies not only to discovery of defendants like Ripple, but even to discovery from third parties.  *In re Carnegie Int'l Corp. Secs. Litig.*, 107 F. Supp. 2d 676, 678 (D. Md. 2011) (rejecting argument that PSLRA applies only to named defendants and denying third-party discovery during pendency of PSLRA stay).  Simply put, there is no carve-out in the PSLRA stay for discovery requests sought of named defendants who are sued solely on state law claims.  By statute, the stay applies to "all discovery" in the "action."  15 U.S.C. § 77z-1(b)(1).

### ii     *Plaintiffs are Improperly Attempting to Circumvent the PSLRA.*

It is fair to ask why Plaintiffs chose to serve discovery requests on Ripple just before filing a SAC asserting federal securities claims against the Crypto.com and Kraken Defendants but *not* against Ripple.  If the purpose was to (try to) avoid the PSLRA, such gamesmanship should not be rewarded.  Congress passed the PSLRA to target "perceived abuses of the class-action vehicle" in private securities litigation. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 81 (2006).  "Congress found that, prior to passage of the PSLRA, plaintiffs in private securities actions had often used discovery as a fishing expedition for evidence to support their routinely-filed claims, or as a tool to force settlement of meritless cases."  *Morgensen v. Body Cent. Corp.*, 2014 WL 12621615, at *1 (M.D. Fla. June 12, 2014).  To curb these abuses, the

PSLRA established safeguards to protect against frivolous litigation, including a stay of discovery pending resolution of any motion to dismiss. *Merrill Lynch*, 547 U.S. at 81. The automatic stay serves two main purposes: (1) to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss the complaint; and (2) to avoid the situation in which a plaintiff sues without possessing the requisite information to satisfy the PSLRA's heightened pleading requirements, then uses discovery to acquire that information and resuscitate a complaint that would otherwise be dismissed. *In re Tupperware,* 2020 WL 3259749, at *3 n.5 (citations omitted).

Soon after passage of the PSLRA, Congress observed that "plaintiffs and their representatives began bringing class actions under state law" in order to avoid the obstacles of the PSLRA. *Id.* at 82. In order to "prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of" the PSLRA, Congress passed the Securities Litigation Uniform Standards Act of 1998, or "SLUSA." *Id.* In doing so, Congress communicated a clear intent that the safeguards it had passed should not be circumvented by strategic and artful pleading.

Plaintiffs appear to be engaged in the sort of artful pleading that concerned Congress. Plaintiffs' SAC actually alleges a violation of federal law against Ripple, *see* SAC ¶ 243 (alleging that Ripple failed "to file a registration statement in accordance with the Act *and federal law*") (emphasis added), but they strategically declined to assert a federal claim against Ripple. Nonetheless, the core of Plaintiffs' claims against each defendant is whether distributions of XRP constitute "investment contracts" under

*Howey*.  *See, e.g.*, SAC ¶¶ 231 (Count I), 243 (Count II), 250 (Count III), 255 (Count IV), 261 (Count V), 267 (Count VI), 273 (Count VII), 279 (Count VIII), 291 (Count XIX [sic]), 301 (Count X), 307 (Count XI), 311 (Count XII), 323 (XIII), 333 (XIV), 339 (Count XV).  Discovery into that question will dominate the case, regardless of whether the discovery is served on Ripple in connection with the state law claims or served on Kraken or Crypto.com in connection with the federal claims.  To give the stay provision meaningful effect, the PSLRA broadly provides that "all discovery and other proceedings shall be stayed during the pendency of a motion to dismiss" and applies to "any private action" (not claim) arising under the federal securities law.  15 U.S.C. § 77z-1(b)(1).  If Plaintiffs are permitted to proceed with discovery against Ripple, particularly before Crypto.com and Kraken have even responded to the SAC, the purposes of the PSLRA and SLUSA will be frustrated.

## B.    A Stay is Warranted Pursuant to the Court's Inherent Powers.

An independent basis for staying discovery exists because Ripple's Dispositive Motion may completely dispose of this action.  It may do so either through dismissal of the action or transfer to the Northern District of California where related private actions concerning the same nucleus of facts have already been consolidated.  To obtain a stay of discovery, the moving party must show "reasonableness and good cause."  *Lacroix v. Lejeune Auto Wholesale, Inc.*, 2020 WL 6059765, at *2 (S.D. Fla. Oct. 14, 2020).  Courts have found good cause to stay discovery when a motion to dismiss or transfer may eliminate the action or claims.  *Fond De Proteccion Social De Los Depositos Bancarios v. Diaz Reus & Targ, LLP*, 2016 WL 10952495, at *1 (S.D. Fla. Dec. 29, 2016)

13

("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay." (citing *Chudasama*, 123 F.3d at 1366)); *Rando v. GEICO*, 2006 WL 8439443, at *2 (M.D. Fla. Dec. 4, 2006) (granting a stay of discovery until resolution of a motion to dismiss or transfer under the first-filed rule).  There are "strong policy and practical reasons for determining whether a complaint states a viable claim for relief before the parties engage in discovery," *Zinn v. SCI Funeral Servs. of Fla., Inc.*, 2013 WL 12080175, at *2 (S.D. Fla. Mar. 4, 2013), and the Eleventh Circuit has affirmed decisions to stay discovery during the pendency of a potentially dispositive motion. *See Moore v. Potter*, 141 Fed. Appx. 803, 807–08 (11th Cir. 2005) (affirming stay of discovery during pendency of motion to dismiss (citing *Chudasama*, 123 F.3d at 1367)); *see also Neal*, 2015 WL 12841062 (granting stay pending motion to dismiss or transfer); *Rando*, 2006 WL 8439443 (same); *McCabe v. Folye, II*, 233 F.R.D. 683 (M.D. Fla 2006) (granting stay pending motion to dismiss).

