UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| TYLER TOOMEY and MARKAS SERGALIS, on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>RIPPLE LABS INC., XRP II, LLC, BRADLEY GARLINGHOUSE, MCO MALTA DAX LIMITED (D/B/A CRYPTO.COM), FORIS DAX GLOBAL LIMITED (D/B/A CRYPTO.COM), FORIS DAX, INC., FORIS, INC., PAYWARD, INC. D/B/A KRAKEN<br><br>　　　　　　　Defendants. | Civil Action No. 3:21-cv-00093 |

**RIPPLE'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY**

　　Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse (collectively, "Ripple") respectfully submit this Reply Memorandum of Law in further support of Ripple's Motion to Stay Discovery pending resolution of the Court's ruling on Ripple's Motion to Transfer, Dismiss, or Stay this action.

**I.　　The PSLRA Applies to the State Law Claims Asserted Against Ripple.**

　　Plaintiffs' opposition fails to establish why the automatic stay provision of the Private Securities Litigation Reform Act ("PSLRA") does not apply to this action. Plaintiffs first contend that application of the PSLRA stay should be evaluated separately as to each defendant, and that it does not apply to a defendant, like Ripple, against whom only state law claims are asserted. This position is contradicted by the text of the PSLRA, which stays "all discovery" in the action. If a federal securities claim is asserted against any defendant, the PSLRA stay applies, and the statute

provides no carve-out for discovery to continue against certain defendants but not others. In each of the cases cited by Plaintiffs, the PSLRA stay did not apply because no federal securities law claims were asserted against *any* defendant. *See Koock v. Sugar & Felsenthal*, LLP, No. 8:09-CV-609-T-17EAJ, 2009 WL 2579307, at *1 (M.D. Fla. Aug. 19, 2009) ("The PSLRA has no application to actions in which only state law claims are alleged."); *Hillis v. Heineman*, 2009 WL 798872, at *2 (D. Ariz. Mar. 25, 2009) (same); *Levinson v. Pscc Servs., Inc.*, 2009 WL 10690157, at *2 (D. Conn. Sept. 16, 2009) (same). Here, of course, federal securities laws are pleaded against MCO Malta Dax Limited (d/b/a Crypto.com), Foris Dax Global Limited (d/b/a Crypto.com), Foris Dax, Inc., Foris, Inc. (collectively, the "Crypto.com" Defendants).

Plaintiffs next contend that the PSLRA does not stay discovery for state law claims supported by diversity jurisdiction, but again, the plain language of the PSLRA provides no such carve-out. It stays "all discovery." 15 U.S.C. § 77z-1(b)(1). The case on which Plaintiffs primarily rely, *Tobias,* has been subject to criticism, and numerous courts have declined to follow it. *See, e.g.*, *In re Gas Nat., Inc.*, No. 1:13-CV-02805, 2014 WL 12591691, at *3 (N.D. Ohio Apr. 3, 2014) ("*Tobias Holdings* is an outlier that other courts have generally declined to follow."); *Salameh v. Tarsadia Hotels*, No. 09CV2739 DMS (BLM), 2012 WL 12941995, at *4 (S.D. Cal. July 2, 2012) ("Furthermore, the approach adopted in . . . *Tobias Holdings* . . .where discovery was allowed to proceed in pendent state claims, has been rejected in the Ninth Circuit." (citing *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of CA*, 189 F.3d 909, 913 (9th Cir. 1999))); *Gardner v.*

*Major Auto. Companies*, No. 11-CV-1664 FB, 2012 WL 1230135, at *5 (E.D.N.Y. Apr. 12, 2012) ("[T]his Court respectfully disagrees with the reasoning set forth in *Tobias*, and . . . finds that the text of the PSLRA supports a stay of discovery as to each of plaintiffs' claims.").

Even within the Southern District of New York, *Tobias* is an "outlier" that other courts "generally have not followed." *Union Central Life Ins. Co. v. Ally Fin., Inc.*, No. 11 CIV. 2890 GBD JCF, 2012 WL 3553052, at *3 (S.D.N.Y. Aug. 17, 2012). It is in tension with a previous case in the Southern District, *In re Trump Hotel*, "which held that neither the text nor the legislative history of the PSLRA exempts from its stay federal securities actions that also include diversity of jurisdiction and pendent state law claims." *Id.* at *2 (citing *In re Trump Hotel Shareholder Derivative Litigation*, No. 96 Civ. 7820, 1997 WL 442135, at *2 (S.D.N.Y. Aug. 5, 1997)).

