# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| TYLER TOOMEY and MARKAS SERGALIS, on behalf of themselves and all others similarly situated,<br><br>                      Plaintiffs,<br><br>v.<br><br>RIPPLE LABS, INC., XRP II, LLC, BRADLEY GARLINGHOUSE, MCO MALTA DAX LIMITED (D/B/A CRYPTO.COM), FORIS DAX GLOBAL LIMITED (D/B/A CRYPTO.COM), FORIS DAX, INC., FORIS, INC.,<br><br>                      Defendants. | Case No. 3:21-cv-00093-BJD-JBT |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF PLAINTIFF TYLER TOOMEY TO APPOINT LEAD PLAINTIFF AND APPROVE HIS SELECTION OF LEAD COUNSEL**

# **TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ........................................................................1

II. ARGUMENT ..............................................................................1

    A. The Procedure Required by the PSLRA ...............................1

    B. Plaintiff is Willing to Serve as Class Representative and Has Satisfied the Notice Requirement ............................3

    C. Plaintiff Has The Largest Financial Interest ..........................4

    D. Plaintiff Satisfies The Requirements of Rule 23 ...................5

        1. Plaintiff's Claims are Typical of the Claims of all Class Members ................................................................... 6

        2. Plaintiff Will Adequately Represent the Class ............... 7

    E. Plaintiff's Counsel Should Be Appointed Lead Counsel ......9

III. CONCLUSION .........................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Fischler v. AMSouth Bancorporation*,
   1997 WL 118429 (M.D. Fla. Feb. 6, 1997)......................................................................6

*Haung v. Acterna Corp.*,
   220 F.R.D. 255 (D. Md. 2004) ........................................................................................6

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008).....................................................................................6

*In re Milestone Sci. Sec. Litig.*,
   183 F.R.D. 404 (D.N.J. 1998) .........................................................................................6

*Newman v. Eagle Bldg. Techs.*,
   209 F.R.D. 499 (S.D. Fla. 2002) .....................................................................................4

*Plymouth Cty. Ret. Sys. v. Carter's, Inc.*,
   2009 WL 692141 (N.D. Ga. Mar. 13, 2009).............................................................. 6, 7, 9

*Sheet Metal Workers Loc. 28 Pension Fund v. Off. Depot, Inc.*,
   2008 WL 1943955 (S.D. Fla. May 2, 2008)..................................................................4, 5

**STATUTES**

15 U.S.C. §77z-1 ................................................................................................. *passim*

**RULES**

Fed.R.Civ.P. 23 .................................................................................................... *passim*

**I.     INTRODUCTION**

Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 77z-1, Plaintiff Tyler Toomey ("Plaintiff") hereby moves this Court for an Order appointing him as Lead Plaintiff in the present action and appointing his counsel, Bursor & Fisher, P.A. as Lead Counsel, as it relates to the federal securities claims against MCO Malta Dax Limited (d/b/a Crypto.com), Foris Dax Global Limited (d/b/a Crypto.com), Foris Dax, Inc. and Foris, Inc. (collectively, the "Crypto.com Defendants").

Plaintiff has satisfied each of the requirements of the PSLRA and is presumptively the most adequate plaintiff as he has the largest financial interest in the action. Moreover, Plaintiff satisfies the requirements of Rule 23 of the FRCP in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class. In addition, Plaintiff's chosen counsel, Bursor & Fisher, P.A., should be approved as the firm has substantial expertise and experience in the litigation of large, complex class actions in jurisdictions across the country.

**II.    ARGUMENT**

   **A. The Procedure Required by the PSLRA**

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 77z-1(a)(3)(B)(ii). The PSLRA establishes the

procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(1).

The plaintiff who files the initial action must publish notice to the class within 20-days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

>    (aa) has either filed the complaint or made a motion in response to a notice;
>
>    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not

fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, Plaintiff satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him. Therefore, Plaintiff is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in this action.

### B. Plaintiff is Willing to Serve as Class Representative and Has Satisfied the Notice Requirement

In accordance with the PSLRA notice requirement, on April 2, 2021, Plaintiff caused notice to be published on *Business Wire* pursuant to Section 21D(a)(3)(A) of the Exchange Act. *See* Declaration of Sarah N. Westcot ("Westcot Decl.") ¶ 3, Ex. A (Notice of Class Action Lawsuit). In the notice, counsel announced that it had filed a class action lawsuit on behalf of all persons in the United States or its Territories "who purchased XRP through Crypto.com, all persons or entities in the State of Florida who purchased XRP through Crypto.com, all persons or entities who purchased XRP through Kraken, and all persons or entities in the State of Florida who purchased XRP through Kraken," from January 25, 2018 through the present (the "Class Period"). *Id*. The notice stated that potential class members had until June 1, 2021 (which is 60 days from the date of the press release) to seek to be appointed lead plaintiff. Plaintiff now timely files his motion pursuant to the Notice.

3

### C. Plaintiff Has The Largest Financial Interest

"The most important factor in determining the lead plaintiff is the amount of financial interest claimed." *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002); 15 U.S.C. § 77z-1(a)(3)(B)(iii).  "In determining the largest financial interest, courts consider: (1) the number of shares purchased during the class period; (2) the amount of the investment, and (3) the 'alleged losses.'" *Sheet Metal Workers Loc. 28 Pension Fund v. Off. Depot, Inc.*, 2008 WL 1943955, at *2 (S.D. Fla. May 2, 2008).

In this case, the financial relief sought is based on loses sustained by in connect with class members' purchases of XRP.  At this early stage, each plaintiffs' transaction volume provides an estimate for purposes of determining the movant with the largest financial interest.  The movant with the largest financial interest who meets the requirements of typicality and adequacy under Rule 23 is presumptively the lead plaintiff.

