UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| TYLER TOOMEY and MARKAS SERGALIS, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>RIPPLE LABS INC., XRP II, LLC, BRADLEY GARLINGHOUSE, MCO MALTA DAX LIMITED (D/B/A CRYPTO.COM), FORIS DAX GLOBAL LIMITED (D/B/A CRYPTO.COM), FORIS DAX, INC., FORIS, INC., PAYWARD, INC. D/B/A KRAKEN<br><br>        Defendants. | Civil Action No. 3:21-cv-00093 |

**UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY**

Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse (collectively, "Ripple") hereby respectfully move for leave to file, no later than seven (7) days after the grant of this Motion, a reply of no more than seven (7) pages to Plaintiffs' Opposition to Ripple's Motion to Transfer, Dismiss, or Stay (ECF No. 56). Ripple primarily seeks leave from the Court (a) to distinguish cases upon which Plaintiffs purport to rely, and (b) to address why recent developments in the case support its transfer to the Northern District of California.

First, Ripple has moved to transfer this case to the Northern District of California pursuant to the "first-to-file" rule because numerous private actions against Ripple have been consolidated there. All of the cases now consolidated in California—some of which were filed three years ago—concern the same legal issue that lies at the

heart of this case, namely, whether Ripple's distributions of XRP constitute "investment contracts" under *Howey*. *SEC v. W.J. Howey Co.*, 328 U.S. 293, 299 (1946). In their Opposition (at pages 6–7), Plaintiffs excerpt quotes from five different cases but omit the facts and circumstances that render each of the cases clearly distinguishable. For example, Plaintiffs reference *Owens v. Blue Tee Corp.*, 177 F.R.D. 673, 679 (M.D. Ala. 1998) as an example of a case where the first-to-file rule did not apply, but they fail to note that in *Owens*, two of the parties (Owens and Drill Master) had been dismissed from the earlier-filed action for lack of personal jurisdiction. It would, of course, make no sense to transfer a case to a court that lacked personal jurisdiction over certain of the parties, but that is not an issue here.

Briefly, another case relied upon by Plaintiffs that Ripple seeks an opportunity to fully distinguish is *Poertner v. Gillette Co.*, 2012 WL 12898875 (M.D. Fla. July 9, 2012). In *Poertner*, there was no overlap among the plaintiffs in the cases at issue: The first-filed case was brought on behalf of a class of California residents, and the later-filed case (by just 10 days) was brought on behalf of Florida residents. *The two classes did not overlap at all.* Here, in contrast, the first-filed case is brought on behalf of a putative class (all purchasers of XRP) that subsumes Plaintiffs and the entire class they seek to represent.

Second, Ripple seeks leave to address why recent developments in this case further support its transfer. Plaintiffs recently voluntarily dismissed one of the defendants, Payward, Inc. d/b/a Kraken (*see* ECF No. 48), and in their Opposition brief, Plaintiffs disclosed that Plaintiff Toomey "has very recently moved to

2

Colorado." (ECF No. 56 at n.1). Both of these developments support transferring this case to the Northern District of California (where, ironically, the lead plaintiff *is* a Florida resident). All that remains here, before this Court, is duplicative litigation unnecessarily burdening the Court and that needlessly adding to Ripple's legal expenses. Indeed, saddling Ripple with additional legal expenses may well be the reason that Plaintiffs filed the suit in this jurisdiction rather than joining the litigation in California which is already well into discovery.

Accordingly, Ripple respectfully requests that this Court grant it leave to file a reply brief in further support of its Motion to Transfer, Dismiss, or Stay.

DATED: June 3, 2021

Respectfully submitted,

*/s/ Damien J. Marshall*
DAMIEN J. MARSHALL (FBN: 191302)
dmarshall@kslaw.com
**KING & SPALDING LLP**
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 566-2100; Fax: (212) 556-2222

SUZANNE E. NERO (pro hac vice)
snero@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Tel: (415) 318-1200; Fax: (415) 318-1300

ANDREW J. CERESNEY (pro hac vice)
aceresney@debevoise.com
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

I certify that, pursuant to Local Rule 3.01(g), counsel for Defendants conferred with counsel for Plaintiffs prior to the filing of this motion, and counsel for Plaintiffs stated that Plaintiffs do not oppose this motion.

*/s/ Damien J. Marshall*
Damien J. Marshall

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of June 2021, a copy of the foregoing was electronically filed with the Clerk of this Court using the CM/ECF system, which will notify all counsel of record.

*/s/ Damien J. Marshall*
Damien J. Marshall
