**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| TYLER TOOMEY and MARKAS SERGALIS, on behalf of themselves and all others similarly situated, | Case No. 3:21-cv-00093-BJD-JBT |
| Plaintiffs, | |
| v. | |
| RIPPLE LABS, INC., XRP II, LLC, BRADLEY GARLINGHOUSE, MCO MALTA DAX LIMITED (D/B/A CRYPTO.COM), FORIS DAX GLOBAL LIMITED (D/B/A CRYPTO.COM), FORIS DAX, INC., FORIS, INC., | |
| Defendants. | |

## LEAD PLAINTIFF AND PROPOSED INTERVENOR BRADLEY SOSTACK'S MOTION TO INTERVENE

On June 21, 2019, the U.S. District Court for the Northern District of California appointed Bradley Sostack as lead plaintiff in a securities class action against Ripple Labs, Inc., XRP II, LLC, and Bradley Garlinghouse. In that capacity, Mr. Sostack represents a putative class of all investors who purchased Ripple XRP tokens. Now, two years later, Tyler Toomey seeks appointment as lead plaintiff in this action, which asserts claims arising out of the same facts but for a niche group of investors. Mr. Toomey's motion is an untimely and impermissible attempt to inject himself into a lead-plaintiff-selection process that was resolved long ago in another federal court. Mr. Sostack thus seeks leave to intervene in this case to oppose

1

Mr. Toomey's Motion for Appointment of Lead Plaintiff (ECF No. 58). A copy of Mr. Sostack's Opposition is attached as **Exhibit A** and submitted herewith. As laid out in that memorandum, Mr. Toomey's motion should be denied, and this case should be transferred to the Northern District of California.

## I.     Background

### A.     XRP Securities Litigation

XRP is a digital asset created and sold by Ripple. Beginning in 2018, XRP purchasers began filing actions against Ripple in state and federal courts in California and New York, alleging that XRP is an unregistered security and that Ripple sold it in violation of numerous state and federal laws. To date, all related private actions save this one have been consolidated into a single action in the Northern District of California: *In re Ripple Labs Inc. Litigation*, Case No. 4:18-cv-06753-PJH (N.D. Cal.) (the "California Class Action").

### B.     The California Class Action

Nearly two years ago, on June 10, 2019, Bradley Sostack—a Florida resident—was appointed lead plaintiff in the California Class Action. Ex. 1 (Order Granting Motion for Appointment as Lead Plaintiff). Then-Chief Judge Phyllis Hamilton consolidated the actions against Ripple, ordering Mr. Sostack to file a consolidated complaint, and ordering all related actions subsequently filed in, or transferred to, the Northern District of California to be consolidated with the

California Class Action. *See* California Class Action, ECF No. 35. As lead plaintiff, Mr. Sostack is pursuing claims on behalf of "[a]ll persons or entities who purchased XRP" against Ripple, XRP II, and Garlinghouse. Ex. 2 (Am. Consolidated Compl.) at ¶ 166. He has litigated two motions to dismiss filed by Ripple, which were resolved in February and October of 2020. *See* California Class Action, ECF Nos. 85, 115. Presently, he is actively engaged in discovery.

Since Mr. Sostack was appointed lead plaintiff, two additional private actions have been consolidated into the California Class Action. The first was filed in the Northern District of California and was consolidated on May 28, 2020. *See* California Class Action, ECF No. 101. The second was filed in the Southern District of New York, transferred to the Northern District of California, and consolidated on August 21, 2020. *See* California Class Action, ECF No. 113.

### C.    Mr. Toomey's Copycat Action

On January 25, 2021—nearly two years after Mr. Sostack was appointed lead plaintiff—Mr. Toomey filed a copycat suit on behalf of a putative class defined as "all persons or entities in the State of Florida who purchased XRP." ECF No. 1 at ¶ 187. He brought claims against precisely the same defendants as in the California Class Action (Ripple, XRP II, and Garlinghouse), but he alleged violations of Florida law and damages of less than $50. *See* ECF No. 1 at ¶¶ 12–15, 195–239; ECF No. 5 at ¶¶ 12–15, 195–239.

On March 26, 2021—after Ripple informed Mr. Toomey that it intended to seek transfer of this case to the Northern District of California—Mr. Toomey amended his complaint to add Markas Sergalis as a second plaintiff, and to add Crypto.com and Kraken as defendants. *See* ECF No. 46 at ¶¶ 17–19; ECF No. 26 at 21, 25–29. In the same amended complaint, Mr. Toomey also added claims against Crypto.com and Kraken under Sections 5 and 12 of the Securities Act of 1933. *See id.* at ¶¶ 277–284, 309–316.

