# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| TYLER TOOMEY and MARKAS SERGALIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RIPPLE LABS, INC., XRP II, LLC, BRADLEY GARLINGHOUSE, MCO MALTA DAX LIMITED (D/B/A CRYPTO.COM), FORIS DAX GLOBAL LIMITED (D/B/A CRYPTO.COM), FORIS DAX, INC., FORIS, INC.,<br><br>Defendants. | Case No. 3:21-cv-00093-BJD-JBT |

**LEAD PLAINTIFF AND PROPOSED INTERVENOR BRADLEY SOSTACK'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO APPOINT LEAD PLAINTIFF AND IN SUPPORT OF RIPPLE'S MOTION FOR TRANSFER**

On June 21, 2019, the U.S. District Court for the Northern District of California appointed Bradley Sostack as lead plaintiff in a securities class action against Ripple Labs, Inc., XRP II, LLC, and Bradley Garlinghouse. In that capacity, Mr. Sostack represents a putative class of all investors who purchased Ripple XRP tokens. Now, two years later, Tyler Toomey seeks appointment as lead plaintiff in this action, which asserts claims arising out of the same facts but

for a niche group of investors. Mr. Toomey's motion is an untimely and impermissible attempt to inject himself into a lead-plaintiff-selection process that was resolved long ago in another federal court. His motion should be denied, and this case should be transferred to the Northern District of California.

## I. Background

### A. XRP Securities Litigation

XRP is a digital asset created and sold by Ripple. Beginning in 2018, XRP purchasers began filing actions against Ripple in state and federal courts in California and New York, alleging that XRP is an unregistered security and that Ripple sold it in violation of numerous state and federal laws. To date, all related private actions save this one have been consolidated into a single action in the Northern District of California: *In re Ripple Labs Inc. Litigation*, Case No. 4:18-cv-06753-PJH (N.D. Cal.) (the "California Class Action").

### B. The California Class Action

Nearly two years ago, on June 10, 2019, Bradley Sostack—a Florida resident—was appointed lead plaintiff in the California Class Action. Ex. 1 (Order Granting Motion for Appointment as Lead Plaintiff). Then-Chief Judge Phyllis Hamilton consolidated the actions against Ripple, ordering Mr. Sostack to file a consolidated complaint, and ordering all related actions subsequently filed in, or transferred to, the Northern District of California to be consolidated with the

California Class Action. *See* California Class Action, ECF No. 35. As lead plaintiff, Mr. Sostack is pursuing claims on behalf of "[a]ll persons or entities who purchased XRP" against Ripple, XRP II, and Garlinghouse. Ex. 2 (Am. Consolidated Compl.) at ¶ 166. He has litigated two motions to dismiss filed by Ripple, which were resolved in February and October of 2020. *See* California Class Action, ECF Nos. 85, 115. Presently, he is actively engaged in discovery.

Since Mr. Sostack was appointed lead plaintiff, two additional private actions have been consolidated into the California Class Action. The first was filed in the Northern District of California and was consolidated on May 28, 2020. *See* California Class Action, ECF No. 101. The second was filed in the Southern District of New York, transferred to the Northern District of California, and consolidated on August 21, 2020. *See* California Class Action, ECF No. 113.

### C. Mr. Toomey's Copycat Action

On January 25, 2021—nearly two years after Mr. Sostack was appointed lead plaintiff—Mr. Toomey filed a copycat suit on behalf of a putative class defined as "all persons or entities in the State of Florida who purchased XRP." ECF No. 1 at ¶ 187. He brought claims against precisely the same defendants as in the California Class Action (Ripple, XRP II, and Garlinghouse), but he alleged violations of Florida law and damages of less than $50. *See* ECF No. 1 at ¶¶ 12–15, 195–239; ECF No. 5 at ¶¶ 12–15, 195–239.

On March 26, 2021—after Ripple informed Mr. Toomey that it intended to seek transfer of this case to the Northern District of California—Mr. Toomey amended his complaint to add Markas Sergalis as a second plaintiff, and to add Crypto.com and Kraken as defendants. *See* ECF No. 46 at ¶¶ 17–19; ECF No. 26 at 21, 25–29. In the same amended complaint, Mr. Toomey also added claims against Crypto.com and Kraken under Sections 5 and 12 of the Securities Act of 1933. *See id.* at ¶¶ 277–284, 309–316.

On April 2, 2021, Mr. Toomey published a notice of class action lawsuit in *Business Wire*. *See* ECF No. 58-2. That notice identified only Crypto.com and Kraken as defendants but expanded the definition of the putative class to include "all persons or entities who purchased XRP through Crypto.com, all persons or entities in the State of Florida who purchased XRP through Crypto.com, all persons or entities who purchased XRP through Kraken, and all persons or entities in the State of Florida who purchased XRP through Kraken." *Id.*

On May 5, 2021, Mr. Sergalis (who purchased XRP through Kraken) voluntarily dismissed his claims against Kraken. *See* ECF No. 48. Mr. Toomey does not allege that he purchased XRP through Kraken—only through Crypto.com—and Mr. Toomey appears to admit that Kraken is no longer in this case. *See* ECF No. 26 at ¶ 20; ECF No. 56 at 1 (identifying Crypto.com as the only defendant unique to this action).

