# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| TYLER TOOMEY and MARKAS SERGALIS, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>RIPPLE LABS, INC., XRP II, LLC, BRADLEY GARLINGHOUSE, MCO MALTA DAX LIMITED (D/B/A CRYPTO.COM), FORIS DAX GLOBAL LIMITED (D/B/A CRYPTO.COM), FORIS DAX, INC., FORIS, INC.,<br><br>    Defendants. | Civil Action No. 3:21-cv-00093-BJD-JBT |

## PLAINTIFFS TYLER TOOMEY AND MARKAS SERGALIS' OPPOSITION TO LEAD PLAINTIFF AND PROPOSED INTERVENOR BRADLEY SOSTACK'S MOTION TO INTERVENE

Sarah N. Westcot (FBN: 1018272)
**BURSOR & FISHER, P.A.**
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 3 |
| | A. Mr. Sostack Is Not Entitled To Intervention As Of Right | 4 |
| | 1. Mr. Sostack Is Not Entitled To Intervention As Of Right Because He Has No Legally Protectable Interest That Will Be Impeded Or Impaired In The *Toomey* Litigation. | 4 |
| | 2. Even Assuming The Existence Of A Legally-Protected Interest, Mr. Sostack Is Adequately Represented In This Action, And Therefore Intervention As Of Right Is Inappropriate | 10 |
| | B. This Court Should Exercise Its Discretion To Deny Permissive Intervention | 11 |
| | C. Mr. Sostack's Motion Should Be Denied For Failure To Meet And Confer Pursuant To This Court's Local Rules | 12 |
| III. | CONCLUSION | 12 |

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Amey, Inc. v. Gulf Abstract & Title, Inc.*,
 758 F.2d 1486 (11th Cir. 1985) ...................................................................................8

*Attix v. Carrington Mortgage Servs., LLC*,
 2020 WL 9849821 (S.D. Fla. Oct. 13, 2020) ..........................................................11

*Calderon v. Clearview AI, Inc.*,
 2020 WL 2792979 (S.D.N.Y. May 29, 2020) .................................................... 7, 12

*Glover v. Ferrero USA, Inc.*,
 2011 WL 5007805 (D.N.J. Oct. 20, 2011) ............................................................2, 6

*In re BankAmerica Corp. Securities Litig.*,
 95 F.Supp.2d 1044 (E.D. Mo. 2000) ................................................................... 9, 10

*In re Lendingclub Sec. Litig.*,
 282 F. Supp. 3d 1171 (N.D. Cal. 2017) ...................................................................10

*In re Penn Cent. Commercial Paper Litig.*,
 62 F.R.D. 341 (S.D.N.Y. 1974) ..................................................................................7

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
 72 F.3d 361 (3d Cir. 1995) .........................................................................................7

*Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*,
 425 F.3d 1308 (11th Cir. 2005) .................................................................................6

*Pac. Biosciences of California, Inc.*,
 2013 WL 4482739 (N.D. Cal. Aug. 20, 2013) ........................................................10

*Purcell v. BankAtlantic Fin. Corp.*,
 85 F.3d 1508 (11th Cir. 1996) ............................................................................. 4, 11

*State Farm Mut. Auto. Ins. Co. v. Physicians Inj. Care Ctr., Inc.*,
 2008 WL 11342765 (M.D. Fla. Oct. 29, 2008) ........................................................5

*Travis v. Navient Corp.*,
 284 F. Supp. 3d 335 (E.D.N.Y. 2018) .................................................................. 7, 8

*United States v. South Fla. Water Mgmt. Dist.*,
  922 F.2d 704 (11th Cir.1991) ................................................................................6

*Viet Bui v. Sprint Corp.*,
  2015 WL 3828424 (E.D. Cal. June 19, 2015) ................................................. 1, 5, 7

*W. Radio Servs. Co. v. Glickman*,
  123 F.3d 1189 (9th Cir. 1997) ................................................................................8

*Worthington v. Bayer Healthcare LLC*,
  2011 WL 6303999 (D.N.J. Dec. 15, 2011) .................................................. 5, 10, 11

**RULES**

Fed. R. Civ. P. 24 .............................................................................................................3

Fed. R. Civ. P. 24(a) ................................................................................................. 4, 11

Fed. R. Civ. P. 24(a)(2) ....................................................................................................7

