UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| TYLER TOOMEY and MARKAS SERGALIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RIPPLE LABS, INC., XRP II, LLC, BRADLEY GARLINGHOUSE, MCO MALTA DAX LIMITED (D/B/A CRYPTO.COM), FORIS DAX GLOBAL LIMITED (D/B/A CRYPTO.COM), FORIS DAX, INC., FORIS, INC.,<br><br>Defendants. | Civil Action No. 3:21-cv-00093-BJD-JBT |

**UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY**

Plaintiffs Tyler Toomey and Markas Sergalis ("Plaintiffs") hereby respectfully move for leave to file, no later than seven (7) days after the grant of this Motion, a reply of no more than five (5) pages to Lead Plaintiff and Proposed Intervenor Bradley Sostack's Memorandum in Opposition to Plaintiff's Motion to Appoint Lead Plaintiff and in Support of Ripple's Motion for Transfer ("Sostack Opp.") (ECF No. 62). Plaintiffs seek leave from the Court primarily to distinguish the authorities relied on by Mr. Sostack in his opposition, as none of them involve comparable facts or scenarios as the present matter, and certainly none permit a third party to intercede in an action involving completely separate parties.

1

For example, in *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 430 (E.D. Va. 2000), the court considered the issue of Rule 42 consolidation of "two dozen" securities fraud cases and appointment of a lead plaintiff. Here, however, pending before the Court is Plaintiff Toomey's motion for appointment as lead plaintiff against the Crypto.com Defendants, not a motion for consolidation. *In re MicroStrategy Inc.* does not stand for the proposition that a lead plaintiff prosecuting an action against separate parties in a separate jurisdiction may oppose a lead plaintiff motion of a plaintiff prosecuting an action against a separate defendant.

Mr. Sostack's citation to *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 113 (2d Cir. 2005) is similarly inapposite because it considered the propriety of a class action settlement on due process grounds where certain categories of claims were not pursued in exchange for a favorable class settlement. Needless to say, that is not the case here. There is no class settlement in the California action; indeed, there is not even a certified class. As such, this authority does not advance the ball for Mr. Sostack.

Finally, and perhaps most importantly, Mr. Sostack cites *In re BankAmerica Corp. Securities Litig.*, 95 F.Supp.2d 1044, 1050 (E.D. Mo. 2000) for the proposition that "[f]ederal courts have unequivocally denounced attempts to circumvent the PSLRA by filing follow-on suits in competing jurisdictions." Sostack Opp. At 10. But that is not what *In re BankAmerica Corp.* says. There, lead plaintiffs in a *certified* class action sought an injunction of an identical *uncertified* state court case that would fully extinguish the federal case. *Id.* at 1046-1051. Here, there are two uncertified

federal actions that involve different defendants and resolution of Plaintiff Toomey's federal securities claim would not extinguish Mr. Sostack's case. These distinguishing factors have persuaded other courts to decline to apply the ruling in *In re BankAmerica Corp.*, as will be more fully developed in Plaintiffs' reply brief.

Accordingly, Plaintiffs respectfully request that this Court grant them leave to file a reply brief in further support of Plaintiff Toomey's Motion to Appoint Lead Plaintiff.

Dated:  June 22, 2021                                      Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:    */s/ Sarah N. Westcot*
           Sarah N. Westcot

Sarah N. Westcot (FBN:  1018272)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
Email: swestcot@bursor.com

**BURSOR & FISHER, P.A.**
Andrew J. Obergfell (*pro hac vice*)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: 212-989-9163
Email: aobergfell@bursor.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

I certify that, pursuant to Local Rule 3.01(g), counsel for Plaintiffs conferred with counsel for Mr. Sostack prior to the filing of this motion, and counsel for Mr. Sostack stated that Mr. Sostack does not oppose the relief requested in this motion.

By:   */s/ Sarah N. Westcot*
Sarah N. Westcot

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 22nd day of June, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

By:   */s/ Sarah N. Westcot*
Sarah N. Westcot