# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| TYLER TOOMEY and MARKAS SERGALIS, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>RIPPLE LABS, INC., XRP II, LLC, BRADLEY GARLINGHOUSE, MCO MALTA DAX LIMITED (D/B/A CRYPTO.COM), FORIS DAX GLOBAL LIMITED (D/B/A CRYPTO.COM), FORIS DAX, INC., FORIS, INC.,<br><br>     Defendants. | Civil Action No. 3:21-cv-00093-BJD-JBT |

**PLAINTIFFS TYLER TOOMEY AND MARKAS SERGALIS' REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF TYLER TOOMEY'S MOTION TO APPOINT LEAD PLAINTIFF AND APPROVE HIS SELECTION OF LEAD COUNSEL**

Sarah N. Westcot (FBN: 1018272)
**BURSOR & FISHER, P.A.**
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Attorneys for Plaintiffs*

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ........................................................................................................ 2

    A. Mr. Toomey's Motion Does Not Circumvent The PSLRA .................... 2

    B. Mr. Toomey Satisfied The Requirements Of The PSLRA ..................... 5

III. CONCLUSION .................................................................................................... 5

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*In re BankAmerica Corp. Securities Litig.*,
   95 F.Supp.2d 1044 (E.D. Mo. 2000) ................................................................. 4, 5

*In re Lendingclub Sec. Litig.*,
   282 F. Supp. 3d 1171 (N.D. Cal. 2017) ................................................................. 4

*In re MicroStrategy Inc. Sec. Litig.*,
   110 F. Supp. 2d 427 (E.D. Va. 2000) .................................................................... 3

*Pac. Biosciences of California, Inc.*,
   2013 WL 4482739 (N.D. Cal. Aug. 20, 2013) ...................................................... 4

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
   396 F.3d 96 (2d Cir. 2005) .................................................................................... 3

**STATUTES**

15 U.S.C. §§ 77z-1 ................................................................................................ 2, 5

## I. INTRODUCTION

Bradley Sostack, lead plaintiff in *In re Ripple Labs Inc. Litigation*, 4:18-cv-06753 (N.D. Cal) (the "California Action"), which brings claims under federal securities laws and California state law against Defendants Ripple Labs, Inc., XRP II, LLC, and Bradley Garlinghouse (collectively "Ripple"), and not Crypto.com[1] or any related entity, has filed an opposition to Plaintiff Tyler Toomey's motion to be appointed lead plaintiff as to his federal securities claim against Crypto.com. *See* Lead Plaintiff and Proposed Intervenor Bradley Sostack's Memorandum in Opposition to Plaintiff's Motion to Appoint Lead Plaintiff and in Support of Ripple's Motion for Transfer (ECF No. 62) ("Sostack Opp."). Mr. Sostack has filed this opposition even though he has not been granted the right to intervene in this matter.[2] Regardless, Mr. Sostack's opposition provides no grounds for denying Plaintiff Toomey's motion to appoint him as lead plaintiff as to his federal securities claims against Crypto.com.

Mr. Sostack argues that "Mr. Toomey's motion for appointment as lead plaintiff is an untimely attempt to relitigate the selection of a lead plaintiff." Sostack Opp. at 7. That is wrong. Mr. Toomey asserts claims for damages and injunctive relief against Crypto.com, and does not assert any federal securities claims against Ripple or any other defendant named in the California Action. This case is not an attempt to re-

---

[1] Crypto.com is the cryptocurrency exchange through which Plaintiff Toomey purchased his XRP, which is a d/b/a of a web of entities named as Defendants in this case, specifically MCO Malta Dax Limited (d/b/a Crypto.com) and Foris Dax Global Limited (d/b/a Crypto.com).
[2] For the reasons discussed in Plaintiffs' opposition to Mr. Sostack's motion to intervene (ECF No. 64), Mr. Sosatck should not be entitled to intervene in this matter, and his opposition to Plaintiff Toomey's lead plaintiff motion should be disregarded and the motion treated as unopposed.

1

litigate the California Action; in fact, there are no overlapping claims between this action and the California action. Importantly, Mr. Toomey is not seeking to interfere with Mr. Sostack's ability to prosecute the California Action as he sees fit. Simply because Mr. Toomey's claims against Crypto.com may have some tangential effect on the California Action in the form of overlapping factual issues does not support the conclusion that this matter is somehow a re-litigation of the lead plaintiff process in the California Action.

None of the authority cited by Mr. Sostack stands for the proposition that a plaintiff in an uncertified action may properly oppose another plaintiff's motion to be appointed lead plaintiff in an action involving a separate defendant and asserting separate claims. Further, Mr. Toomey seeks injunctive relief against Crypto.com and recovery of transaction fees paid by Crypto.com customers, issues that will not (and cannot) be decided in the California Action.

Further, it is undisputed that Mr. Toomey has satisfied the requirements of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §§ 77z-1. As such, Mr. Toomey's motion to appoint lead plaintiff should be granted.

