# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| TYLER TOOMEY and MARKAS SERGALIS, on behalf of themselves and all others similarly situated,<br><br><br>Plaintiffs,<br><br><br>v.<br><br><br>RIPPLE LABS INC., XRP II, LLC, BRADLEY GARLINGHOUSE, MCO MALTA DAX LIMITED (D/B/A CRYPTO.COM), FORIS DAX GLOBAL LIMITED (D/B/A CRYPTO.COM), FORIS DAX, INC., FORIS, INC.<br><br><br>Defendants. | Civil Action No. 3:21-cv-00093 |

## JOINT MOTION FOR A STATUS CONFERENCE

Plaintiffs Tyler Toomey and Markas Sergalis ("Plaintiffs") and Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse ("Ripple") (collectively the "Moving Parties") hereby move this Court to convene a status conference at the Court's earliest convenience to address a dispute that has arisen between the Moving Parties regarding the scope of permissible discovery. Specifically, a dispute has arisen as to whether Ripple and third-parties must participate in discovery during the

pendency of Ripple's fully briefed motion to dismiss, or if the Private Securities Litigation Reform Act ("PSLRA") provides an automatic stay of discovery pending resolution of that motion.  Moving Parties have briefed this issue, among others, in the motion to stay discovery (ECF No. 47, 50, 57), engaged in various meet and confer discussions on this issue, and believe that future motion practice is imminent absent additional guidance from the Court.

Ripple's position is that because Plaintiffs' Second Amended Complaint included federal securities law claims, the PSLRA was triggered by the filing of the motion to dismiss and provides for an automatic stay until such time as Ripple's fully briefed motion to transfer, dismiss or stay is resolved[1] and/or Crypto.com moves to dismiss or answer.  15 U.S.C. § 77z-1(b)(1) ("In any private action arising under this subchapter, all discovery and any other proceedings shall be stayed during the pendency of any motion to dismiss . . . .")  Plaintiffs' position is that unless an order staying the case is entered, or unless a protective order is requested and granted, Ripple may not unilaterally impose a discovery stay where the parties have held a 26(f) conference and there is a scheduling order in place.  *Ricks v. MediCredit, Inc.*, 2017 WL 6389672, at *1 (M.D. Fla. Dec. 13, 2017) ("A party generally may not avoid responding to discovery requests based on the pendency of a motion to stay.  Rather,

---

[1] Ripple's motion to transfer, dismiss or stay was filed on April 26 and is fully briefed. ECF Nos. 45, 56, 63.  Ripple concurrently filed its motion to stay discovery under the PSLRA and the Court's inherent powers.  ECF Nos. 47, 50, 57.

the party must seek and obtain a protective order before the time in which responses to the discovery requests are due.").

Federal Rule of Civil Procedure 16(a) provides that a court may, in its discretion, direct attorneys for the parties to appear before it for a conference in order to expedite matters and establish early and continuing control over a case. The Moving Parties believe a status conference will provide clarity on this issue and may obviate the need for additional motion practice on this dispute. As such, the Moving Parties respectfully request that the Court schedule a status conference at its earliest convenience. If desirable, the Moving Parties would be happy to set out their respective positions more fully in short statements, not to exceed three pages in length each, in advance of the scheduled hearing.

Dated: July 28, 2021                                   Respectfully submitted,


                                                      */s/ Suzanne E. Nero*
                                                      _____
                                                      SUZANNE E. NERO (pro hac vice)
                                                      snero@kslaw.com
                                                      **KING & SPALDING LLP**
                                                      50 California Street
                                                      Suite 3300
                                                      San Francisco, CA 94111
                                                      Tel: (415) 318-1200; Fax: (415) 318-1300

                                                      DAMIEN J. MARSHALL (FBN: 191302)
                                                      dmarshall@kslaw.com
                                                      **KING & SPALDING LLP**
                                                      1185 Avenue of the Americas, 34th Floor
                                                      New York, NY 10036
                                                      Tel: (212) 566-2100; Fax: (212) 556-2222

ANDREW J. CERESNEY (pro hac vice)
aceresney@debevoise.com
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000; Fax: (212) 909-6836

Dated: July 28, 2021            */s/ Andrew J. Obergfell*
                         _____

ANDREW J. OBERGFELL (pro hac vice)
aobergfell@bursor.com
**BURSOR & FISHER, P.A**.
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150; Fax: (212) 989-9163

SARAH N. WESTCOT (FBN: 1018272)
swestcot@bursor.com
**BURSOR & FISHER, P.A**.
701 Brickell Avenue, Suite 1420,
Miami, FL 33131
Tel: (305) 330-5512; Fax: (305) 676-9006

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)</u>

I certify that, pursuant to Local Rule 3.01(g), counsel for Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse conferred with counsel for Plaintiffs prior to the filing of this motion, and both parties consent to the motion. Crypto.com and its affiliates have not yet been served.

*/s/ Suzanne E. Nero*
Suzanne E. Nero

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 28th day of July 2021, a copy of the foregoing was electronically filed with the Clerk of this Court using the CM/ECF system, which will notify all counsel of record.

*/s/ Suzanne E. Nero*
Suzanne E. Nero
