UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TYLER TOOMEY and
MARKAS SERGALIS,
on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.                                                                                         Case No. 3:21-cv-93-BJD-JBT

RIPPLE LABS, INC., et al.,

        Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse's Motion to Transfer, Dismiss, or Stay Plaintiffs' Second Amended Complaint (Doc. 45; Motion), and Plaintiffs Tyler Toomey and Markas Sergalis' Opposition to Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse's Motion to Transfer, Dismiss, or Stay Plaintiffs' Second Amended Complaint (Doc. 56).

### I.  Background

Plaintiffs bring this class action against Defendants for violations of state and federal securities laws related to the sale of XRP cryptocurrency tokens. (Doc. 26; Complaint).  In their Second Amended Complaint, Plaintiffs

make the following claims on behalf of Plaintiffs and the class against Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse (Ripple Defendants) on behalf of Florida residents for alleged violations of the Florida Securities and Investor Protection Act (Count I); Florida's Deceptive and Unfair Trade Practices Act (Count II); Fraudulent Misrepresentation/Omission (Count III); Negligent Misrepresentation (Count IV); Conversion (Count V); Unjust Enrichment (Count VI); and Money had and Received (Count VII). Complaint at 46-55.

In addition, Plaintiffs bring claims against Defendants Crypto.com and Kraken's for their alleged sale or participation in the sale of unregistered XRP tokens to investors in the United States and the State of Florida as follows: on behalf of Plaintiff Toomey and the Crypto.com Class and Subclass against Crypto.com for the Unregistered Offer and Sale of Securities in Violation of Sections 5 and 12(a)(1) of the Securities Act of 1933 (Count VIII); violation of Florida's Deceptive and Unfair Trade Practices Act (Count XIX); Unjust Enrichment (Count X); and Money had and Received (Count XI). Id. at 56-61.

Plaintiffs also bring claims on behalf of Plaintiff Sergalis and the Kraken Class and Subclass against Kraken for violations of Sections 5 and 12(a)(1) of the Securities Act of 1933 for the Unregistered Offer and Sale of Securities (Count XII); Florida's Deceptive and Unfair Trade Practices Act

and various sections of the Securities Exchange Act of 1934 (Count XIII); Unjust Enrichment (Count XIV); and Money Had and Received (Count XV). Id. at 61-67.

Defendants Ripple argue that the case should be transferred to the Northern District of California pursuant to the first-filed rule or 28 U.S.C. § 1404(a). Motion at 8. Central to Ripple's argument is that the first-filed rule applies because of a consolidated putative class action that involves almost identical issues pending in the Northern District of California as of November 7, 2018 (California Action). Id. at 9; see Zakinov et al. v. Ripple Labs, Inc. et al., Case No. 4:18-cv-06753-PJH (N.D. Cal.) (Doc. 2). In the alternative, Defendants request the action be dismissed or stayed pending a decision on class certification in Zakinov et al. v. Ripple Labs, Inc. et al., Case No. 4:18-cv-06753-PJH (N.D. Cal.) (California Action). Id.  Defendants Ripple also move to dismiss all counts of Plaintiffs' Second Amended Complaint (Counts I-VII) with prejudice pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).

Plaintiffs respond that it is inappropriate to transfer this action under either the first-filed rule or § 1404(a) because of the dissimilarity of the parties and issues of this and the California Action. (Doc. 56 at 7). In particular, Plaintiffs argue this action involves the Crypto.com defendants, who are not parties in the California Action, and also involves legal claims against Crypto.com not alleged nor actively being litigated in the California

Action. Id.  In addition, Plaintiffs contend that the action should remain in this Court based on the involvement of Florida Plaintiffs who bring claims on behalf of a Florida class pursuant to Florida law. Id.  Further, Plaintiffs assert that the proposed classes are not the same and a class has not been certified in either action. Id.

Likewise, Plaintiffs offer that 28 U.S.C. § 1404 does not allow for the transfer of this action because Plaintiffs' choice of forum controls in that Plaintiffs are individuals who purchased security in Florida and are seeking relief pursuant Florida law on behalf of themselves and Florida investors. Id. at 8.

## II. First-to-File Rule

When a party has competing or parallel actions in different courts, the first court to have the action filed is expected to hear the case. See Collegiate Licensing Co. v. Am. Cas. Co. of Reading, 713 F.3d 71, 78 (11th Cir. 2013). A strong presumption favors the forum where the first suit is filed if there are duplicative actions with overlapping issues and parties. See Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005).  To justify an exception to the first-to-file rule, the opposing party must demonstrate compelling circumstances to maintain the action in another court. Id. In circumstances that fall under the "first-to-file" rule, a district court may stay,

transfer, or dismiss a "duplicative later-filed action." Glasgo v. Uber Techs., Inc., 2019 WL 1998326, at *1 (M.D. Fla. May 3, 2019).

A court considers the following when determining whether the First-to-File rule applies: (1) the chronology of the two actions; (2) similarity of the parties; and (3) similarity of the issues. See 15 U.S.C. § 77e(a),(c); Glasgo, 2019 WL 1998326, at *1; Poertner v. Gillette Co., 2012 WL 12898875, at *1 (M.D. Fla. July 9, 2012).

