MATTHEW G. BALL (SBN 208881)
matthew.ball@klgates.com
JEREMY M. MCLAUGHLIN (SBN 258644)
jeremy.mclaughlin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: (415) 249-1014
Facsimile:  (415) 882-8220

STAVROULA E. LAMBRAKOPOULOS (*Pro Hac Vice*)
stavroula.lambrakopoulos@klgates.com
K&L GATES LLP
1601 K Street, N.W.
Washington, DC 20006
Telephone: (202) 778-9248
Facsimile:  (202) 778-9100

Attorneys for Defendants
FORIS DEFENDANTS

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER TOOMEY, *et al.*,<br><br>                              Plaintiffs,<br><br>vs.<br><br>RIPPLE LABS, INC., *et al.*,<br><br>                              Defendants. | Case No.: 3:21-cv-06518-WHO<br><br>**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS DEFENDANTS FORIS DAX, INC. AND FORIS, INC.**<br><br>Date:          October 20, 2021<br>Time:         2:00 p.m.<br>Dept.:         2<br>Judge:        The Hon. William H. Orrick |

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

## **Table of Contents**

I.      INTRODUCTION ................................................................................................1

II.     RELEVANT FACTS .........................................................................................4

III.    ARGUMENT .....................................................................................................5

      A.      Plaintiff Toomey Has Failed to State a Cause of Action Under Sections 5 or 12(a)(1) of the Securities Act (Count VIII) ...............................................................6

           1.      The Foris Defendants are not Statutory Sellers Under Section 12(a)(1) ...........7

           2.      Plaintiffs Lack Standing to Assert Section 12(a)(1) Claim ............................9

           3.      Plaintiffs do not Allege that their XRP Exchanges Occurred in the United States ...............................................................................................................9

      B.      The Statute of Repose Bars Section 12(a)(1) Claims .................................................11

      C.      The FDUTPA and Common Law Claims Also Fail Where the Underlying Violations Are Dismissed for Failure to State a Claim (Counts IX to XI)....................................12

IV.     CONCLUSION...............................................................................................15

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Absolute Activist Value Master Fund Ltd. v. Ficeto*,
    677 F.3d 60 (2d Cir. 2012)...................................................................................................10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).............................................................................................................6

*Banco Safra S.A. v. Samarco Mineracao S.A.*,
    849 Fed. Appx. 289 (2d Cir. 2021)......................................................................................11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).............................................................................................................6

*Blair v. Wachovia Mortg. Corp.*
    2012 U.S. Dist. LEXIS 33941 (M.D. Fla. 2012) ................................................................13

*Bryant v. CIT Group/Consumer Fin.*,
    Case NO. H-16-1840, 2017 U.S. Dist. LEXIS 74131 (S.D. Tex. April 11, 2018)................13

*Cal. Pub. Emp. Ret. Sys. v. ANZ Sec., Inc.*,
    137 S. Ct. 2042 (2017)........................................................................................................11

*Chaparro v. Carnival Corp.*,
    693 F.3d 1333 (11th Cir. 2012) .........................................................................................5, 6

*City of Pontiac Policemen's System v. UBS AG*,
    752 F.3d (2d Cir. 2014).......................................................................................................11

*Crosbie v. Endeavors Techs., Inc.*,
    Case No. SA VC 08-1345 AHS, 2009 U.S. Dist. LEXIS 100244 (C.D.Cal.
    October 22, 2009) ................................................................................................................13

*In re Daou Sys. Inc.*,
    411 F.3d 1006 (9th Cir. 2005) ...........................................................................................7, 8

*Demaria v. Gisbex Clearing Corp.*,
    Case No. 10-20426-CIV-TORRES, 2010 U.S. Dist. LEXIS 157862 (S.D. Fla.
    Nov. 23, 2010) .....................................................................................................................14

*Doane v. First Franklin Fin.*,
    Case No. 2:11-cv-02130, 2012 U.S. Dist. LEXIS 81450 (E.D. Cal. June 12, 2012) ...............6

*Fabian v. Lemahieu*,
    Case No. 19-cv-00054, 2019 U.S. Dist. LEXIS 172906 (N.D. Cal. Oct. 4, 2019)....................7

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS**

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ..................................................................................6

*Holsworth v. BProtocol Found.*,
    Case. No. 20 CIV. 2810 (AKH), 2021 WL 706549 (S.D.N.Y. Feb. 22, 2021) ......................10

*Hucke v Kubra Data*,
    Case No. 15-14232-CIV-ROSENBERG/LYNCH, 2015 U.S. Dist. LEXIS 176252
    (S.D. Fla. Oct. 8, 2015), *adopted* 160 F. Supp. 3d 1320, 1322 (S.D. Fla. 2015).....................14

*In re Zantac (Ranitidine) Prods. Liab. Litig.*, Cas No. 20-MD-2824, 2021 U.S. Dist.
    LEXIS 122725, *45-46 (S.D. Fla. June 30, 2021)...................................................................14

*Landers v. Quality Communications, Inc.*,
    771 F.3d 638 (9th Cir. 2015) ..................................................................................6

*Leonard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    64 F.R.D. 432 (S.D.N.Y. 1974) ..................................................................................9

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
    Case No. 2:10-CV-0302 MRP, 2011 WL 4389689 (C.D. Cal. May 5, 2011)..........................8

*McCormick v. Indep. Life & Annuity Co.*,
    794 F.3d 817 (7th Cir. 2015) ..................................................................................11

*Moore v. Kayport Package Express, Inc.*,
    885 F.2d 531 (9th Cir. 1989) ..................................................................................7