To determine whether a motion to dismiss may dispose of an action, courts preliminarily review the merits to see if defendants "would be unduly prejudiced if required to respond to discovery" before a ruling on the motion. *Zinn*, 2013 WL 12080175, at *2.  Here, there is a dispositive motion pending, which the Court may review to assess its merit.[2]  There is good cause for a stay because Plaintiffs' discovery requests impose a burden on Defendants that would be obviated if this case were to be dismissed or transferred to the Northern District of California and consolidated with

---

[2] Ripple's motion to transfer also applies to Plaintiffs' claims against the defendants who were newly added to in Plaintiffs' SAC—Kraken, Crypto.com, and related entities.

the California Action, where discovery is proceeding in a coordinated fashion. Discovery disputes have already been presented to the court in the California Action and were resolved by agreement among the parties. It would make little sense for discovery to commence here before this Court has had the opportunity to consider whether transfer to that venue is appropriate. Plaintiffs' discovery requests are voluminous and burdensome, and a stay is warranted to prevent Defendants from incurring potentially unnecessary costs.

Finally, even if this case is not dismissed or transferred, dismissal of a subset of Plaintiffs' claims has the potential to meaningfully narrow the scope of discovery, further justifying a stay. *Moseley v. Sessions*, 2017 WL 1682537, at *2 (S.D. Ga. May 1, 2017) ("Even a partial grant of the Motion to Dismiss could narrow the issues which the parties must address in discovery and perhaps reduce the scope of discovery."); *Power v. Williams*, 2010 WL 431921, at *1 (M.D. Fla. Feb. 5, 2010) ("[A] stay in discovery is appropriate to avoid unnecessary costs on the litigants and the courts where, as here, those costs would be compounded if the parties were to engage in discovery on the state law claims now and then engage in discovery on the securities fraud claims later."). This, in fact, is precisely what occurred in the California Action. The lead plaintiff sought to lift the stay of discovery under the PSLRA between Defendants' first and second motions to dismiss, but the court denied the request and discovery remained stayed until after resolution of Defendants' second motion to dismiss, which concerned solely state law claims. *In re Ripple Labs*, ECF No. 99 at 5–8; *id.*, ECF No. 100 at 1. In ruling on Defendants' second motion to dismiss, the court

15

dismissed all of plaintiff's consumer protection claims and dismissed his Cal. Corp. Code § 25401 claims as to all but one alleged misstatement on Rule 9(b) grounds, substantially narrowing the scope of discovery. *Id.*, ECF No. 115 at 22. Since a similar result is possible here, there is good cause for a stay.

### C.   A Stay Will Not Cause Prejudice or Unnecessary Delay.

A temporary stay of this matter until Ripple's Dispositive Motion has been resolved will not cause prejudice or unnecessary delay. Plaintiffs proposed, and the Court adopted, a discovery schedule that stretches into 2022, with trial in 2023. ECF No. 25 at 1–2; ECF No. 28. A stay of discovery until after the Court issues a decision on Ripple's Dispositive Motion will not impact this schedule. In contrast, allowing discovery to proceed on Plaintiffs' 133 pending discovery requests could easily impose an unnecessary burden on both Ripple and this Court.

## V.   CONCLUSION

For the foregoing reasons, Ripple respectfully requests the Court stay all discovery in this action until it resolves Ripple's Motion to Transfer, Dismiss, or Stay Plaintiffs' Second Amended Complaint.

DATED: April 26, 2021       Respectfully submitted,

*/s/ Damien J. Marshall*

DAMIEN J. MARSHALL (FBN: 191302)
dmarshall@kslaw.com
**KING & SPALDING LLP**
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 566-2100; Fax: (212) 556-2222

SUZANNE E. NERO (pro hac vice)
snero@kslaw.com
**KING & SPALDING LLP**
50 California Street
Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

ANDREW J. CERESNEY (pro hac vice)
aceresney@debevoise.com
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

I certify that, pursuant to Local Rule 3.01(g), counsel for Defendants conferred with counsel for Plaintiffs prior to the filing of this motion, and counsel for Plaintiffs stated that Plaintiffs oppose this motion.

*/s/ Damien J. Marshall*
Damien J. Marshall

17

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 26th day of April, a copy of the foregoing was electronically filed with the Clerk of this Court using the CM/ECF system, which will notify all counsel of record.

*/s/ Damien J. Marshall*
Damien J. Marshall