While many courts decline to follow *Tobias* because it is inconsistent with the plain language of the PSLRA, certain courts have further noted that *Tobias* involved a rare situation where the state law claims were "separate and distinct breach of contract and tortious interference claims" that, unlike the federal securities law claims, did not sound in fraud. *Tobias*, 177 F. Supp. 2d at 166. Here, in contrast, Plaintiffs' state law claims sound in fraud and misrepresentation.  They are based on the same core allegation—that Ripple sold or otherwise distributed XRP without registering it as a security subject to the federal securities laws—that underpins their federal securities claims. Accordingly, *Tobias* is inapposite. *See All Am. Res., LLC v. Calais Res., Inc.*, No.

3

3:14-CV-00442-LRH, 2014 WL 5025917, at *2 (D. Nev. Oct. 8, 2014) (finding citation to *Tobias* unfitting because "the common thread throughout each of [plaintiff's] claims is the issuance of stock . . . [c]learly, all of the [state law] claims arise from the same nucleus of events and therefore the statutory stay operates so as to bar discovery until the motion to dismiss is decided." (citation omitted)); *In re Adelphia Communications Corp.*, 293 B.R. 337, 355–56 (Bankr. S.D.N.Y. 2003) (refusing to extend *Tobias* where all claims asserted by plaintiffs "were either claims under the federal securities laws or for one kind or another of fraud"); *Benbow v. Aspen Technology, Inc.*, No. Civ.A. 02–2881, 2003 WL 1873910, at *5 (E.D. La. April 11, 2003) (finding the PSLRA's stay provision applicable to related state law claims even "[a]ssuming arguendo that the rationale underpinning the holding of [*Tobias*] . . . stands on firm ground."); *Wayne Jacob's Smokehouse Distribution, LLC. v. Munford*, No. CV 18-5942-WBV-JVM, 2020 WL 588028, at *4 (E.D. La. Feb. 6, 2020) ("[T]his Court in *Benbow* specifically found *Tobias Holdings, Inc. v. Bank United Corp.* unpersuasive.").

In sum, the plain language of the PSLRA and the weight of authority supports application of a stay regardless of whether Plaintiffs' state law claims are supported by diversity jurisdiction.

## II. Discovery Should Be Stayed Pending Resolution of Ripple's Motion to Transfer.

In deciding Ripple's motion to transfer this case to the Northern District of California, one factor the Court will consider is the overlap of the parties between this action and the related, substantially similar cases now pending there. After Ripple filed

4

the instant Motion to Stay, Plaintiffs voluntarily dismissed a defendant, Payward Inc. d/b/a Kraken, from this action. With the dismissal of Kraken, the only defendants remaining in this case are the Ripple defendants (who are also defendants in the cases consolidated in the Northern District of California) and the Crypto.com defendants. The Crypto.com defendants who remain in this case are foreign entities that have not yet been served. Accordingly, the dismissal of Kraken increases the overlap of the parties between this case and those pending in California, which further supports issuance of a stay pending the Court's resolution of Defendants' motion to transfer.[1]

Good cause for a stay exists. Plaintiffs fail to show that they would suffer any prejudice from a stay, while Ripple would face a burden of responding to 113 overbroad discovery requests. The Court, too, may be subjected to burden, as at least two of Plaintiffs' requests—concerning Ripple's communications with the SEC as well as its document retention polices—are identical to requests made in the California Action that were subject to a fully-briefed motion to compel, which the parties resolved. *In re Ripple Labs*, No. 4:18-cv-06753-PJH, ECF Nos. 129 at 7, 141. There is no need to duplicate that exercise here.

For the foregoing reasons, Ripple requests that the Court confirm that the automatic stay of discovery under the PSLRA applies or grant a stay of discovery pending this Court's ruling on Ripple's Motion to Transfer, Dismiss, or Stay.

---

[1] Ripple intends to seek leave to file a reply in further support of its motion to dismiss and will respond fully to Plaintiffs' arguments concerning the merits of that motion therein.

DATED: May 27, 2021                    Respectfully submitted,

*/s/ Damien J. Marshall*
DAMIEN J. MARSHALL (FBN: 191302)
dmarshall@kslaw.com
**KING & SPALDING LLP**
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 566-2100; Fax: (212) 556-2222

SUZANNE E. NERO (pro hac vice)
snero@kslaw.com
**KING & SPALDING LLP**
50 California Street
Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

ANDREW J. CERESNEY (pro hac vice)
aceresney@debevoise.com
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

## CERTIFICATE OF SERVICE

I certify that on this 27th day of May 2021, a copy of the foregoing was electronically filed with the Clerk of this Court using the CM/ECF system, which will notify all counsel of record.

*/s/ Damien J. Marshall*
Damien J. Marshall