 As demonstrated herein, Plaintiff Toomey has the largest known financial interest in the relief sought by the Class.  Plaintiff Toomey has sustained a loss of $48.56, or just over 50% of his initial investment.  SAC ¶ 20.  Plaintiff Toomey complied with the PSLRA by setting forth his transaction history of XRP purchases through the Crypto.com application:

| Security | Transaction (Purchase/Sale) | Quantity | Date | Dollar Value |
|---|---|---|---|---|
| XRP | Purchase | 135 | 11/24/20 | $97.80 |
| XRP | Sale | 33.1 | 12/7/20 | $20 |
| XRP | Sale | 101.9 | 12/28/20 | .0383 ETH ($28.56) |

*See* Dkt. No. 33, Exhibit A.

Plaintiff Toomey purchased his XRP through Crypto.com. *Id.* As such, Plaintiff has suffered the largest financial loss as a result of the Crypto.com Defendants' conduct. Plaintiff Toomey's losses are typical of other holders of XRP who were similarly damaged.

### D. Plaintiff Satisfies The Requirements of Rule 23

According to 15 U.S.C. §77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23,

only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Fischler v. AMSouth Bancorporation*, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997). Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See e.g. In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *In re Cavanaugh*, 306 F.3d at 732; *Haung v. Acterna Corp.*, 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Plaintiff satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

**1. Plaintiff's Claims are Typical of the Claims of all Class Members**

"Under Rule 23, typicality is present when the lead plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of other class members." *Plymouth Cty. Ret. Sys. v. Carter's, Inc.*, 2009 WL 692141, at *2 (N.D. Ga. Mar. 13, 2009). "Claims need not be identical to be typical." *Id.*

Here, Plaintiff plainly meets the typicality requirement of Rule 23 because (i) he has suffered the same injuries as the absent class members; (ii) he has suffered as

a result of the same set of wrongful conduct by Defendants; and (iii) his claims are based on the same legal issues. Indeed, Plaintiff's claims are functionally identical to the claims possessed by other Class members. Plaintiff's claims are typical of those of the other class members because all class members bring claims under federal securities laws for purchase of unregistered securities, specifically XRP. Said another way, the Crypto.com Defendants' actions affected all class members identically, namely each class member purchased unregistered securities through the Crytpo.com application. There is no defense relevant to Plaintiff that is unique to Plaintiff. Further, Plaintiff's interests are not in conflict with the interests of any other class member. *Id.* at *3 ("Plaintiff can adequately represent a class of investors because it has no interests that conflict with other class members . . ."). Accordingly, Plaintiff satisfies the typicality requirement of Rule 23(a)(3).

### 2. Plaintiff Will Adequately Represent the Class

Moreover, Plaintiff is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §77z-1(a)(3)(B).

Plaintiff's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Plaintiff's interests and those of the Class, but Plaintiff has a significant and compelling interest in prosecuting the action based on the financial losses he has suffered as a result of the wrongful conduct alleged in the action. Indeed, Plaintiff has certified that he is willing to serve as representative plaintiff, including attending deposition and trial. (*See* Dkt. No. 33 ¶ 3). This motivation, combined with Plaintiff's identical interest with the members of the Class, demonstrates that Plaintiff will vigorously pursue the interests of the Class. In addition, Plaintiff has retained counsel highly experienced in prosecuting complex class actions and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v). Therefore, Plaintiff will prosecute the action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Plaintiff has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). In addition, because Plaintiff has the largest financial stake in the outcome of the litigation, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 77z-1(3)(B)(iii)(I) and should be appointed as such to lead the action.

### E. Plaintiff's Counsel Should Be Appointed Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Plaintiff has selected Bursor & Fisher, P.A. ("Bursor & Fisher") as the proposed Lead Counsel for the Class. Bursor & Fisher has extensive experience in the management and litigation of complex nationwide class actions and is well qualified to represent the Class. *See* Westcot Decl. ¶ 5, Ex. C (Bursor & Fisher, P.A. Firm Resume). Bursor & Fisher lawyers have been court-appointed counsel or interim class counsel in more than 30 class actions. *See Id*. Bursor & Fisher has an active securities practice, and is presently litigating matters involving federal securities laws. Indeed, Plaintiff's counsel, Bursor & Fisher, was recently appointed as lead counsel in another securities action by Judge Yvonne Gonzalez Rogers in the Northern District of California. *See* 4/12/21 Order (Dkt. No. 55), *Kwon v. Robinhood Financial LLC et al*, Case No. 4:20-cv-09328-YGR (N.D. Cal).[1]

Given proposed Lead Counsel's qualifications, this Court should approve Plaintiff's choice of counsel.

---

[1] The Order is attached to the Westcot Dec. as Exhibit B.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court appoint him as Lead Plaintiff and approve his selection of Bursor & Fisher, P.A. as Lead Counsel.

Dated: June 1, 2021                                 Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Sarah N. Westcot*
         Sarah N. Westcot

Sarah N. Westcot (FBN: 1018272)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Attorney for Plaintiffs*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(3)

Pursuant to Local Rule 7.1(A)(3), counsel for Plaintiffs have made a good faith effort to confer with all interested parties. However, because the Crypto.com entities have not appeared, Plaintiff has been unable to confer with Crypto.com regarding the substance of this motion. Plaintiffs reached out to Ripple on Friday, May 28 to inquire as to Ripple's position on this motion. As of the time of the filing, Ripple's counsel indicated that it was conferring with its clients and had not yet provided its position on the motion.

By: */s/ Sarah N. Westcot*
Sarah N. Westcot

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Sarah N. Westcot*
Sarah N. Westcot