On April 2, 2021, Mr. Toomey published a notice of class action lawsuit in *Business Wire*. *See* ECF No. 58-2. That notice identified only Crypto.com and Kraken as defendants but expanded the definition of the putative class to include "all persons or entities who purchased XRP through Crypto.com, all persons or entities in the State of Florida who purchased XRP through Crypto.com, all persons or entities who purchased XRP through Kraken, and all persons or entities in the State of Florida who purchased XRP through Kraken." *Id.*

On May 5, 2021, Mr. Sergalis (who purchased XRP through Kraken) voluntarily dismissed his claims against Kraken. *See* ECF No. 48. Mr. Toomey does not allege that he purchased XRP through Kraken—only through Crypto.com—and Mr. Toomey appears to admit that Kraken is no longer in this case. *See* ECF No. 26 at ¶ 20; ECF No. 56 at 1 (identifying Crypto.com as the only defendant unique to this action).

4

Last week, on June 1, 2021, Mr. Toomey moved for appointment as lead plaintiff for a putative class of XRP purchasers that is entirely subsumed within the putative class in the California Class Action. *See* ECF No. 58.[1] He brazenly—and mistakenly—claimed to have, at less than $50, "the largest known financial interest in the relief sought by the Class." *Id.* at 4.[2] Mr. Sergalis did not move for appointment as lead plaintiff.

## II.   Legal Standard

### A.   Intervention by Right

"A party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit. If he establishes each of the four requirements, the district court must allow him

---

[1] The exact bounds of the putative class in the instant suit are unclear because Mr. Toomey's definition changes from one filing to the next. Mr. Toomey's motion for appointment appears to define the putative class as "all persons in the United States or its Territories 'who purchased XRP through Crypto.com, all persons or entities in the State of Florida who purchased XRP through Crypto.com, all persons or entities who purchased XRP through Kraken, and all persons or entities in the State of Florida who purchased XRP through Kraken,' from January 25, 2018 through the present." ECF No. 58 at 6. But Mr. Toomey's operative complaint defines the class differently: "Plaintiffs seek to represent a class defined as all persons or entities in the State of Florida who purchased XRP." ECF No. 26 at ¶ 214. Whichever class Mr. Toomey seeks to represent, it falls within the scope of the putative class in the California Class Action, which is all XRP purchasers. *See* Ex. 2 at ¶ 166.

[2] Mr. Sostack, a Florida resident, suffered a loss of nearly $120,000 as a result of his XRP investments. Ex. 2 at ¶ 13.

to intervene." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989); *see also* F.R.C.P. 24(a)(2).

### B.    Permissive Intervention

Rule 24(b) provides, "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "In deciding whether to permit intervention, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Vazzo v. City of Tampa*, 2018 WL 1629216, at *3 (M.D. Fla. Mar. 15, 2018) (permitting intervention); Fed. R. Civ. P. 24(b)(3).

### III.    Argument

Mr. Sostack was appointed lead plaintiff nearly two years ago in the California Class Action. He represents a putative class of all XRP purchasers and alleges that XRP is an unregistered security. There is no question that Mr. Toomey and those he seeks to represent are members of that putative class. There is no question that Mr. Toomey's claims arise out of the same set of facts and concern the same central question of law as in the California Class Action, whether XRP is a security. Thus, Mr. Toomey's motion for appointment as lead plaintiff is an untimely attempt to re-litigate the selection of a lead plaintiff that would impair Mr. Sostack's ability to guide the class action litigation on behalf of XRP purchasers as required by the

PSLRA. Mr. Sostack is thus entitled to intervene as of right under Rule 24(a)(2). Intervention under Rule 24(b) is also warranted since this motion is timely, there can be no question that the California Class Action shares common questions of law and fact with this action, and intervention would not unduly delay or prejudice the adjudication of the original parties' rights.

### A.     Mr. Sostack is Entitled to Intervene as of Right.

Mr. Sostack is entitled to intervene as of right under Rule 24(a)(2) because (1) his application to intervene is timely; (2) he has an interest relating to the transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit. *See Chiles*, 865 F.2d at 1213; *Woolen v. Surtran Taxicabs, Inc*., 684 F.2d 324, 331–32 (5th Cir. 1982) ("class member who claims that his 'representative' does not adequately represent him, and is able to establish that proposition with sufficient probability, should not be put to the risk of having a judgment entered in the action which by its terms extends to him, and be obliged to test the validity of the judgment as applied to his interest by a later collateral attack. Rather he should, as a general rule, be entitled to intervene in the action.").