Last week, on June 1, 2021, Mr. Toomey moved for appointment as lead plaintiff for a putative class of XRP purchasers that is entirely subsumed within the putative class in the California Class Action. *See* ECF No. 58.[1] He brazenly—and mistakenly—claimed to have, at less than $50, "the largest known financial interest in the relief sought by the Class." *Id.* at 4.[2] Mr. Sergalis did not move for appointment as lead plaintiff.

## II. Legal Standard

In securities class actions like this one, the PSLRA (Private Securities Litigation Reform Act of 1995) requires district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §77z-1(a)(3)(B)(i). The lead-plaintiff-appointment process is clear. "Not later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising

---

[1] The exact bounds of the putative class in the instant suit are unclear because Mr. Toomey's definition changes from one filing to the next. Mr. Toomey's motion for appointment appears to define the putative class as "all persons in the United States or its Territories 'who purchased XRP through Crypto.com, all persons or entities in the State of Florida who purchased XRP through Crypto.com, all persons or entities who purchased XRP through Kraken, and all persons or entities in the State of Florida who purchased XRP through Kraken,' from January 25, 2018 through the present." ECF No. 58 at 6. But Mr. Toomey's operative complaint defines the class differently: "Plaintiffs seek to represent a class defined as all persons or entities in the State of Florida who purchased XRP." ECF No. 26 at ¶ 214. Whichever class Mr. Toomey seeks to represent, it falls within the scope of the putative class in the California Class Action, which is all XRP purchasers. *See* Ex. 2 at ¶ 166.

[2] Mr. Sostack, a Florida resident, suffered a loss of nearly $120,000 as a result of his XRP investments. Ex. 2 at ¶ 13.

members of the putative plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. §77z-1(a)(3)(A)(i). Then, class members seeking appointment must move for appointment "no later than 60 days after the date on which the notice is published." *Id.*

"The intent of the PSLRA was 'to have lead plaintiffs appointed as soon as practicable' and avoid the potential indefinite delay caused by later-filed complaints." *McIntire v. Mariano*, 2019 WL 78982, at *6 (S.D. Fla. Jan. 2, 2019) (quoting *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *4 (N.D. Ill. Aug. 11, 1997)); *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 503 (S.D. Fla. 2003) ("It is widely recognized that the intent of the PSLRA is to have the most adequate lead plaintiffs appointed as soon as practicable in the litigation.") (cleaned up); *see also In re Sunbeam Sec. Litig.*, 1998 WL 1990884, at *2 (S.D. Fla. Dec. 4, 1998) (recognizing that the PSLRA intended to have the "most adequate lead plaintiffs" appointed as soon as practicable in the litigation).

## III. Argument

Mr. Sostack was appointed lead plaintiff nearly two years ago in the California Class Action. He represents a putative class of all XRP purchasers and alleges that XRP is an unregistered security. There is no question that Mr. Toomey and those he seeks to represent are members of that putative class. There is no question that Mr. Toomey's claims arise out of the same set of facts and concern

the same central question of law as in the California Class Action. Thus, Mr. Toomey's motion for appointment as lead plaintiff is an untimely attempt to re-litigate the selection of a lead plaintiff. He cannot sidestep the PSLRA's language and purpose to become lead plaintiff of a subclass merely by asserting slightly different claims and adding one unique defendant as an afterthought. Permitting him to do so would defeat the very purpose of the PSLRA and would create unworkable precedent.

### A.   Mr. Toomey and those he seeks to represent are members of the putative class in the California Class Action.

Mr. Toomey alleges that he "purchased 135 XRP on or around November 24, 2020 for $97.80." ECF No. 26 at ¶ 20. Plainly, he is a member of the putative class in the California Class Action, which comprises "[a]ll persons or entities who purchased XRP." Ex. 2 at ¶ 166.

Similarly, whether Mr. Toomey's putative class is limited to Florida XRP purchasers (as Mr. Toomey's operative complaint suggests), or whether the class includes XRP purchasers outside of Florida (as his motion suggests), the investors Mr. Toomey seeks to represent are also members of the putative class in the California Class Action. They are all "persons or entities who purchased XRP." *Id.*

The putative class period in the instant action is also entirely subsumed within the California Class Action. Here, the putative class period extends from January 25, 2018 through the present. *See* ECF No. 58 at 3. In the California Class

Action, the putative class includes all XRP purchasers, regardless of time. Ex. 2 at ¶ 166.

### B. Mr. Toomey's claims arise out of the same set of facts and concern the same central legal issue as in the California Class Action.