Fed. R. Civ. P. 24(b) ................................................................................................. 4, 11

I.  **INTRODUCTION**

Bradley Sostack, lead plaintiff in *In re Ripple Labs Inc. Litigation*, 4:18-cv-06753 (N.D. Cal) (the "California Action"), which brings claims under federal securities laws and California state law against Defendants Ripple Labs, Inc., XRP II, LLC, and Bradley Garlinghouse (collectively "Ripple"), and not Crypto.com[1] or any related entity, seeks leave to intervene to oppose Plaintiff Tyler Toomey's motion for appointment as lead plaintiff as to his federal securities claims against Crypto.com (not Ripple).  *See* Lead Plaintiff and Proposed Intervenor Bradley Sostack's Motion to Intervene (ECF No. 61) ("MTI").  Mr. Sostack's motion should be denied because he asserts no viable basis for intervention as of right, and is not entitled to permissive intervention.

Mr. Sostack's requested relief in intervention is that Plaintiff Toomey's motion to appoint lead plaintiff "be denied, and this case [. . .] transferred to the Northern District of California."  MTI at 2.  However, courts have categorically declined to permit intervention as of right where, as here, the proposed intervenor's "only interest in the action is to prevent the action from going forward."  *Viet Bui v. Sprint Corp.*, 2015 WL 3828424, at *2 (E.D. Cal. June 19, 2015).  Here, Mr. Sostack does not seek to participate in this action.  Instead, he, like Ripple, simply seeks to prevent

---

[1] Crypto.com is the platform through which Plaintiff Toomey purchased his XRP, which is a d/b/a of a web of entities named as Defendants in this case, specifically MCO Malta Dax Limited (d/b/a Crypto.com) and Foris Dax Global Limited (d/b/a Crypto.com).

1

Mr. Toomey's claims from moving forward and seeks transfer to the Northern District of California.

Mr. Sostack further argues that intervention is appropriate because there are overlapping legal issues in this matter and the California Action, and that "any judgment on merits here could be binding on Mr. Sostack and the class he represents in the California Class Action." MTI at 8. Mr. Sostack's argument fails because disposition of Mr. Toomey's case against Crypto.com is not "binding" on Mr. Sostack or the class he seeks to represent. As a threshold matter, there can be no preclusive or *res judicata* effect on Mr. Sostack's case because Plaintiff Toomey does not assert federal securities claims against Ripple, only against Crypto.com, which is not a party in the California Action. Application of *res judicata* requires identity of parties. At worst, any decision rendered here could be persuasive in the California Action, but certainly not preclusive. Courts have routinely found that the mere possibility that a decision in one jurisdiction could tangentially effect litigation in another jurisdiction is not a sufficient interest to justify intervention as of right. *See Glover v. Ferrero USA, Inc.*, 2011 WL 5007805, at *3 (D.N.J. Oct. 20, 2011) ("Proposed Intervenors' purported interests are too speculative, i.e., their interests cannot be impaired by this litigation because a class has not yet been certified in the California action, thus, Proposed Intervenors are merely seeking to intervene for the purpose of preventing any *potential* adverse rulings which *may* occur and *may* bind a class of consumers which Proposed Intervenors *may or may not* represent").

Further, as discussed above, Mr. Sostack and Ripple share a unity of interest. Both Mr. Sostack and Ripple want this case transferred to the Northern District of California and consolidated with the California Action. As such, Mr. Sostack's interests are adequately represented, further undermining his argument in favor of intervention as of right.

In light of the foregoing, and as more fully set forth herein, this Court should exercise its discretion to further deny Mr. Sostack's request for permissive intervention. It is well settled that where, as here, intervention as of right is inappropriate, permissive intervention is fully discretionary, regardless of whether there are overlapping questions of fact and law. Since Mr. Sostack does not seek to add anything to this litigation or meaningfully participate in the same, and since Ripple has already moved to transfer the case, permissive intervention is inappropriate.

Finally, as an independent basis for denial of Mr. Sostack's motion, Mr. Sostack's counsel failed to satisfy the meet and confer requirement of Local Rule 3.01(g). Counsel for Mr. Sostack made no attempt to meet and confer with Plaintiffs' counsel prior to filing his motion, in direct contravention of this Court's Local Rules.