## II. ARGUMENT

### A. Mr. Toomey's Motion Does Not Circumvent The PSLRA

Mr. Toomey's lead plaintiff motion is not "untimely" and does not seek to circumvent the PSLRA because his claims are completely distinct from those in the California Action in that his federal securities claims are asserted against Crypto.com, not Ripple. Mr. Sostack has not pointed to any authority that would allow him to

usurp Mr. Toomey's claims against Crypto.com, especially where, as here, no class has been certified.  Each of the cases cited by Mr. Sostack are inapposite.

First, Mr. Sostack cites *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 430 (E.D. Va. 2000), wherein the court considered the issue of Rule 42 consolidation of "two dozen" securities fraud cases and appointment of a lead plaintiff. Undertaking the consolidation analysis under the Rule 42 standard, the court noted that consolidation does not require actions to be identical.  However, here, the question before the Court is not whether Rule 42 consolidation is appropriate between this action and the California action; rather, the question is whether a putative class representative in an action pending in another jurisdiction may intervene in and oppose a putative class representative's appointment as lead plaintiff against a separate defendant.  *In re MicroStrategy* does not answer that question.

Second, Mr. Sostack argues that he could have brought claims against cryptocurrency exchanges.  Sostack Opp. at 9.  As a threshold matter, it is not clear from Mr. Sostack's complaint whether he purchased XRP from Crypto.com, so it is not clear whether Mr. Sostack would have a viable claim against Crypto.com.  Mr. Sostack cites *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 113 (2d Cir. 2005) in support of his argument that due process does not require him to bring all viable claims, but *Wal-Mart* considered the propriety of a class action settlement on due process grounds where certain categories of claims were not pursued in exchange for a favorable class settlement.  Here, by contrast, there is no class settlement pending wherein the Court must consider the due process rights of absent class members.

3

Instead, there are parallel uncertified actions, and the Court must answer whether a putative class representative in one action may prevent a putative class representative in a separate jurisdiction from pursuing claims against a completely separate defendant based on overlapping questions of law. Mr. Sostack's cited authority does not suggest any such right.

Third, Mr. Sostack argues that "[f]ederal courts have unequivocally denounced attempts to circumvent the PSLRA by filing follow-on suits in competing jurisdictions" (Sostack Opp. at 10), but then fails to cite any case that is comparable to the facts of this case, namely two federal courts considering parallel uncertified actions against different defendants. Instead, Mr. Sostack cites to *In re BankAmerica Corp. Securities Litig.*, 95 F.Supp.2d 1044, 1049–50 (E.D. Mo. 2000), which is readily distinguishable from the present matter. There, lead plaintiffs in a *certified* class action sought an injunction of an identical *uncertified* state court case that would fully extinguish the federal case. *Id.* at 1046-1051. Here, there are two uncertified federal actions that involve different defendants and resolution of Plaintiff Toomey's federal securities claim would not extinguish Mr. Sostack's case. These distinguishing factors have persuaded other courts to decline to apply the ruling in *In re BankAmerica Corp. See In re Lendingclub Sec. Litig.*, 282 F. Supp. 3d 1171, 1190 (N.D. Cal. 2017) (declining to enjoin a parallel state-court action where "no party has raised the specter of a settlement, certainly not a settlement that threatens to dispose of all claims on behalf of all class members"); *Primo v. Pac. Biosciences of California, Inc.*, 2013 WL 4482739, at *3 (N.D. Cal. Aug. 20, 2013) ("[A]s Defendants point out, *BankAmerica* is

4

distinguishable from this case on multiple grounds, primarily because the federal class in *BankAmerica* had already been certified and there were problems with the certification of the later filed state action.").

**B.     Mr. Toomey Satisfied The Requirements Of The PSLRA**

Neither Defendants nor Mr. Sostack dispute that Plaintiff Toomey complied with the requirements of the PSLRA in the form of providing notice, submitting a PSLRA certification, and timely filing a motion for appointment. *See generally* 15 U.S.C. §§ 77z-1. No other plaintiff has come forward in response to Plaintiff Toomey's notice, and therefore Plaintiff Toomey's motion to appoint lead plaintiff should be granted.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiff Toomey's Motion to Appoint Lead Plaintiff and Approve His Selection of Lead Counsel (ECF No. 58).

Dated:  June 25, 2021                             Respectfully submitted,

                                                  **BURSOR & FISHER, P.A.**

                                                  By:    */s/ Sarah N. Westcot*
                                                        Sarah N. Westcot

                                                  Sarah N. Westcot (FBN:  1018272)
                                                  701 Brickell Avenue, Suite 1420
                                                  Miami, FL 33131
                                                  Telephone: (305) 330-5512
                                                  Facsimile:  (305) 676-9006
                                                  Email: swestcot@bursor.com

5

**BURSOR & FISHER, P.A.**
Andrew J. Obergfell (*pro hac vice*)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: 212-989-9163
Email: aobergfell@bursor.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 25th day of June, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

By: /s/ *Sarah N. Westcot*
Sarah N. Westcot