Various related actions were filed in the state and federal courts of California beginning in May of 2018 (Docs. 45, 46).  On March 18, 2019, the actions were consolidated at the state court level and removed to the Northern District of California with all other pending actions as a putative class action. See id.; In re Ripple Labs Inc. Litigation, 4:18-cv-06753-PJH (N.D. Cal.) (Doc. 2 at 5-7) ("[T]he newly consolidated action became removable pursuant to CAFA [Class Action Fairness Act] because the Greenwald Action is brought on behalf of a worldwide class, with no geographic limitations, Plaintiff Greenwald, an Israeli resident, against Defendants, many of whom do not reside in California."). Thereafter, the consolidated complaint in the California Action was filed August 5, 2019 (Docs. 45 at 11; 46).

Central to the issue in the California Action is whether Defendant "Ripple's distributions of XRP constitute 'investment contracts' that are

subject to registration as a 'security' under federal and state law." Motion at 10. As is at issue in the instant action, the California Action will consider the allegations in the consolidated complaint that Defendant Ripple failed to register XRP as a security in violation of Section 12(a)(1) and 15 of the Securities Act of 1933 and state securities law. Id. at 11; see also (Doc. 46, Declaration of Suzanne E. Nero).

The initial complaint in this action was filed January 25, 2021, which was approximately a year and five months after the consolidated complaint was filed in the California Action. (Docs. 1; 45 at 11). Thus, the California Action constitutes the first-filed action. Next, Plaintiffs' claims encompass and are based on the same alleged liability of the private actions consolidated in the California Action. Further, the parties are similar and the legal and factual issues are substantially similar so that Plaintiffs' interests are represented in the California Action through the putative class members. The Court, therefore, deems it appropriate to transfer the action based on the first-to-file rule.

### III.   Section 1404(a)

In considering the alternative argument of whether to transfer a case pursuant to § 1404(a), the district court must determine whether "the convenience of parties and witnesses, in the interest of justice" suggest the transfer of a case to another district or division. To determinate whether the

circumstances of a case warrant transfer, the court evaluates a number of factors. They include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005). Under § 1404(a), a trial court has broad discretion in determining whether a transfer is appropriate. Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991).

It is the party seeking the transfer who bears the burden of establishing that a case should be transferred to the suggested forum in the interests of convenience and justice. See In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989) ("[T]he burden is on the movant to establish that the suggested forum is more convenient."). "In determining the propriety of transfer, the Court must give considerable weight to Plaintiff's choice of forum." Response Reward Sys., L.C. v. Meijer, Inc., 189 F. Supp. 2d 1332, 1339 (M.D. Fla. 2002) (internal citations omitted); see also In re Ricoh Corp., 870 F.2d at 573 ("[F]ederal courts traditionally have accorded a plaintiff's

choice of forum considerable deference."). "Only if the Plaintiff's choice is clearly outweighed by considerations of convenience, cost, judicial economy, and expeditious discovery and trial process should this Court disregard the choice of forum and transfer the action." Id.; see also Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."). However, a plaintiff's choice of forum is entitled to less deference where an action is brought on behalf of a class with members similarly situated. See, e.g., Roy v. Perdue Farms, Inc., No. 6:13-cv-1656-Orl-36KRS, 2014 WL 12783276, at *2 (M.D. Fla. June 9, 2014). Generally, venue is proper in a judicial district in which a defendant resides and a district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b).

Upon review of the aforementioned factors, the Court finds the Motion is due to be granted. Specifically, the factors weighing in favor of transfer include: (1) the case could have originally been brought in the Northern District of California as Defendants Ripple and Kraken are located in California; (2) California will be more convenient for the witnesses who will most likely be Ripple employees or related to the Ripple operation located in California; (3) the majority of the pertinent business records and documentary evidence is located in California; and (4) as the majority of the

alleged conduct has occurred or continues to occur in the Northern District of California, this case has very little relationship or nexus to the Middle District of Florida. Further, the docket in the California action reflects that class certification has not been determined yet as the class certification motion is due to be filed in the Northern District of California court on or before August 26, 2022, with the hearing on the class certification motion scheduled on November 23, 2022 (Doc. 124; California Action). Even if it is inconvenient for Plaintiffs in this action to travel to California, that this is a putative class action and the lead plaintiff in the California Action is a Florida citizen provide support for the action being transferred. Of consideration, also, is the availability of process to compel the attendance of unwilling witnesses and the relative means of the parties, which do not weigh against transfer.

Further, the Florida state law claims in this action would not impede the California court from considering and applying the appropriate law. And given the consolidated cases and that the lead plaintiff in the California Action is a Florida plaintiff, the weight accorded a plaintiff's choice of forum is given less weight as the operative facts in this action occurred and were available throughout the country and not only in Florida. Considering that all of the other private actions against Ripple concerning the XRP cryptocurrency are before the Northern District of California court in the

California Action, the weight afforded trial efficiency and the interests of justice, based on the totality of the circumstances, tips heavily toward transfer.

Accordingly, it is

**ORDERED:**

1. Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse's Motion to Transfer, Dismiss, or Stay Plaintiffs' Second Amended Complaint (Doc. 45) is **GRANTED**.

2. The Clerk is directed to transfer this case to the Northern District of California.

**DONE** and **ORDERED** in Jacksonville, Florida this __20th__ day of August, 2021.

*[signature]*

BRIAN J. DAVIS
United States District Judge

7
Copies furnished to:

Counsel of Record