*Mori v. Saito*,
    Case No. 10 Civ. 6465(KBF), 2013 WL 1736527 (S.D.N.Y. Apr. 19, 2013).......................12

*Morrison v. Nat'l Austl. Bank Ltd.*,
    561 U.S. 247 (2010)..........................................................................................9, 10

*Murken v. Barrow*,
    Case No. CV88-2492, 1989 U.S. Dist. LEXIS 16537 (C.D. Cal. Nov. 3, 1989) ....................6

*In re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Sec. Litig.*,
    636 F. Supp. 1138 (C.D. Cal. 1986) ..................................................................................12

*Nelson v. County of Sacramento*,
    926 F. Supp. 2d 1159 (E.D. Cal. 2013)..................................................................................6

*P. Stolz Fam. P'ship, L.P. v. Daum*,
    355 F.3d 92 (2d Cir. 2004)..................................................................................11

*Pinter v. Dahl*,
    486 U.S. 622 (1988)..........................................................................................7, 8, 9

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS**

*Rensel v. Centra Tech., Inc.*,
  2019 U.S. Dist. LEXIS 79855 (S.D. Fla. May 13, 2019) ........................................................8

*Ryder Int'l Corp. v. First Am. Nat'l Bank*,
  943 F.2d 1521 (11th Cir. 1991) ........................................................7

*Schentag v. Nebgen*,
  Case No. 1:17-CV-8734-GHW, 2018 WL 3104092 (S.D.N.Y. June 21, 2018).....................10

*SEC v. Berbel*,
  Case No. 17-23572-CIV, 2018 U.S. Dist. LEXIS 31746 (S.D. Fla. Feb. 26, 2018) ..............11

*SEC v. Bio Def. Corp.*,
  Case No. 12-11669-DPW, 2019 WL 7578525 (D. Mass. Sept. 6, 2019) ...............................10

*Tedder v. Harbour Phase I Owners, LLC*,
  Case No. 8:08-cv-1674-T-30TGW, 2009 U.S. Dist. LEXIS 36251 (M.D. Fla.
  April 17, 2009)........................................................13

*In re Tezos Sec. Litig.*,
  2018 U.S. Dist. LEXIS 157247 (N.D. Cal. Aug. 7, 2018)....................................................7, 8

*In re Vivendi Universal, S.A. Sec. Litig.*,
  765 F. Supp. 2d 512 (S.D.N.Y. 2011)........................................................10

*In re Worlds of Wonder Sec. Litig.*,
  721 F. Supp. 1140 (N.D. Cal. 1989) ........................................................8, 9

*XOMA Corp. Securities Litig.*, Case No. C-91-2252 TEH, 1990 WL 357807, at *11
  (N.D. Cal. Dec. 27, 1991) ........................................................8

*Zakinov v. Ripple Labs, Inc.*,
  Case No. 18-cv-06753-PJH, 2020 U.S. Dist. LEXIS 32982 (N.D. Cal. Feb. 26,
  2020) ........................................................11

**Statutes**

15 U.S.C. § 77l........................................................7

15 U.S.C. § 77m........................................................11

Pub. L. 104-67........................................................7

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS**

1    PLEASE TAKE NOTICE that on October 20, 2021, at 2 p.m., at 450 Golden Gate Avenue,

2  San Francisco, California, Defendants Foris DAX, Inc., and Foris, Inc. (the "Foris Defendants"),

3  through undersigned counsel, will and hereby do respectfully request that this Court enter an order

4  dismissing the Plaintiffs' claims against the Foris Defendants in the Second Amended Complaint

5  ("SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rules") for failure to

6  state a claim.  In support of the motion and in lieu of a separate memorandum of law, the Foris

7  Defendants state the following:

8  **I.    INTRODUCTION**

9    Plaintiffs Tyler Toomey and Markus Sergali ("Plaintiffs") are Florida residents who bought

10  and sold XRP, a virtual currency sponsored by Defendant Ripple Labs, Inc. ("Ripple").  On the heels

11  of an enforcement action brought by the U. S. Securities and Exchange Commission ("SEC") against

12  Ripple and its officers, Toomey − in a case of buyer's remorse − raced to the U.S. District Court for

13  the Middle District of Florida ("Florida Court") initially to file a putative class action on behalf of

14  himself and a class of XRP purchasers against Ripple and related parties (the "Ripple Defendants").

15  He first claimed damages under the Florida Securities and Investor Protection Act ("FSIPA"), the

16  Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and several common law claims

17  including fraudulent and negligent misrepresentation or omission.  On March 26, 2021, two months

18  and two amendments later, Toomey filed the operative Second Amendment Complaint ("SAC") in

19  the Florida Court [Docket No. 26].  This time, he joined Sergali as a plaintiff and added federal

20  securities law claims against several intermediary parties, including the Foris Defendants, whom

21  Plaintiffs allege to have either provided the virtual exchange platforms that facilitated XRP sales or,

22  at best, "participated" in the offerings of XRP to U.S. investors residing in Florida.  These

23  intermediary defendants also include:  (1) Payward, Inc. (d/b/a Kraken) ("Kraken"), which was

24  voluntarily dismissed soon afterwards [Docket No. 48]; and, (2) two foreign entities − MCO Malta

25  DAX Limited (d/b/a Crypto.com), and Foris DAX Global Limited (d/b/a Crypto.com) (collectively

26  the "App Defendants") − that are related to the Foris Defendants, but are separate legal entities and

27  businesses.  Plaintiffs improperly conflate the Foris Defendants and App Defendants based on their

28  corporate relationship, treating them as one entity that they define as "Crypto.com" and tarnishing

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS**

them with the same brush of allegations.[1]  On August 20, 2021, the Florida Court granted a motion by the Ripple Defendants to transfer this action to this Court, in light of the pending and first-filed related action before this Court which was putatively brought on behalf of XRP purchasers, Case No. 4:18-cv-06753-PJH (the "California Class Action").