*First*, Mr. Sostack's motion is timely because it is being filed less than five months after this action was instituted and within the fourteen-day period allowed to

oppose Mr. Toomey's Motion to Appoint Lead Plaintiff. *See Chiles*, 865 F.2d at 1213 (finding timely a motion to intervene filed seven months after the original complaint); M.D. Fla. L.R. 3(c).

*Second*, Mr. Sostack has a significant interest because Mr. Toomey has moved to be appointed lead plaintiff for a putative class that is entirely subsumed by the putative class Mr. Sostack was appointed to represent nearly two years ago. Mr. Toomey's Motion to Appoint Lead Plaintiff is a blatant attempt to circumvent the PSLRA's lead-plaintiff-selection process and undermine Mr. Sostack's right and responsibility to guide the securities class action litigation on behalf of XRP purchasers. *See In re BankAmerica Corp. Securities Litig.*, 95 F.Supp.2d 1044, 1049–50 (E.D. Mo. 2000) (court-appointed lead plaintiff has "a federal right, created by Congress in the PSLRA, to control the course of this litigation through counsel of their choice"). If Mr. Toomey is allowed to proceed, any judgment on merits here could be binding on Mr. Sostack and the class he represents in the California Class Action. Thus, Mr. Sostack's interest in the transaction that is the subject of this action—the illegal sales of XRP—could not be clearer. That the instant action is not identical to the California Class Action is of no import. *See Woolen*, 684 F.2d at 333 (interest need not be identical where action may as a practical matter impair intervenor's ability to protect his interest).

*Third*, Mr. Sostack's interest is not adequately represented by the other parties

in the action because the other parties do not have the same incentive to oppose Mr. Toomey's Motion to Appoint Lead Plaintiff. The Defendants here are the same Defendants that Mr. Sostack has been vigorously litigating against for nearly two years in the California Class Action, and Mr. Toomey has disregarded the order in that case appointing Mr. Sostack as the PSLRA lead plaintiff on behalf of all XRP purchasers. Mr. Sostack is thus "without a friend in this litigation." *Atlantis Dev't Corp. v. United States*, 379 F.2d 818, 825 (5th Cir. 1967). For the foregoing reasons, the Court should grant leave to intervene under Rule 24(a)(2).

### B.   Permissive Intervention Is Also Appropriate.

The Court should also permit Mr. Sostack to intervene because (1) his motion is timely; (2) his claims and the claims here share common questions of fact and law; and (3) intervention would not result in undue delay or prejudice. *See* Fed. R. Civ. P. 24(b).

*First*, Mr. Sostack's motion is timely as shown above.

*Second*, this action and the California Class Action plainly share common questions of fact and law. Both arise out of Ripple's XRP sales. Both assert securities claims on behalf of XRP purchasers. Both hinge on a legal determination concerning whether XRP is a security.

*Third*, intervention would not result in undue delay or prejudice for the simple reason that the same putative class Mr. Toomey seeks to represent is entirely

subsumed within the class Mr. Sostack was appointed to represent years ago. Mr. Toomey's interests, and the interests of the putative class, are already being advanced in the California Class Action.  Moreover, Mr. Sostack does not seek to intervene for the purpose of litigating any claims on the merits, but simply to ensure that his rights and responsibilities as the court-appointed lead plaintiff in the California Class Action are not undermined here. In fact, it is Mr. Toomey's duplicative action and ill-conceived motion that would unduly delay and prejudice the claims of Mr. Sostack and the putative class he was appointed to represent in the California Class Action.

## IV.     Conclusion

Mr. Sostack respectfully submits that the Court should grant his motion to intervene and take his opposition to Mr. Toomey's motion under consideration.

Dated: June 8, 2021                          Respectfully submitted,


                                             /s/ Andres Healy
                                             Andres Healy
                                             FL State Bar No. 85953
                                             **Susman Godfrey L.L.P.**
                                             1201 Third Avenue, Suite 3800
                                             Seattle, WA 98101
                                             Phone:  (206) 516-3880
                                             Fax:  (206) 516-3883
                                             Email: ahealy@susmangodfrey.com

                                             *Attorney for Lead Plaintiff and Proposed*
                                             *Intervenor Bradley Sostack*

10

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 8th day of June 2021, a copy of the foregoing was electronically filed with the Clerk of this Court using the CM/ECF system, which will notify all counsel of record.

<u>*/s/ Michelle Wimmer*</u>
Michelle Wimmer