As Ripple has correctly shown in its motion to transfer, *see* ECF No. 45 at 15–16, Mr. Toomey's complaint alleges precisely the same theory of liability presented in the California Class Action: XRP is a security, and Ripple's XRP sales are an unregistered securities offering in violation of state and federal law. Thus, the key legal question (whether XRP is a security) remains the same. Similarly, Mr. Toomey's complaint names the same key defendants as in the California Class Action (Ripple, XRP II, and Garlinghouse)—defendants who will have the vast majority of relevant evidence.

### C. Mr. Toomey's motion is an untimely attempt to circumvent the PSLRA.

The PSLRA is designed to have an adequate lead plaintiff appointed as soon as practicable. *McIntire*, 2019 WL 78982, at *6. To that end, it requires class members seeking appointment to move or file a complaint within 60 days after notice is published. 15 U.S.C. §77z-1(a)(3)(A)(i); *Dolan v. Axis Capital Holdings Ltd.*, 2005 WL 883008, at *3 (S.D.N.Y. Apr. 13, 2005). There is no question that Mr. Toomey did not move or file within that time. Indeed, Mr. Toomey had not purchased XRP until November 2020, *see* ECF No. 26 at ¶ 20, well after notice of

the California Class Action had issued, the 60-day period had expired, and Mr. Sostack had been appointed lead plaintiff. Thus, Mr. Toomey's motion is untimely.

That Mr. Toomey brings slightly different claims and added a unique defendant at the last minute does not change this conclusion. The PSLRA provides for consolidation of similar securities class actions, and courts "routinely consolidate multiple class actions that allege essentially similar, but not identical, securities claims. *See, e.g.*, *In re MicroStrategy Inc. Securities Litig.*, 110 F.Supp.2d 427, 431 (E.D. Va. 2000) ("[T]he existence of slight differences in class periods, parties, or damages among the suits does not necessarily defeat consolidation where the essential claims and factual allegations are similar."). Judge Hamilton appointed Mr. Sostack to be lead plaintiff and ordered him to file a consolidated complaint. California Class Action, ECF No. 35. In that consolidated complaint, Mr. Sostack—a Florida resident—could have alleged violations of Florida law. He could have named cryptocurrency exchanges as defendants. He did not, which was his prerogative as lead plaintiff. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 113 (2d Cir. 2005) ("[D]ue process does not require that all class claims be pursued. Instead, where different claims within a class involve the identical factual predicate, adequate representation of a particular claim is determined by the alignment of interests of class members, not proof of vigorous pursuit of that claim.").

Mr. Sostack's litigation strategy does not entitle Mr. Toomey to re-start the lead-plaintiff-appointment process. The PSLRA does not permit putative class members to create their own subclasses by filing spin-off suits in competing jurisdictions, specifically where, as here, the duly appointed lead plaintiff's interests are not antagonistic to the interests of any class members. *See In re Patriot Nat'l, Inc. Securities Litig.*, 828 Fed. App'x 760, 764–65 (2d Cir. 2020). To conclude otherwise would render the PSLRA's lead-plaintiff-selection process meaningless. It would invite a cascade of smaller and smaller copycat litigation. Every would-be lead plaintiff would file her own suit in her own state, asserting slightly different claims on behalf of slightly different subclasses, until each litigation became a hundred- or thousand-part *matryoshka* doll. That is not the law. On the contrary, that is precisely the sort of "indefinite delay caused by later-filed complaints" the *McIntire* court warned of and that the PSLRA is designed to avoid. 2019 WL 78982, at *6. For this reason, Federal courts have unequivocally denounced attempts to circumvent the PSLRA by filing follow-on suits in competing jurisdictions. *See, e.g.*, *In re BankAmerica Corp. Securities Litig.*, 96 F. Supp. 2d 1044, 1050 (E.D. Mo. 2000) (Where federal actions were consolidated and a competing suit was filed in state court, enjoining state-court case and explaining that the state case was "nothing more than a thinly-veiled attempt to circumvent federal law.").

## IV. Conclusion

The Northern District of California has already appointed a lead plaintiff to litigate this dispute. For the reasons above, and for the reasons in Ripple's Motion to Transfer, ECF No. 45, that appointment should not be disturbed, and this action should be transferred to the Northern District of California.

Dated: June 8, 2021                              Respectfully submitted,

/s/ *Andres Healy*
Andres Healy
FL State Bar No. 85953
**Susman Godfrey L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Phone: (206) 516-3880
Fax: (206) 516-3883
Email: ahealy@susmangodfrey.com

*Attorney for Lead Plaintiff and Proposed Intervenor Bradley Sostack*

## CERTIFICATE OF SERVICE

I certify that on this 8th day of June 2021, a copy of the foregoing was electronically filed with the Clerk of this Court using the CM/ECF system, which will notify all counsel of record.

/s/ *Michelle Wimmer*
Michelle Wimmer