## II. ARGUMENT

Federal Rule of Civil Procedure 24 contemplates two forms of intervention, intervention as of right and permissive intervention. In the Eleventh Circuit, a movant must establish four factors to intervene as of right: "(1) his application to

intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *See Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996) (citation omitted).

Alternatively, a court may permit permissive intervention. However, "[i]f there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." *Id.* at 513.

Here, for the reasons discussed below, Mr. Sostack is not entitled to intervention as of right because he has no legally-protectable interest in the present action, the disposition of this action will not affect or impede his lawsuit, and, in any event, his interests are adequately protected in the present matter. Similarly, permissive intervention is inappropriate.

### A. Mr. Sostack Is Not Entitled To Intervention As Of Right

#### 1. Mr. Sostack Is Not Entitled To Intervention As Of Right Because He Has No Legally Protectable Interest That Will Be Impeded Or Impaired In The *Toomey* Litigation.

Mr. Sostack identifies the right he is seeking to protect as his appointment as lead plaintiff in the California Action because of a perceived risk that a judgment in this case could compromise his claims in the California action. MTI at 8. That

4

argument directly contradicts Eleventh Circuit precedent, and in any event has been consistently rejected by courts around the country.

First, Mr. Sostack cannot intervene as of right because intervention as of right is categorically unavailable to a proposed intervenor who does not seek to actually participate in the ongoing litigation, but only seeks to prevent it from moving forward. It is clear from Mr. Sostack's motion that he does not seek to participate in this litigation; instead, he seeks denial of Mr. Toomey's motion to appoint lead plaintiff and seeks transfer to the Norther District of California. MTI at 2. Because he does not seek to participate in the present litigation, Mr. Sostack may not intervene as of right. *See Viet Bui*, 2015 WL 3828424, at *2 ("Intervention as of right is not available to those whose only interest in the action is to prevent the action from going forward."); *Worthington v. Bayer Healthcare LLC*, 2011 WL 6303999, at *6 (D.N.J. Dec. 15, 2011) ("[T]he Court finds that, as is the case in the instant matter, where a proposed intervenor has: (1) admittedly asserted that she has no particular interest in the disposition of the action in which she seeks to enter (other than seeing that it not go forward) and (2) an existing party to the case has already sought the same relief on nearly identical grounds, that party is not entitled to intervene as of right.").

Second, Mr. Sostack's interest is purely economic, and therefore he has no legally-protectable interest in this litigation. It is well settled that "[a] party wishing to intervene in [a] litigation must establish he has a direct substantial and legally protectable interest in the proceedings." *State Farm Mut. Auto. Ins. Co. v. Physicians*

5

*Inj. Care Ctr., Inc.*, 2008 WL 11342765, at *1 (M.D. Fla. Oct. 29, 2008). The Eleventh Circuit has been clear that "a legally protectable interest 'is something more than an economic interest.' " *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (quoting *United States v. South Fla. Water Mgmt. Dist.,* 922 F.2d 704, 710 (11th Cir.1991)). Further, the Eleventh Circuit has expressly declined to find a legally-protectable interest where such interest is contingent on subsequent litigation. *Id.* (explaining the proposed intervenor's "interest is purely speculative because it is contingent upon his [success in future litigation]").

Here, Mr. Sostack's claimed interest is both purely economic and depends on the outcome of future litigation. Specifically, Mr. Sostack argues that "[i]f Mr. Toomey is allowed to proceed, any judgment on merits here could be binding on Mr. Sostack and the class he represents in the California Class Action. Thus, Mr. Sostack's interest in the transaction that is the subject of this action—the illegal sales of XRP—could not be clearer." MTI at 8. Said another way, Mr. Sostack's argument is that the interest he is seeking to protect is to be shielded from a potentially adverse ruling in this action, which is not an interest recognized by the Eleventh Circuit (as discussed above), and has been consistently been rejected by other federal courts. *See Glover*, 2011 WL 5007805, at *3 (denying intervention as of right and permissive intervention where "Proposed Intervenors' purported interests are too speculative, i.e., their interests cannot be impaired by this litigation because a class has not yet been certified in the California action, thus, Proposed Intervenors are merely seeking to intervene for the purpose of preventing any *potential* adverse