The question central to each of the Plaintiffs' claims is whether XRP is a security subject to the federal securities laws, including registration requirements under the Securities Act of 1933 ("Securities Act").  Plaintiffs allege that: (i) XRP they freely bought and sold is an unregistered security offered for public sale by the Ripple Defendants in violation of the registration provisions of the FSIPA (Count I); and, (ii) the App Defendants, the Foris Defendants, and Kraken each violated Sections 5 and 12(a)(1) of the Securities Act by acting as unregistered broker-dealers when they offered XRP for purchase and sale through their digital platforms (Count VIII).  The remaining claims under the FDUTPA and common law each emanate from the same allegations, grounded on the same premise that Defendants engaged in deceptive practices to sell or "participate" in the sale of XRP without a proper registration statement while compensated in the form of "maker and taker fees".

In this nascent time of emerging cryptocurrencies, Plaintiffs would have this Court decide a question that is still not settled by U.S. or foreign regulators − whether virtual currencies such as XRP are securities and how and by whom they should be regulated.  While the SEC alleged in its December 22, 2020 complaint that XRP is a security, those claims are pending active litigation before the U.S. District Court for the Southern District of New York ("SDNY") without any resolution or finding so far.[2]

However, this Court need not reach this complex issue in order to resolve the Foris Defendants' motion to dismiss.  As set forth below, even if XRP is a security, Plaintiffs have failed

---

[1] Plaintiffs have recently served Foris DAX Global Limited ("Foris DAX Global"), and a separate motion to dismiss the SAC is being filed on its behalf.  Plaintiffs have failed to serve the other App Defendant, MCO Malta DAX Limited.  Should the remaining  Defendant be served with the SAC at this point, a separate motion to dismiss the SAC will be filed on its behalf pursuant to Fed. R. Civ. Proc. 4 for failure to timely serve the complaint and summons.  Any response to the SAC at this stage by MCO Malta DAX Limited would be premature.

[2] This question also has not been resolved in the California Class Action pending before this Court.

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

to sufficiently plead any of their claims against the Foris Defendants.[3]  The SAC cannot survive as to the Foris Defendants and must be dismissed for a number of reasons.

**First**, Plaintiffs' combined claims under Sections 5 and 12(a)(1) of the Securities Act (Count VIII) fail since neither Plaintiff alleges that he purchased or sold XRP from either of the Foris Defendants or, indeed, that the Foris Defendants are statutory sellers within the meaning of Sections 5 and 12(a)(1) and that the transactions occurred within the U.S.  Instead, Plaintiffs merely allege "upon information or belief" that the Foris Defendants are a U.S.-based subsidiary and an affiliate of Crypto.com that "participated in the sale of XRP to investors in the United States."  (SAC ¶¶ 27, 28). Only Toomey alleges that he bought and sold XRP through Crypto.com.  But, other than improperly lumping together the Foris Defendants and App Defendants among all other entities operating under the Crypto.com brand, Toomey does not allege that he purchased or sold XRP from either of the Foris Defendants or that his transactions occurred in the U.S.  Neither of the Foris Defendants offer any platform for the exchange of XRP.  Plaintiffs' lack of standing to assert these claims and their artful pleading are insufficient as a matter of law and fatal to their federal securities law claims.

**Second**, Plaintiffs' Section 12(a)(1) claims are barred by the applicable three-year statute of repose, based on their own allegations that the Ripple Defendants first made a "concerted" effort to create a market for and effected public distributions of XRP in 2013.  (*See e.g.*, SAC ¶¶ 49, 63, 64).

**Third**, Plaintiffs' remaining claims under the FDUTPA and Florida common law against the Foris Defendants (Counts IX to XI) similarly fail and must be dismissed.  They are each based on the alleged violations of the federal securities laws, including Sections 5 and 12(a)(1) of the Securities Act, and thus their fates rise and fall together with Count VIII.

Accordingly, this Court should dismiss the SAC with prejudice at this stage, before further proceedings in this action with respect to the Foris Defendants.  The Foris Defendants are not parties to the California Class Action and respectfully submit that the disposition of their Motion to Dismiss by this Court is appropriate, before any decision is made as to consolidation with the California Class Action and the pending motion for class certification in that case.

---

[3] The Foris Defendants reserve without waiver their arguments that XRP is not a security subject to the registration requirements under the Securities Act, among all other arguments related thereto, until a later stage of this litigation in the event that this Motion is denied.

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

## II.     RELEVANT FACTS[4]

Plaintiffs Toomey and Sergalis are two residents of Florida who bought XRP, a virtual currency marketed by Ripple, after conducting research and reviewing articles and materials on the Internet and various statements by Ripple officials. (SAC ¶¶ 20, 21).  The SAC alleges that Ripple first started a "concerted effort" to make a market in XRP in 2013 (*id*. ¶ 49), and that, ultimately, numerous exchanges including Crypto.com and Kraken listed XRP on their platforms.  (*Id*. ¶¶95, 146, 203-205).  Plaintiffs allege that these exchanges provided the digital apparatus through which buyers and sellers could engage in XRP transactions, and received compensation in the form of "maker and taker fees" paid by purchasers including the Plaintiffs.  (*Id*. ¶207).  Plaintiffs each purchased XRP through one or more of these exchanges. (*Id*. ¶¶147, 280, 312).