6

rulings which *may* occur and *may* bind a class of consumers which Proposed Intervenors *may or may not* represent"); *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) ("[T]he mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene."); *Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 342 (E.D.N.Y. 2018) ("An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule."); *Calderon v. Clearview AI, Inc.*, 2020 WL 2792979, at *6 (S.D.N.Y. May 29, 2020) ("The mere fact that this Court and the Northern District of Illinois would be confronted with identical issues of Illinois law does not impair or impede [the proposed intervenor's] rights."); *In re Penn Cent. Commercial Paper Litig.,* 62 F.R.D. 341, 347 (S.D.N.Y. 1974) ("While it is true that a decision of one district court may be of some persuasive value in another, a holding that this constitutes an interest sufficient to justify intervention would expand the scope of Rule 24(a)(2) to such an extent that the interest requirement would essentially be read out of the rule.").

  Third, Mr. Sostack's argument that the Ctypto.com class Mr. Toomey seeks to represent is "subsumed" by his action (MTI at 8) does not change the analysis. *See Viet Bui*, 2015 WL 3828424, at *2 ("The Proposed Intervenors claim that they have a significant protectable interest because this action asserts the same California Labor Code violations and relief sought in the *Guilbaud* case, and because this action seeks certification of a class that is entirely subsumed by the proposed California class

7

in *Guilbaud*. . . However, the Court notes that no class has been certified in the present case, or in the *Guilbaud* case. Therefore, the interest that Proposed Intervenors claim to have is speculative."). In short, no class has been certified either in this action or the California Action, and therefore any arguments as to potentially overlapping classes is speculative at this juncture and does not create a legally-protectable interest justifying intervention as of right.

<u>Fourth</u>, even assuming that Mr. Sostack has a legally-protected interest, it will not be impeded or impaired by this matter. Any decision rendered in this case regarding Plaintiff Toomey's claims against Crypto.com would not be binding in the California Action. In order for *res judicata* to apply, there must be "identity or privity between parties." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997); *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985) (noting that *res judicata* requires "identity of persons and parties to the actions"). Here, a different plaintiff (Plaintiff Toomey) is litigating a claim against a different defendant (Crypto.com). As such, there is no way that Mr. Toomey's action could have preclusive effect on Mr. Sostack's claim. That some issues may be overlapping does not create a legally-protectable right, and any decision in this Court would be, at best, persuasive in the California action. *See Travis*, 284 F. Supp. 3d at 343 (explaining that "this Court's decisions are not binding on the [court adjudicating a competing class action in another federal district], and the mere fact that they could be found persuasive is insufficient to warrant intervention as of right").

Fifth, Plaintiff Toomey's litigation of his claims against Crypto.com does not impede Mr. Sostack's litigation of federal securities claims against Ripple.  Mr. Sostack argues that "Mr. Toomey's Motion to Appoint Lead Plaintiff is a blatant attempt to circumvent the PSLRA's lead-plaintiff-selection process and undermine Mr. Sostack's right and responsibility to guide the securities class action litigation on behalf of XRP purchasers."  MTI at 8.  Not so.  Nothing is infringing on Mr. Sostack's or his counsel's ability to navigate the California Action as they see fit.  Mr. Sostack does not allege that he purchased XRP through Crypto.com or that Mr. Toomey's action would extinguish his claim.  Mr. Toomey's action also does not prevent Mr. Sostack from representing the vast majority of XRP purchasers.  At worst, a subset of XRP purchasers could have their claims released, namely those who purchased XRP through Crypto.com only.  XRP was sold widely, not exclusively through Crypto.com, and neither of the Plaintiffs in this action have brought federal securities claims against Ripple.

Mr. Sostack's citation to *In re BankAmerica Corp. Securities Litig.*, 95 F.Supp.2d 1044, 1049–50 (E.D. Mo. 2000) is inapplicable.  First, that case does not involve intervention or an analysis of the propriety of intervention, it has to do with enjoining a parallel state court action.  Second, the decision is a non-binding, limited decision to particularized facts.  There, lead plaintiffs in a *certified* class action sought an injunction of an identical *uncertified* state court case that would fully extinguish the federal case.  *Id.* at 1046-1051.  Here, there are two uncertified federal actions that involve different defendants and resolution of Plaintiff Toomey's federal securities

9

claim would not extinguish Mr. Sostack's case. These distinguishing factors have persuaded other courts to decline to apply the ruling in *In re BankAmerica Corp*. *See In re Lendingclub Sec. Litig.*, 282 F. Supp. 3d 1171, 1190 (N.D. Cal. 2017) (declining to enjoin a parallel state-court action where "no party has raised the specter of a settlement, certainly not a settlement that threatens to dispose of all claims on behalf of all class members"); *Primo v. Pac. Biosciences of California, Inc.*, 2013 WL 4482739, at *3 (N.D. Cal. Aug. 20, 2013) ("[A]s Defendants point out, *BankAmerica* is distinguishable from this case on multiple grounds, primarily because the federal class in *BankAmerica* had already been certified and there were problems with the certification of the later filed state action.").