Plaintiffs claim that they sustained losses when they sold all or part of their XRP holdings at prices lower than their purchase prices.  They attribute these losses to the drop in the price of XRP when the SEC filed its lawsuit in federal court in the SDNY (the "SEC Litigation") alleging, amongst other claims, that XRP was a security subject to registration requirements which was sold by Ripple without the filing of a registration statement, in violation of Section 5 of the Securities Act. (SAC ¶¶20, 21).  In addition to the Ripple Defendants, Plaintiffs each bring claims against the entities they allege provided the digital platforms that facilitated their XRP transactions.  Sergalis alleges that he bought and sold XRP exclusively through Kraken, and does not assert any claims against the Foris Defendants and/or the App Defendants (SAC ¶21; Counts XII-XV).

Toomey's allegations as to where he bought and sold XRP are exceedingly vague and conclusory.  He conflates four separate legal entities into one entity that he defines as "Crypto.com" and alleges that he bought his 135 XRP through Crypto.com, without specifying which of the four entities provided him the platform he used to purchase XRP.  (SAC ¶20).  Toomey alleges that he sold XRP on two occasions on December 7 and 28, 2020 but does not say where those transactions took place.  (*Id*.).  As to the four so-called Crypto.com entities, Plaintiffs describe only two of these

---

[4] The factual allegations derive from the Complaint, in accordance with the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) whereby all of the Plaintiffs' allegations are taken as true. The Foris Defendants do not hereby concede the Plaintiffs' allegations, and reserve their rights to contest and/or otherwise address them in the event that the Court denies their Motion.

1   entities (the App Defendants: MCO Malta DAX Global Limited and Foris Dax Global Limited) as

2   doing business as Crypto.com and selling XRP through their "platform to investors in the United

3   States, including in the state of Florida." (SAC ¶¶25, 26).  Both of these entities are foreign-

4   registered in Malta and Ireland respectively. (*Id*.).  Plaintiffs describe the other two so-called

5   Crypto.com defendants − the Foris Defendants − as a subsidiary and an affiliate of Crypto.com

6   which "participated in the sale of XRP to investors in the United States."  (*Id*. ¶27, 28).  Plaintiffs do

7   not allege any type of statement or omission by the App Defendants or the Foris Defendants upon

8   which they relied in purchasing XRP.  The SAC alleges that Crypto.com announced on December

9   29, 2020 that it was "delisting" XRP from its application on January 19, 2021, after the SEC had

10   announced its lawsuit, in "implicit" recognition that XRP was an unregistered security.  (SAC ¶¶

11   208, 202).

12      Tellingly, Toomey does not identify which of the Crypto.com entities purportedly sold XRP

13   to him or whether any of the exchanges of XRP took place in the United States.  Indeed, neither of

14   the Foris Defendants could have provided the platform through which any of the Plaintiffs engaged

15   in their XRP transactions and Plaintiffs do not allege that they did.  Plaintiffs make no other

16   substantive factual allegations as to the Foris or the App Defendants other than several conclusory

17   assertions in setting forth the basis for each of the Counts asserted against them by Toomey.

18   Essentially, they allege without particulars that:  Crypto.com engaged in the sale of unregistered

19   securities as an unregistered broker-dealer or exchange in return for compensation in the form of

20   "maker and taker fees", in violation of the registration provisions of the federal securities laws

21   which, in turn, constituted deceptive practices under the FDUTPA, and common law claims for

22   restitution for unjust enrichment, and "money had and received." (Counts VIII to XI).

23   **III.    ARGUMENT**

24      The Foris Defendants move this Court to dismiss all of the claims against them (Counts VIII

25   to XI) with prejudice for failure to state a claim pursuant to Rule 12(b)(6).  A motion to dismiss for

26   failure to state a claim tests the legal sufficiency of the plaintiff's complaint.  The pleading standard

27   under Federal Rule of Civil Procedure 8(a)(2) "does not require 'detailed factual allegations,' but it

28   demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Chaparro v.*

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

*Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not adequate to survive a Rule 12(b)(6) motion to dismiss. *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 641 (9th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555); *Doane v. First Franklin Fin.*, Case No. 2:11-cv-02130, 2012 U.S. Dist. LEXIS 81450 at *10 (E.D. Cal. June 12, 2012) (citing *Twombly*, 550 U.S. at 555). Instead, to survive, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Nelson v. County of Sacramento*, 926 F. Supp. 2d 1159, 1164 (E.D. Cal. 2013) (quoting *Twombly*, 550 U.S. at 570). A facially plausible claim must allege facts that are more than "merely possible". *Chaparro*, 693 F.3d at 1337 (citing *Iqbal*, 556 U.S. at 678). The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. However, the court need not assume the truth of allegations that are "more conclusory than factual." *Chaparro*, 693 F.3d at 1337 (citing *Mamani v. Berzain*, 654 F.3d 1148, 1153-54 (11th Cir. 2011).

Moreover, the plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678; *Landers*, 771 F.3d at 641. In evaluating a complaint's sufficiency, all factual allegations set forth in the complaint are taken as true, but a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citations omitted).