As such, Mr. Sostack has failed to articulate a legally-cognizable interest supporting his request for intervention as of right.

### 2. Even Assuming The Existence Of A Legally-Protected Interest, Mr. Sostack Is Adequately Represented In This Action, And Therefore Intervention As Of Right Is Inappropriate

Mr. Sostack argues that his interests are not adequately represented. MTI at 9. But Mr. Sostack and Ripple seek identical relief, namely the transfer of this action to the Northern District of California and ultimate consolidation with the California Action. Ripple has already filed a motion requesting transfer or stay of this action. Mr. Sostack's assertion that he is "without a friend in this litigation" is belied by the record in this case. *See Worthington*, 2011 WL 6303999, at *9 ("[T]he Court has determined that Bayer can adequately represent Stanley's interests because Bayer has already filed a motion to dismiss pursuant to the first-filed rule.").

10

### B. This Court Should Exercise Its Discretion To Deny Permissive Intervention

Mr. Sostack argues that he is entitled to permissive intervention because "this action and the California [. . .] Action plainly share common questions of fact and law." MTI at 9. But "[i]f there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." *Purcell*, 85 F.3d at 1513. Here, given the totality of the circumstances, permissive intervention is not warranted.

First, permissive intervention is not warranted because Mr. Sostack's "appearance as an intervenor would not sufficiently add anything to the litigation." *Worthington*, 2011 WL 6303999, at *9. Ripple is already seeking transfer of this case to the Northern District of California and is in favor of consolidation of this action with the California Action. Mr. Sostack does not seek to assert affirmative claims or otherwise meaningfully participate in the litigation. "Courts routinely deny permissive intervention requests under such circumstances." *Attix v. Carrington Mortgage Servs., LLC*, 2020 WL 9849821, at *3 (S.D. Fla. Oct. 13, 2020) (collecting cases where permissive intervention was denied based on a claim of impairment to parallel litigation).

Second, Plaintiff Toomey will suffer prejudice because if Mr. Sostack has his way, Mr. Toomey will be denied the right to litigate his claim in the forum of his

11

choosing against a Defendant that is not even named in the California Action. *Calderon*, 2020 WL 2792979, at *8 ("Courts have previously recognized that intervention for the sole cause of dismissing, staying, or transferring an action – the very action sought here – is prejudicial to the original parties' right to proceed before the court of their choosing.").

In short, where, as here, a proposed intervenor does not seek to actively participate in the case, but rather seeks to prevent the action from moving forward, permissive intervention is inappropriate. That is particularly true where, as here, the proposed intervenor has not identified a legally-protectable interest in this litigation and does not meet the requirements for intervention as of right.

### C. Mr. Sostack's Motion Should Be Denied For Failure To Meet And Confer Pursuant To This Court's Local Rules

Local Rule 3.01(g) creates a clear obligation to meet and confer regarding any motion that is not specifically articulated as an exception to the rule. Motions to intervene are not exempted from the meet and confer requirement. Mr. Sostack's counsel did not attempt to meet and confer with Plaintiffs' counsel before filing the motion to intervene, in direct contravention of this Court's Local Rules. On this basis alone, Mr. Sostack's motion should be denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Mr. Sostack's motion to intervene.

Dated:  June 16, 2021 Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: _/s/ Sarah N. Westcot_
      Sarah N. Westcot

Sarah N. Westcot (FBN:  1018272)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
Email: swestcot@bursor.com

**BURSOR & FISHER, P.A.**
Andrew J. Obergfell (*pro hac vice*)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: 212-989-9163
Email: aobergfell@bursor.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 16th day of June, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

By: */s/ Sarah N. Westcot*
Sarah N. Westcot