### A.   Plaintiff Toomey Has Failed to State a Cause of Action Under Sections 5 or 12(a)(1) of the Securities Act (Count VIII)

Toomey alleges claims under both Sections 5 and 12(a)(1) of the Securities Act against the Foris Defendants.  While Section 5 does not recognize a direct private cause of action, Section 12(a) provides purchasers with a private right of action to recover the consideration paid for a security sold in violation of Section 5(c), or to recover damages. *Murken v. Barrow*, Case No. CV88-2492, 1989

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

U.S. Dist. LEXIS 16537, at *8 (C.D. Cal. Nov. 3, 1989); *Fabian v. Lemahieu*, Case No. 19-cv-00054, 2019 U.S. Dist. LEXIS 172906, at *21 (N.D. Cal. Oct. 4, 2019)[5]. Regardless, the claims should be dismissed for failure to state a claim assuming, *arguendo*, that the Securities Act even applies to this action.[6]

To assert a claim under Section 12(a)(1) of the Securities Act, a plaintiff must allege that defendant offered or sold a security to the plaintiff in violation of 15 U.S.C. § 77e. 15 U.S.C. § 77l; *see Pinter v. Dahl*, 486 U.S. 622, 643 (1988).[7] Here, Plaintiffs have failed sufficiently to allege that either of the Foris Defendants offered or sold a security and that any of the Plaintiffs purchased a security from them.

### 1.      The Foris Defendants are not Statutory Sellers Under Section 12(a)(1)

A defendant may only be held liable for the sale of unregistered securities under Section 12(a)(1) if defendant was the "offeror" or "seller" of securities within the meaning of Section 12(a)(1). *Pinter*, 486 U.S. at 640. Section 12(a)(1)'s liability is therefore limited to sellers of securities and to those who solicit the securities purchase. *Id.* at 650; *Ryder Int'l Corp. v. First Am. Nat'l Bank*, 943 F.2d 1521, 1526-30 (11th Cir. 1991) (treating Sections 12(a)(1) and 12(a)(2) as identical for the purpose of statutory seller requirement to reject claims against financial institution where plaintiffs failed to establish it was a "seller"); *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 537 (9th Cir. 1989) (dismissing Section 12(a)(2) claim for failure to allege any role by the legal and accounting professionals in the solicitation of securities purchases); *In re Tezos Sec. Litig.*, 2018 U.S. Dist. LEXIS 157247, *28-30 (N.D. Cal. Aug. 7, 2018) (dismissing Section 12(a)(1) claim against intermediary service provider for failure to sufficiently allege defendant was a "seller" under Section 12(a)(1)).

Only those directly involved in the solicitation or sale of securities are subject to Section 12 liability. *See Ryder*, 943 F.2d at 1524-30; *In re Daou Sys. Inc.*, 411 F.3d 1006, 1029 (9th Cir. 2005)

---

[5] Accordingly, Plaintiffs' Section 5 and 12(a)(1) claims will be referenced hereafter as "Section 12(a)(1)" claims.

[6] The Foris Defendants do not concede that XRP is a security subject to the Securities Act, but reserve those and related arguments at this time.

[7] Prior to 1995, Sections 12(a)(1) and (a)(2) of the Securities Act were respectively referred to as Sections 12(1) and 12(2). *See* Pub. L. 104-67.

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

(defendants need to be "directly involved" in the actual solicitation of a securities purchase for plaintiff's Section 12 claims to survive a motion to dismiss); *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, Case No. 2:10-CV-0302 MRP, 2011 WL 4389689, at *9-10 (C.D. Cal. May 5, 2011) (dismissing Section 12 claim with respect to defendants for whom plaintiff failed to make specific allegations of solicitation and merely alleged such defendants "promoted" the sale of securities). A "collateral participant" to the offer or sale of securities or one who "merely assist[ed] in another's solicitation efforts" is not subject to Section 12 liability. *Pinter*, 486 U.S. at 651 n.26 & n. 27; *Tezos*, 2018 U.S. Dist. LEXIS 157247, *28-29 (service provider was a "collateral" participant but not a "seller"); *In re Worlds of Wonder Sec. Litig.*, 721 F. Supp. 1140, 1148 (N.D. Cal. 1989) (dismissing Section 12(a)(2) claim due to plaintiff's failure to allege that the defendant "was more than a collateral participant to" the securities sales).  A defendant that does not satisfy the standard of a statutory seller may not be held liable under Section 12 as an aider and abettor of a securities violation. *See XOMA Corp. Securities Litig.*, Case No. C-91-2252 TEH, 1990 WL 357807, at *11 (N.D. Cal. Dec. 27, 1991) (dismissing claims for aiding and abetting Section 11 and 12 violations for failure to state a claim).

In this case, there are no allegations that the Foris Defendants offered or sold securities within the meaning of Section 12(a)(1).  Plaintiffs do not allege that the Foris Defendants were directly involved in the offer or sale of XRP.  *See Daou Sys.*, 411 F.3d at 1029 (requiring that defendants be "directly involved" in the actual solicitation of a securities purchase to be subject to Section 12 liability).  Nor are there any specific allegations regarding the alleged roles of the Foris Defendants in purportedly offering XRP for sale.  *See Rensel v. Centra Tech., Inc.*, 2019 U.S. Dist. LEXIS 79855, *11-13 (S.D. Fla. May 13, 2019) ("Mere conclusory allegations that a defendant solicited the sale of stock and was motivated by financial gain to do so are insufficient to state a claim under Section 12.") (citation omitted); *Maine State Ret. Sys.*, 2011 WL 4389689, at *10 (plaintiffs "must include very specific allegations of solicitation" to sustain a Section 12 claim). Instead, Plaintiff Toomey solely alleges that the Foris Defendants "***participated*** in the sale of XRP to investors in the United States."  (SAC ¶¶27, 28) (emphasis added).  At most, Plaintiffs allege that the Foris Defendants were "collateral participant[s]," who "merely assisted in another's solicitation

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

1   efforts" to offer or sell securities, thereby outside the zone of parties subject to Section 12(a)(1)

2   liability.  *See Pinter*, 486 U.S. at 651 n. 27 (rejecting argument that a person who participates in the

3   solicitation of a purchase of securities may be liable as a statutory seller under Section 12(a)(1)); *In*

4   *re Worlds of Wonder Sec. Litig.*, 721 F. Supp. at 1148 (dismissing Section 12 claim against a

5   "collateral participant" to a securities sale). Accordingly, Plaintiff Toomey's Section 12(a)(1) claims

6   against the Foris Defendants must be dismissed for failure to properly plead that they sold or

7   solicited the sale of XRP.

8                    **2.       Plaintiffs Lack Standing to Assert Section 12(a)(1) Claim**

9          Further, Plaintiffs lack standing to assert Section 12(a)(1) claims against the Foris

10  Defendants because they fail to allege that they purchased XRP from them.  Section 12(a)(1)

11  provides that only a defendant "from" whom the plaintiff "purchased" securities may be liable. *See*

12  *Pinter*, 486 U.S. at 643. In *Pinter*, the Supreme Court concluded that this language "clearly confines

13  § 12 liability to those situations in which a sale has taken place." *Id.* at 644.  Accordingly, a plaintiff

14  may not maintain a Section 12(a)(1) claim against a defendant from whom the plaintiff did not

15  actually purchase securities. *See id.* at 650; *see also Leonard v. Merrill Lynch, Pierce, Fenner &*

16  *Smith, Inc.*, 64 F.R.D. 432, 433-34 (S.D.N.Y. 1974) (holding that Section 12(a)(1) claims may only

17  be maintained by an "aggrieved purchaser" of the defendant and dismissing claims against

18  defendants with who).  In this case, Plaintiffs do not allege that they purchased XRP from either of

19  the Foris Defendants and their claims are subject to dismissal for lack of standing to assert them

20  against the Foris Defendants. *See Leonard*, 64 F.R.D. at 434 (dismissing Section 12(a)(1) claim

21  against defendants with whom plaintiffs did not have "any dealings whatsoever" with respect to the

22  allegedly unregistered securities).

23                   **3.       Plaintiffs do not Allege that their XRP Exchanges Occurred in the United
                              States**

24         Plaintiff Toomey's Section 12(a)(1) claims against the Foris Defendants also fail for failure

25  to allege that any of his purchases occurred in the U.S.  While both of the Foris Defendants are U.S.

26  entities, Plaintiffs do not allege − for they cannot − that the Foris Defendants bought or sold XRP to

27  or from any customers.  In fact, they did not.  The registration requirements of the Securities Act

28  apply only to *domestic* sales and offers of securities. *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S.

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS**

247, 268-69 (2010) ("The same focus on domestic transactions is evident in the Securities Act of 1933…[which] makes it unlawful to sell a security . . . unless a registration statement is in effect. 15 U.S.C. § 77e(a)(1)."); *SEC v. Bio Def. Corp.*, Case No. 12-11669-DPW, 2019 WL 7578525, at *11-13 (D. Mass. Sept. 6, 2019) (applying Morrison to Section 5 and other federal securities law claims); *see also Schentag v. Nebgen*, Case No. 1:17-CV-8734-GHW, 2018 WL 3104092, at *5, 10-13 (S.D.N.Y. June 21, 2018) (dismissing Section 5 claim under *Morrison*).   Conclusory allegations that Plaintiffs' transactions took place in the U.S. are insufficient. *See Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 70 (2d Cir. 2012) ("The mere assertion that transactions 'took place in the United States' is insufficient to adequately plead the existence of domestic transactions.").

        Sales of securities are considered domestic only if: (1) they occurred on "domestic exchanges," or (2) irrevocable liability was incurred or passage of title transferred in the U.S. *Id*. at 62 & 66-69 (defining when a "sale" or "purchase" is domestic).   Accordingly, since the U.S. securities laws do not apply extraterritorially, the registration requirement under Section 5(a) does not apply to sales executed on foreign exchanges. *Morrison*, 561 U.S. at 267-68 ("We know of no one who thought that the Act was intended to 'regulat[e]' *foreign* securities exchanges…") (emphasis in original).   Accordingly, claims based on sales executed on foreign and not domestic exchanges cannot be sustained and must be dismissed.   See *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 532-33 (S.D.N.Y. 2011) (dismissing claims of U.S. shareholders who bought shares on a foreign exchange because the Supreme Court in *Morrison* "clearly sought to bar claims based on purchases and sales of foreign securities on foreign exchanges"); *see also Holsworth v. BProtocol Found.*, Case. No. 20 CIV. 2810 (AKH), 2021 WL 706549, at *3 (S.D.N.Y. Feb. 22, 2021) (dismissing registration claim of plaintiff who purchased digital coins on digital exchange in Singapore). Even if XRP were a security, which is disputed, any claims that Plaintiffs and members of the putative class were in the "United States" or "residents of Florida" are insufficient to establish the domestic nature of the transactions at issue since the location of the *purchaser* does not control whether a securities sale is foreign or domestic. *Absolute Activist*, 677 F.3d at 69 ("[A] purchaser's citizenship or residency does not affect where a transaction occurs; a foreign resident can make a

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

purchase within the United States, and a United States resident can make a purchase outside the United States."). Instead, the location of the exchange determines the situs of the transactions since they become irrevocable on the exchange. *See Banco Safra S.A. v. Samarco Mineracao S.A.*, 849 Fed. Appx. 289, 293 n.2 (2d Cir. 2021) (liability attaches where the exchange is located when orders are "matched" with a counterparty over an "electronic exchange system"); *see also City of Pontiac Policemen's System v. UBS AG*, 752 F.3d , 173, 181 (2d Cir. 2014) (finding it insufficient to allege that a U.S. entity "placed a buy order [of a foreign security] in the United States that was then executed on a foreign exchange"); *SEC v. Berbel*, Case No. 17-23572-CIV, 2018 U.S. Dist. LEXIS 31746, *8 (S.D. Fla. Feb. 26, 2018) ("purchases and sales take place when and where 'the parties become bound to effectuate the transaction…'" (quoting *Absolute Activist*, 677 F.3d at 67)).

### B.  The Statute of Repose Bars Section 12(a)(1) Claims

Toomey's Section 12(a)(1) claims are also barred by the statute of repose contained in Section 13 of the Securities Act, which requires that claims be brought within three years of the first offering of the security at issue. *See Cal. Pub. Emp. Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2049-50 (2017). In particular, the statute states that "in no event" shall an action under Section 12(a)(1) be brought "more than three years after the security was bona fide offered to the public." 15 U.S.C. § 77m. Section 13 "admits of no exception and on its face creates a bar against future liability." *ANZ Sec.*, 137 S. Ct. at 2049. "The 3-year time bar in §13 reflects the legislative objective to give a defendant a complete defense to any suit after a certain period." *Id.*

By their own pleading, Plaintiffs allege that the Ripple Defendants offered and sold XRP to the public more than three years before Plaintiffs first asserted their federal securities claims in the SAC they filed on March 26, 2021. Plaintiffs must allege that XRP was first offered for sale to the public within the three-year period *after* March 26, 2018 since, under the "first-offered" rule, "the three-year [statute of repose] period begins when the security is ***first*** bona fide offered." *P. Stolz Fam. P'ship, L.P. v. Daum*, 355 F.3d 92, 100 (2d Cir. 2004) (emphasis in original); *see, e.g., Zakinov v. Ripple Labs, Inc.*, Case No. 18-cv-06753-PJH, 2020 U.S. Dist. LEXIS 32982, *17 (N.D. Cal. Feb. 26, 2020) (adopting "first-offered" rule to statute of repose)[8]; *McCormick v. Indep. Life & Annuity*

---

[8] The *Zakinov* Court did not find plaintiffs' claims against Ripple to be time-barred based on

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

1    *Co*., 794 F.3d 817, 820 (7th Cir. 2015) ("A claim under § 12 arises when the security is first offered

2    to the public, 15 U.S.C. § 77m, and a statute of repose sets three years as the outer limit for suit.");

3    *Mori v. Saito*, Case No. 10 Civ. 6465(KBF), 2013 WL 1736527, at *5 (S.D.N.Y. Apr. 19, 2013) ("It

4    is well established that the three-year period of repose begins to run from the first bona fide public

5    offering of a security."); *In re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Sec. Litig.*,

6    636 F. Supp. 1138, 1167–68 (C.D. Cal. 1986) ("the relevant offering under § 13 is the ***first*** offering

7    of the security" (emphasis in original)).

8           Here, Plaintiffs repeatedly allege that Ripple was offering XRP for sale to the public well

9    before March 26, 2018 and as far back as 2013. The SAC contains numerous allegations of the first

10   public offering taking place in 2013, including repeating the SEC's allegations in the SEC Litigation

11   that:

12          [f]rom at least 2013 through the present, Defendants sold over 14.6 billion units of a
            digital asset security called 'XRP,' in return for cash or other consideration worth
            over $1.38 billion U.S. Dollars ("USD"), to fund Ripple's operations [. . .].

13          Defendant[] undertook this distribution without registering their offers and sales of
            XRP with the SEC as required by the federal securities laws, and no exemption from

14          this requirement applied.

15   (SAC ¶2).  Plaintiffs also allege that "[t]he Ripple Defendants began their unregistered and unlawful

16   sale of XRP in 2013…." (*Id.* ¶6; see also ¶¶63-64 (describing Ripple's offerings to programmers and

17   institutional investors in 2013 and 2014)).  Accordingly, the three-year statute of repose expired as of

18   2016 at latest.  The federal securities claims in the SAC are therefore untimely and should be

19   dismissed as barred by the statute of repose.

20          **C.     The FDUTPA and Common Law Claims Also Fail Where the Underlying**

21          **Violations Are Dismissed for Failure to State a Claim (Counts IX to XI).**

22          Plaintiff Toomey's remaining Florida and common law claims against the Foris Defendants

23   similarly cannot be sustained and must be dismissed pursuant to Rule 12(b)(6) for failure to state a

24   claim because they are entirely grounded on deficiently-pled, non-viable violations of the federal

25   securities laws.  They also improperly conflate the Foris and Crypto.com entities and do not allege

26   _____

27   allegations in that complaint (not present here) that XRP was first offered after August 5, 2016 but
     by May 18, 2017 and the complaint was filed within three years of that date in 2019.  While that
     court indicated its ruling is subject to change based on discovery, even under that court's later

28   timing, the Plaintiffs' claims here would still be time-barred based on their March 26, 2021 filing of
     the federal securities claims.

                                                   12                          3:21-cv-06518-WHO

1   any particulars as to the Foris Defendants which would render them liable to Plaintiffs for any of

2   these claims.

3        For Count IX,[9] Plaintiff Toomey claims that a "*per se* violation" of the FDUTPA occurred

4   when the Foris and App Defendants: (i) violated Sections 5 and 12(a)(1) of the Securities Act by

5   "participating in the sale of unregistered securities" in the form of XRP (SAC ¶¶ 291); and, (ii)

6   effected XRP transactions as an unregistered securities broker-dealer or exchange in violation of two

7   provisions of the Securities and Exchange Act of 1934 ("Exchange Act") (SAC ¶292-93, citing 15

8   U.S.C. §§ 78e and 78o(a)(1)).  Toomey points to no other underlying conduct to support his

9   FDUTPA claim.  The remaining claims for restitution due to unjust enrichment (Count X) and

10  "money had and received" (Count XI) are each grounded on the "maker and taker fees" that

11  Crypto.com is alleged to have derived from its securities violations by providing a digital platform

12  enabling the purchase and sale of XRP − and that Toomey is alleged to have paid. (SAC ¶¶ 298-302,

13  304-308).

14       All of these claims suffer from the same pleading deficiencies that affect the underlying *per*

15  *se* violations and, accordingly, they too should be dismissed for failure to state a claim.  *See Blair v.*

16  *Wachovia Mortg. Corp*. 2012 U.S. Dist. LEXIS 33941, *10 (M.D. Fla. 2012) (noting where plaintiff

17  did not adequately plead violation of the underlying federal statute her FDUPTA claim failed and

18  further stating if plaintiff was not relying on per se violation, she needed to plead fraud with

19  particularity to satisfy heightened pleading standard in Rule 9(b)); *Tedder v. Harbour Phase I*

20  *Owners, LLC*, Case No. 8:08-cv-1674-T-30TGW, 2009 U.S. Dist. LEXIS 36251, *11 (M.D. Fla.

21  April 17, 2009) (finding where defendants were exempt from underlying statute, plaintiff had no

22  basis for FDUPTA claims); *Bryant v. CIT Group/Consumer Fin*., Case NO. H-16-1840, 2017 U.S.

23  Dist. LEXIS 74131, *20 (S.D. Tex. April 11, 2018) (dismissing unjust enrichment and money had

24  and received claims with prejudice where they were based on a deficiently pled claim for forgery);

25  *Crosbie v. Endeavors Techs., Inc.*, Case No. SA VC 08-1345 AHS (SSx), 2009 U.S. Dist. LEXIS

26  100244, *29 (C.D.Cal. October 22, 2009) ("Because plaintiffs fail to state claims for securities and

27

28  ――――――――――――――――――
[9] The SAC describes this claim as "Count XIX" in the heading but that is most likely a typographical error.

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS**

common law fraud, their parasitic claims for unjust enrichment and money had and received must be dismissed."); *In re Zantac (Ranitidine) Prods. Liab. Litig*., Cas No. 20-MD-2824, 2021 U.S. Dist. LEXIS 122725, *45-46 (S.D. Fla. June 30, 2021) (dismissing unjust enrichment claim that was based on same facts as dismissed negligence claim).

As argued above, Plaintiffs have failed to properly plead viable Section 12(a)(1) claims against the Foris Defendants. (*Supra* at §§ III A-B.).  Moreover, Plaintiffs try unsuccessfully to bolster their FDUTPA, unjust enrichment, and "money had and received" claims by alleging that Crypto.com also violated Sections 5 and 15 of the Exchange Act that prohibit the offer, sale or exchange of securities through unregistered brokers, dealers or exchanges.  (SAC ¶¶292-93, citing 15 U.S.C. § 78e (Section 5) & § 78o(a)(1) (Section 15)).  Plaintiffs recognize that they have no private right of action to bring these Exchange Act claims directly.  In fact, "nothing in the express language of 15 U.S.C. § 78o purports to create a private right of action. . . . [T]he overwhelming majority of courts . . . have held that neither Sections 15(a)(1) nor 15(c)(1) of the Securities Exchange Act provides for a private right of action." *Demaria v. Gisbex Clearing Corp*., Case No. 10-20426-CIV-TORRES, 2010 U.S. Dist. LEXIS 157862, at *14-15 (S.D. Fla. Nov. 23, 2010) (citing *Hollinger v. Titan Capital Corp*., 914 F.2d 1564, 1578 (9th Cir. 1990) (affirming district court's summary judgment under Section 15 of the Exchange Act "because this section does not give rise to a private right of action," without distinguishing between Section 15(a)(1) or 15(c)(1))") (citations omitted).

Instead, Plaintiffs try to shoehorn these Exchange Act claims into Toomey's FDUTPA claim against Crypto.com by contending that the Foris and App Defendants violated the FDUTPA through their violations of the underlying securities statutes.  Plaintiffs' effort is unavailing and should not be countenanced by this Court.  It is nothing more than a shoddy and transparent effort to breathe life into unavailable federal securities claims through a back door that has been firmly shut by the courts. *See, e.g., Hucke v Kubra Data*, Case No. 15-14232-CIV-ROSENBERG/LYNCH, 2015 U.S. Dist. LEXIS 176252, *17 (S.D. Fla. Oct. 8, 2015) (report and recommendation finding that where underlying statute did not allow for private cause of action, plaintiff could not use violation of that statute as basis for unjust enrichment and money had and received claims), *adopted* 160 F. Supp. 3d

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

1320, 1322 (S.D. Fla. 2015). None of the federal securities claims underlying the state and common law claims is viable as a matter of law. Accordingly, the state and common law claims that rely on their viability also fail and should be dismissed.

**IV.    CONCLUSION**

For the foregoing reasons, the Court should grant the Foris Defendants' motion and dismiss the SAC's claims against the Foris Defendants with prejudice for failure to state a claim.

Respectfully submitted,

Dated: September 14, 2021                    K&L GATES LLP

By:*/s/ Matthew G. Ball*

Matthew G. Ball
Jeremy M. McLaughlin
Stavroula E. Lambrakopoulos

Attorneys for the FORIS DEFENDANTS

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**