MATTHEW G. BALL (SBN 208881)
matthew.ball@klgates.com
JEREMY M. MCLAUGHLIN (SBN 258644)
jeremy.mclaughlin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: (415) 249-1014
Facsimile:  (415) 882-8220

STAVROULA E. LAMBRAKOPOULOS (*Pro Hac Vice*)
stavroula.lambrakopoulos@klgates.com
K&L GATES LLP
1601 K Street, N.W.
Washington, DC 20006
Telephone: (202) 778-9248
Facsimile:  (202) 778-9100

Attorneys for Defendant
FORIS DAX GLOBAL LIMITED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER TOOMEY, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>RIPPLE LABS, INC., *et al.*,<br><br>　　　　　　Defendants. | Case No.: 3:21-cv-06518-WHO<br><br>**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS DEFENDANT FORIS DAX GLOBAL LIMITED**<br><br>Date:　　　　October 20, 2021<br>Time:　　　　2:00 p.m.<br>Dept.:　　　　2<br>Judge:　　　　The Hon. William H. Orrick |

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Table of Contents**

I.    INTRODUCTION ................................................................................................1

II.   RELEVANT FACTS ...........................................................................................4

III.  ARGUMENT ......................................................................................................6

    A.    This Court Lacks Personal Jurisdiction Over Foris Global and Due Process Requires the Dismissal of the SAC as to Foris Global ...................................................7

    B.    Plaintiff Toomey Has Failed to State a Cause of Action Under Sections 5 or 12(a)(1) of the Securities Act (Count VIII) ...................................................9

        1.    Foris Global is not a Statutory Seller Under Section 12(a)(1).......................10

        2.    Plaintiffs Lack Standing to Assert Section 12(a)(1) Claim ...........................12

        3.    Plaintiffs do not Allege that their XRP Exchanges Occurred in the United States ..............................................................................12

    C.    The Statute of Repose Bars Section 12(a)(1) Claims .................................14

    D.    The FDUTPA and Common Law Claims Also Fail Where the Underlying Violations Are Dismissed for Failure to State a Claim (Counts IX to XI)....................................15

IV.   CONCLUSION..................................................................................................17

3:21-cv-06518-WHO

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Absolute Activist Value Master Fund Ltd. v. Ficeto,*
    677 F.3d 60 (2d Cir. 2012)................................................................................13

*Asahi Metal Indus. Co. Ltd. v. Super. Ct. of Cal., Solano Cty.,*
    480 U.S. 102 (1987).........................................................................................7

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).........................................................................................7

*Banco Safra S.A. v. Samarco Mineracao S.A.,*
    849 Fed. Appx. 289 (2d Cir. 2021)....................................................................13

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007).........................................................................................7

*Bhandari v. Mehta,*
    No. C 02-2813 SI, 2003 WL 22846224 ..............................................................8

*Blair v. Wachovia Mortg. Corp.*
    2012 U.S. Dist. LEXIS 33941 (M.D. Fla. 2012) ...................................................16

*Bristol-Myers Squibb Co. v. Superior Court,*
    137 S. Ct. 1773 (2017).....................................................................................8

*Bryant v. CIT Group/Consumer Fin.,*
    Case NO. H-16-1840, 2017 U.S. Dist. LEXIS 74131 (S.D. Tex. April 11, 2018)................16

*Cal. Pub. Emp. Ret. Sys. v. ANZ Sec., Inc.,*
    137 S. Ct. 2042 (2017).....................................................................................14

*Callaway Golf Corp. v. Royal Canadian Golf Ass'n.,*
    125 F.Supp.2d 1194 (9th Cir. 2000) ...................................................................9

*Chaparro v. Carnival Corp.,*
    693 F.3d 1333 (11th Cir. 2012) .......................................................................6, 7

*City of Pontiac Policemen's System v. UBS AG,*
    752 F.3d (2d Cir. 2014)....................................................................................14

*CollegeSource, Inc. v. AcademyOne, Inc.,*
    653 F.3d 1066 (9th Cir. 2011) ..........................................................................5

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

*Crosbie v. Endeavors Techs., Inc.*,
　Case No. SA VC 08-1345 AHS, 2009 U.S. Dist. LEXIS 100244 (C.D.Cal.
　October 22, 2009) ...............................................................................................16

*Daimler AG v. Bauman*,
　571 U.S. 117 (2014)...............................................................................................8

*In re Daou Sys. Inc*.,
　411 F.3d 1006 (9th Cir. 2005) ........................................................................10, 11

*Demaria v. Gisbex Clearing Corp*.,
　Case No. 10-20426-CIV-TORRES, 2010 U.S. Dist. LEXIS 157862 (S.D. Fla.
　Nov. 23, 2010) ......................................................................................................17

*Doane v. First Franklin Fin*.,
　Case No. 2:11-cv-02130, 2012 U.S. Dist. LEXIS 81450 (E.D. Cal. June 12, 2012) ...............6

*Fabian v. Lemahieu*,
　Case No. 19-cv-00054, 2019 U.S. Dist. LEXIS 172906 (N.D. Cal. Oct. 4, 2019)...................9

*In re Gilead Scis. Sec. Litig*.,
　536 F.3d 1049 (9th Cir. 2008) ...............................................................................7

*Holsworth v. BProtocol Found*.,
　Case. No. 20 CIV 2810 (AKH), 2021 WL 706549 (S.D.N.Y. Feb. 22, 2021) ......................13

*Hucke v Kubra Data*,
　Case No. 15-14232-CIV-ROSENBERG/LYNCH, 2015 U.S. Dist. LEXIS 176252
　(S.D. Fla. Oct. 8, 2015), *adopted* 160 F. Supp. 3d 1320, 1322 (S.D. Fla. 2015)....................17

*In re Zantac (Ranitidine) Prods. Liab. Litig*., Cas No. 20-MD-2824, 2021 U.S. Dist.
　LEXIS 122725, *45-46 (S.D. Fla. June 30, 2021) ...............................................................16

*Int'l Shoe Co. v. Washington*,
　326 U.S. 310 (1945)...........................................................................................3, 8, 9

*Ketayi v. Health Enrollment Grp.*,
　No. 20-cv-1198-GPC-KSC, 2021 U.S. Dist. LEXIS 19594 (S.D. Cal. Feb. 1,
　2021) .......................................................................................................................5

*Landers v. Quality Communications, Inc*.,
　771 F.3d 638 (9th Cir. 2015) ...............................................................................6, 7

*Leonard v. Merrill Lynch, Pierce, Fenner & Smith, Inc*.,
　64 F.R.D. 432 (S.D.N.Y. 1974) .............................................................................12

*Maine State Ret. Sys. v. Countrywide Fin. Corp*.,
　Case No. 2:10-CV-0302 MRP, 2011 WL 4389689 (C.D. Cal. May 5, 2011)..................10, 11

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

*McCormick v. Indep. Life & Annuity Co.*,
    794 F.3d 817 (7th Cir. 2015) ....................................................................................14

*Moore v. Kayport Package Express, Inc.*,
    885 F.2d 531 (9th Cir. 1989) ....................................................................................10

*Mori v. Saito*,
    Case No. 10 Civ. 6465(KBF), 2013 WL 1736527 (S.D.N.Y. Apr. 19, 2013).........................15

*Morrison v. Nat'l Austl. Bank Ltd.*,
    561 U.S. 247 (2010)..........................................................................................12, 13

*Murken v. Barrow*,
    Case No. CV88-2492, 1989 U.S. Dist. LEXIS 16537 (C.D. Cal. Nov. 3, 1989) .....................9

*In re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Sec. Litig.*,
    636 F. Supp. 1138 (C.D. Cal. 1986) ............................................................................15

*Nelson v. County of Sacramento*,
    926 F. Supp. 2d 1159 (E.D. Cal. 2013)..........................................................................6

*Nestle USA, Inc. v. Crest Foods, Inc.*,
    LA CV16-07519JAK, 2017 U.S. Dist. LEXIS (C.D. Cal. July 28, 2017) ...............................8

*P. Stolz Fam. P'ship, L.P. v. Daum*,
    355 F.3d 92 (2d Cir. 2004).......................................................................................14

*Pinter v. Dahl*,
    486 U.S. 622 (1988)......................................................................................10, 11, 12

*Rensel v. Centra Tech., Inc.*,
    2019 U.S. Dist. LEXIS 79855 (S.D. Fla. May 13, 2019) ......................................................11

*Ryder Int'l Corp. v. First Am. Nat'l Bank*,
    943 F.2d 1521 (11th Cir. 1991) .................................................................................10

*Schentag v. Nebgen*,
    Case No. 1:17-CV-8734-GHW, 2018 WL 3104092 (S.D.N.Y. June 21, 2018).....................13

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ...................................................................................7, 9

*SEC v. Berbel*,
    Case No. 17-23572-CIV, 2018 U.S. Dist. LEXIS 31746 (S.D. Fla. Feb. 26, 2018) ..............14

*SEC v. Bio Def. Corp.*,
    Case No. 12-11669-DPW, 2019 WL 7578525 (D. Mass. Sept. 6, 2019)...............................12

*See XOMA Corp. Securities Litig.*, Case No. C-91-2252 TEH, 1990 WL 357807, at
    *11 (N.D. Cal. Dec. 27, 1991)...................................................................................11

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS**

*Simo Holdings, Inc. v. H.K. uCloudlink Network Tech Ltd.*,
    2:20-CV-00003-JRG, 2020 WL 6889173 (E.D. Tex. Nov. 24, 2020) ....................................7

*Tedder v. Harbour Phase I Owners, LLC*,
    Case No. 8:08-cv-1674-T-30TGW, 2009 U.S. Dist. LEXIS 36251 (M.D. Fla.
    April 17, 2009)................................................................................................16

*In re Tezos Sec. Litig.*,
    2018 U.S. Dist. LEXIS 157247 (N.D. Cal. Aug. 7, 2018)................................10, 11

*In re Vivendi Universal, S.A. Sec. Litig.*,
    765 F. Supp. 2d 512 (S.D.N.Y. 2011)..................................................................13

*In re Worlds of Wonder Sec. Litig.*,
    721 F. Supp. 1140 (N.D. Cal. 1989) ................................................................11, 12

*Zakinov v. Ripple Labs, Inc.*,
    Case No. 18-cv-06753-PJH, 2020 U.S. Dist. LEXIS 32982 (N.D. Cal. Feb. 26,
    2020) ................................................................................................................14

**Statutes**

15 U.S.C. § 77l....................................................................................................10

15 U.S.C. § 77m...................................................................................................14

Pub. L. 104-67......................................................................................................10

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS**

1         PLEASE TAKE NOTICE that on October 20, 2021, at 450 Golden Gate Ave., San

2  Francisco, California, Defendant Foris DAX Global Limited ("Foris Global"), through undersigned

3  counsel, will and hereby does request that this Court enter an order dismissing the Plaintiffs' claims

4  against Foris Global in the Second Amended Complaint ("SAC") pursuant to Rules 12(b)(2) of the

5  Federal Rules of Civil Procedure ("Rules") for lack of personal jurisdiction and Rule 12(b)(6) for

6  failure to state a claim.[1]  In support of the motion and in lieu of a separate memorandum of law,

7  Foris Global states the following:

8  **I.  INTRODUCTION**

9         Plaintiffs Tyler Toomey and Markus Sergali ("Plaintiffs") are Florida residents who bought

10  and sold XRP, a virtual currency sponsored by Defendant Ripple Labs, Inc. ("Ripple").  On the heels

11  of an enforcement action brought by the U. S. Securities and Exchange Commission ("SEC") against

12  Ripple and its officers, Toomey – in a case of buyer's remorse – raced to the U.S. District Court for

13  the Middle District of Florida ("Florida Court") initially to file a putative class action on behalf of

14  himself and a class of XRP purchasers against Ripple and related parties (the "Ripple Defendants").

15  He first claimed damages under the Florida Securities and Investor Protection Act ("FSIPA"), the

16  Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and several common law claims

17  including fraudulent and negligent misrepresentation or omission.  On March 26, 2021, two months

18  and two amendments later, Toomey filed the operative Second Amendment Complaint ("SAC") in

19  the Florida Court [Docket No. 26].  This time, he joined Sergali as a plaintiff and added federal

20  securities law claims against several intermediary parties, including Foris Global, whom Plaintiffs

21  allege to have either provided the virtual exchange platforms that facilitated XRP sales or, at best,

22  "participated" in the offerings of XRP to U.S. investors residing in Florida.  These intermediary

23  defendants also include:  (1) Payward, Inc. (d/b/a Kraken) ("Kraken"), which was voluntarily

24  dismissed soon afterwards [Docket No. 48]; (2) two foreign entities – MCO Malta DAX Limited

25  (d/b/a Crypto.com), and Foris Global (collectively the "App Defendants"); and (3) Foris, Inc. and

26   

27  Foris DAX, Inc. (the "Foris Defendants") – that are related to the App Defendants, but are separate

28   

---

[1] Foris Global enters this appearance for the purpose of submitting a Motion to Dismiss without waiver of its arguments that this Court lack personal jurisdiction over it.

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

legal entities and businesses.  Plaintiffs improperly conflate the Foris Defendants and App Defendants based on their corporate relationship, treating them as one entity that they define as "Crypto.com" and tarnishing them with the same brush of allegations.[2]  On August 20, 2021, the Florida Court granted a motion by the Ripple Defendants to transfer this action to this Court, in light of the pending and first-filed related action before this Court which was putatively brought on behalf of XRP purchasers, Case No. 4:18-cv-06753-PJH (the "California Class Action").

The question central to each of the Plaintiffs' claims is whether XRP is a security subject to the federal securities laws, including registration requirements under the Securities Act of 1933 ("Securities Act").  Plaintiffs allege that:  (i) the XRP they freely bought and sold is an unregistered security offered for public sale by the Ripple Defendants in violation of the registration provisions of the FSIPA (Count I); and, (ii) the App Defendants (including Foris Global), the Foris Defendants, and Kraken each violated Sections 5 and 12(a)(1) of the Securities Act by acting as unregistered broker-dealers when they offered XRP for purchase and sale through their digital platforms (Count VIII).  The remaining claims under the FDUTPA and common law each emanate from the same allegations, grounded on the same premise that Foris Global engaged in deceptive practices to sell or "participate" in the sale of XRP without a proper registration statement while compensated in the form of "maker and taker fees".

In this nascent time of emerging cryptocurrencies, Plaintiffs would have this Court decide a question that is still not settled by U.S. or foreign regulators − whether virtual currencies such as XRP are securities and how and by whom they should be regulated.  While the SEC alleged in its December 22, 2020 complaint that XRP is a security, those claims are pending active litigation before the U.S. District Court for the Southern District of New York ("SDNY") without any resolution or finding so far.[3]

However, this Court need not reach this complex issue in order to resolve Foris Global's

---

[2] A separate motion to dismiss the SAC is being filed on behalf of the Foris Defendants.  Plaintiffs have failed to serve the other App Defendant, MCO Malta DAX Limited.  Should the remaining Defendant be served with the SAC at this point, a separate motion to dismiss the SAC will be filed on its behalf pursuant to Fed. R. Civ. Proc. 4 for failure to timely serve the complaint and summons. Any response to the SAC at this stage by MCO Malta DAX Limited would be premature.
[3] This question also has not been resolved in the California Class Action pending before this Court.

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

motion to dismiss.  As set forth below, even if XRP is a security, this Court lacks personal jurisdiction over Foris Global, and Plaintiffs have failed to sufficiently plead any of their claims against Foris Global.[4]  The SAC cannot survive as to Foris Global and must be dismissed for a number of reasons.

**First**, this Court lacks personal jurisdiction over Foris Global. Foris Global is a foreign entity incorporated and domiciled in Ireland with no operations within the United States, including California.  Foris Global lacks the requisite minimum contacts with this forum such that an assertion of jurisdiction by this Court would "offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

**Second**, Plaintiffs' combined claims under Sections 5 and 12(a)(1) of the Securities Act (Count VIII) fail since neither Plaintiff specifically alleges that he purchased or sold XRP from Foris Global or, indeed, that Foris Global is a statutory seller within the meaning of Sections 5 and 12(a)(1) and that the transactions occurred within the U.S.  Instead, Plaintiffs merely allege "upon information or belief" that Foris Global is headquartered in Hong Kong, and, acting as Crypto.com "sold XRP through its platform to investors in the United States, including in the state of Florida." (SAC ¶26).  Only Toomey alleges that he bought and sold XRP through Crypto.com.  But, other than improperly lumping together the Foris Defendants and App Defendants among all other entities operating under the Crypto.com brand, Toomey does not allege that he purchased or sold XRP from Foris Global in particular, or that his transactions occurred in the U.S.  Foris Global did not offer any platform for the exchange of XRP within the U.S.  Plaintiffs' lack of standing to assert these claims and their artful pleading are insufficient as a matter of law and fatal to their federal securities law claims.

**Third**, Plaintiffs' Section 12(a)(1) claims are barred by the applicable three-year statute of repose, based on their own allegations that the Ripple Defendants first made a "concerted" effort to create a market for and effected public distributions of XRP in 2013.  (*See e.g.*, SAC ¶¶ 49, 63, 64).

**Fourth**, Plaintiffs' remaining claims under the FDUTPA and Florida common law against

---

[4] Foris Global reserves without waiver its arguments that XRP is not a security subject to the registration requirements under the Securities Act, among all other arguments related thereto, until a later stage of this litigation in the event that this Motion is denied.

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

1  Foris Global (Counts IX to XI) similarly fail and must be dismissed.  They are each based on the

2  alleged violations of the federal securities laws, including Sections 5 and 12(a)(1) of the Securities

3  Act, and thus their fates rise and fall together with Count VIII.

4      Accordingly, this Court should dismiss the SAC with prejudice at this stage, before further

5  proceedings in this action with respect to Foris Global.  Foris Global is not a party to the California

6  Class Action and respectfully submits that the disposition of its Motion to Dismiss by this Court is

7  appropriate, before any decision is made as to consolidation with the California Class Action and the

8  pending motion for class certification in that case.

9  **II.    RELEVANT FACTS[5]**

10      Plaintiffs Toomey and Sergalis are two residents of Florida who bought XRP, a virtual

11  currency marketed by Ripple, after conducting research and reviewing articles and materials on the

12  Internet and various statements by Ripple officials. (SAC ¶¶ 20, 21).  The SAC alleges that Ripple

13  first started a "concerted effort" to make a market in XRP in 2013 (*id.* ¶ 49), and that, ultimately,

14  numerous exchanges including Crypto.com and Kraken listed XRP on their platforms.  (*Id.* ¶¶95,

15  146, 203-205).  Plaintiffs allege that these exchanges provided the digital apparatus through which

16  buyers and sellers could engage in XRP transactions, and received compensation in the form of

17  "maker and taker fees" paid by purchasers including the Plaintiffs.  (*Id.* ¶207).  Plaintiffs each

18  purchased XRP through one or more of these exchanges. (*Id.* ¶¶147, 280, 312).

19      Plaintiffs claim that they sustained losses when they sold all or part of their XRP holdings at

20  prices lower than their purchase prices.  They attribute these losses to the drop in the price of XRP

21  when the SEC filed its lawsuit in federal court in the SDNY (the "SEC Litigation") alleging,

22  amongst other claims, that XRP was a security subject to registration requirements which was sold

23  by Ripple without the filing of a registration statement, in violation of Section 5 of the Securities

24  Act. (SAC ¶¶20, 21).  In addition to the Ripple Defendants, Plaintiffs each bring claims against the

25  entities they allege provided the digital platforms that facilitated their XRP transactions.  Sergalis

26

27

28

[5] The factual allegations derive from the Complaint, in accordance with the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) whereby all of the Plaintiffs' allegations are taken as true. Foris Global does not hereby concede the Plaintiffs' allegations, and reserves its rights to contest and/or otherwise address them in the event that the Court denies its Motion.

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

alleges that he bought and sold XRP exclusively through Kraken, and does not assert any claims

against the Foris Defendants and/or the App Defendants.  (SAC ¶21; Counts XII-XV).

Toomey's allegations as to where he bought and sold XRP are exceedingly vague and

conclusory.  He conflates four separate legal entities into one entity that he defines as "Crypto.com"

and alleges that he bought his 135 XRP through Crypto.com, without specifying which of the four

entities provided him the platform he used to purchase XRP.  (SAC ¶20).  Toomey alleges that he

sold XRP on two occasions on December 7 and 28, 2020 but does not say where those transactions

took place.  (*Id.*).  As to the four so-called Crypto.com entities, Plaintiffs describe only two of these

entities (the App Defendants: MCO Malta DAX Global Limited and Foris Global) as doing business

as Crypto.com and selling XRP through their "platform to investors in the United States, including

in the state of Florida."  (SAC¶¶25, 26).  Both of these entities are foreign-registered in Malta and

Ireland respectively. (*Id.*).  Plaintiffs describe the other two so-called Crypto.com defendants − the

Foris Defendants − as a subsidiary and an affiliate of Crypto.com which "participated in the sale of

XRP to investors in the United States."  (*Id.* ¶27, 28).  Plaintiffs do not allege any type of statement

or omission by the App Defendants or the Foris Defendants upon which they relied in purchasing

XRP.  The SAC alleges that Crypto.com announced on December 29, 2020 that it was "delisting"

XRP from its application on January 19, 2021, after the SEC had announced its lawsuit, in "implicit"

recognition that XRP was an unregistered security.  (SAC ¶¶ 208, 202).

Tellingly, Toomey does not identify which of the Crypto.com entities purportedly sold XRP

to him or whether any of the exchanges of XRP took place in the United States.  Indeed, neither of

the Foris Defendants could have provided the platform through which any of the Plaintiffs engaged

in their XRP transactions and Plaintiffs do not allege that they did.  Foris Global did not engage in

any activities in the United States at the time of Toomey's transactions or make available its

applications to United States customers for the purchase and sale of XRP.  (*See* Decl. of Antonio

Alvarez ["Alvarez Decl."], dated September 13, 2021, at ¶¶6-9) (attached hereto as Ex. A).[6]

---

[6] This Court may properly consider affidavits or declarations on a motion to dismiss for lack of
personal jurisdiction pursuant to Rule 12(b)(2) to determine if the plaintiff has made a prima facie
showing of personal jurisdiction. *Ketayi v. Health Enrollment Grp.*, No. 20-cv-1198-GPC-KSC,
2021 U.S. Dist. LEXIS 19594, at *11 (S.D. Cal. Feb. 1, 2021) (citing *Doe v. Unocal Corp.*, 248
F.3d 915, 922 (9th Cir. 2001)); *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS**

Plaintiffs make no other substantive factual allegations as to the Foris or the App Defendants other than several conclusory assertions in setting forth the basis for each of the Counts asserted against them by Toomey.  Essentially, they allege without particulars that:  Crypto.com engaged in the sale of unregistered securities as an unregistered broker-dealer or exchange in return for compensation in the form of "maker and taker fees", in violation of the registration provisions of the federal securities laws which, in turn, constituted deceptive practices under the FDUTPA, and common law claims for restitution for unjust enrichment, and "money had and received." (Counts VIII to XI).

## III.   ARGUMENT

Foris Global moves this Court to dismiss all of the claims against it (Counts VIII to XI) with prejudice for lack of personal jurisdiction pursuant to Rule 12(b)(2).

Further, Foris Global moves the Court to dismiss all of the claims against it with prejudice for failure to state a claim pursuant to Rule 12(b)(6).  A motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's complaint.  The pleading standard under Federal Rule of Civil Procedure 8(a)(2) "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not adequate to survive a Rule 12(b)(6) motion to dismiss. *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 641 (9th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555); *Doane v. First Franklin Fin.*, Case No. 2:11-cv-02130, 2012 U.S. Dist. LEXIS 81450 at *10 (E.D. Cal. June 12, 2012) (citing *Twombly*, 550 U.S. at 555).  Instead, to survive, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Nelson v. County of Sacramento*, 926 F. Supp. 2d 1159, 1164 (E.D. Cal. 2013) (quoting *Twombly*, 550 U.S. at 570). A facially plausible claim must allege facts that are more than "merely possible". *Chaparro*, 693 F.3d at 1337 (citing *Iqbal*, 556 U.S. at 678). The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the

Cir. 2011).

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

defendant's liability. *Twombly*, 550 U.S. at 556.  However, the court need not assume the truth of allegations that are "more conclusory than factual."  *Chaparro*, 693 F.3d at 1337 (citing *Mamani v. Berzain*, 654 F.3d 1148, 1153-54 (11th Cir. 2011).

Moreover, the plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678; *Landers*, 771 F.3d at 641.  In evaluating a complaint's sufficiency, all factual allegations set forth in the complaint are taken as true, but a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008) (citations omitted).

### A.   This Court Lacks Personal Jurisdiction Over Foris Global and Due Process Requires the Dismissal of the SAC as to Foris Global

Plaintiffs bear the burden of showing that the Northern District of California is an appropriate jurisdiction.  *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 800 (9th Cir. 2004) ("Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."); *Simo Holdings, Inc. v. H.K. uCloudlink Network Tech Ltd.*, 2:20-CV-00003-JRG, 2020 WL 6889173, *12 (E.D. Tex. Nov. 24, 2020) (noting Court must determine "the threshold question of whether the claims could have initially been brought in California.").  The burden is particularly high where the plaintiffs are seeking to establish personal jurisdiction over a party from a foreign country. *See, e.g., Asahi Metal Indus. Co. Ltd. v. Super. Ct. of Cal., Solano Cty*., 480 U.S. 102, 114 (1987) ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.").  To satisfy this burden, "the plaintiff[s] cannot 'simply rest on the bare allegations of its complaint.'"  *Id*. (citation omitted).  Rather, due process requires that the foreign defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe,* 326 U.S. at 316.  Those "minimum contacts" must create either general or specific

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

jurisdiction.

General jurisdiction only occurs if the defendant's contacts are so "continuous and systematic" as to render it essentially at home in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Typically a corporate defendant is only at home for purposes of general jurisdiction in the state it is headquartered in or has its principal place of business. *Id.* at 137-39 (holding it was an error to conclude a foreign defendant was "at home" in California where it was not incorporated nor headquartered in California despite the fact it had exclusive indirect subsidiaries acting as importers and distributors in California).

If a defendant's contacts are insufficiently "continuous and systematic" to exercise general jurisdiction, a defendant may only be subject to specific jurisdiction under limited circumstances with respect to claims that relate to or arise out of the defendant's alleged activities in the forum. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780-81 (2017) (noting when there is no connection between the forum and the underlying controversy in the suit, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."). *See also Nestle USA, Inc. v. Crest Foods, Inc.*, LA CV16-07519JAK (AFMx), 2017 U.S. Dist. LEXIS, 136557, *24-24 (C.D. Cal. July 28, 2017) (finding specific jurisdiction could not exist where there were no allegations as to their conduct in connection with the actions underlying the claims in that jurisdiction); *Bhandari v. Mehta*, No. C 02-2813 SI, 2003 WL 22846224, *6-7 (holding there was no specific jurisdiction against a defendant where the alleged acts in lawsuit had limited ties to California and noting an unrelated prior lawsuit filed by the defendant was further insufficient to create personal jurisdiction). Specific jurisdiction is only satisfied if the following three prongs are all met:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Even if the first

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

two factors are met, the Court is still required to consider whether the exercise of personal jurisdiction is reasonable. *Callaway Golf Corp. v. Royal Canadian Golf Ass'n.,* 125 F.Supp.2d 1194, 1205 (9th Cir. 2000). (considering seven factors to determine whether exercising specific jurisdiction comports with notions of fair play and substantial justice).

This Court plainly lacks personal jurisdiction over Foris Global and Plaintiffs have not plead any facts that would permit haling Foris Global before this forum without offending 'traditional notions of fair play and substantial justice.'" *Int'l Shoe,* 326 U.S. at 316.  Foris Global is incorporated and located in Ireland, with no operations or activities within the United States during the period at issue in the SAC.  (Alvarez Decl. ¶¶7, 8).  Except for a brief period well after Toomey's transactions and after the availability of XRP was discontinued by Crypto.com, Foris Global conducted all of its activities outside the jurisdiction of the United States, including California (*Id.* ¶6).  Foris Global did not enable the purchase or sale of XRP through its application or otherwise within the United States. (*Id.* ¶6).  Therefore, Toomey could not have purchased or sold XRP through Foris Global.  (*Id.* ¶9). In fact, he does not allege that he did so.

Plaintiffs have failed to plead the jurisdiction of this Court, or any U. S. court over Foris Global. Accordingly, in the interests of fairness and due process, Foris Global should be dismissed as a party to this action.

**B.**   **Plaintiff Toomey Has Failed to State a Cause of Action Under Sections 5 or 12(a)(1) of the Securities Act (Count VIII)**

Toomey alleges claims under both Sections 5 and 12(a)(1) of the Securities Act against Foris Global.  While Section 5 does not recognize a direct private cause of action, Section 12(a) provides purchasers with a private right of action to recover the consideration paid for a security sold in violation of Section 5(c), or to recover damages. *Murken v. Barrow*, Case No. CV88-2492, 1989 U.S. Dist. LEXIS 16537, at *8 (C.D. Cal. Nov. 3, 1989); *Fabian v. Lemahieu*, Case No. 19-cv-00054, 2019 U.S. Dist. LEXIS 172906, at *21 (N.D. Cal. Oct. 4, 2019)[7].  Regardless, the claims should be dismissed for failure to state a claim assuming, *arguendo*, that the Securities Act even

---

[7] Accordingly, Plaintiffs' Section 5 and 12(a)(1) claims will be referenced hereafter as "Section 12(a)(1)" claims.

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

applies to this action.[8]

To assert a claim under Section 12(a)(1) of the Securities Act, a plaintiff must allege that defendant offered or sold a security to the plaintiff in violation of 15 U.S.C. § 77e. 15 U.S.C. § 77l; *see Pinter v. Dahl*, 486 U.S. 622, 643 (1988).[9] Here, Plaintiffs have failed sufficiently to allege that Foris Global offered or sold a security and that any of the Plaintiffs purchased a security from it.

### 1.    Foris Global is not a Statutory Seller Under Section 12(a)(1)

A defendant may only be held liable for the sale of unregistered securities under Section 12(a)(1) if defendant was the "offeror" or "seller" of securities within the meaning of Section 12(a)(1). *Pinter*, 486 U.S. at 640. Section 12(a)(1)'s liability is therefore limited to sellers of securities and to those who solicit the securities purchase. *Id*. at 650; *Ryder Int'l Corp. v. First Am. Nat'l Bank*, 943 F.2d 1521, 1526-30 (11th Cir. 1991) (treating Sections 12(a)(1) and 12(a)(2) as identical for the purpose of statutory seller requirement to reject claims against financial institution where plaintiffs failed to establish it was a "seller"); *see also Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 537 (9th Cir. 1989) (dismissing Section 12(a)(2) claim for failure to allege any role by the legal and accounting professionals in the solicitation of securities purchases); *In re Tezos Sec. Litig*., 2018 U.S. Dist. LEXIS 157247, *28-30 (N.D. Cal. Aug. 7, 2018) (dismissing Section 12(a)(1) claim against intermediary service provider for failure to sufficiently allege defendant was a "seller" under Section 12(a)(1)).

Only those ***directly*** involved in the solicitation or sale of securities are subject to Section 12 liability. *See Ryder*, 943 F.2d at 1524-30; *In re Daou Sys. Inc*., 411 F.3d 1006, 1029 (9th Cir. 2005) (defendants need to be "directly involved" in the actual solicitation of a securities purchase for plaintiff's Section 12 claims to survive a motion to dismiss); *Maine State Ret. Sys. v. Countrywide Fin. Corp*., Case No. 2:10-CV-0302 MRP, 2011 WL 4389689, at *9-10 (C.D. Cal. May 5, 2011) (dismissing Section 12 claim with respect to defendants for whom plaintiff failed to make specific allegations of solicitation and merely alleged such defendants "promoted" the sale of securities). A

---

[8] Foris Global does not concede that XRP is a security subject to the Securities Act, but reserves those and related arguments at this time.

[9] Prior to 1995, Sections 12(a)(1) and (a)(2) of the Securities Act were respectively referred to as Sections 12(1) and 12(2). *See* Pub. L. 104-67.

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

"collateral participant" to the offer or sale of securities or one who "merely assist[ed] in another's solicitation efforts" is not subject to Section 12 liability. *Pinter*, 486 U.S. at 651 n.26 & n. 27; *Tezos*, 2018 U.S. Dist. LEXIS 157247, *28-29 (service provider was a "collateral" participant but not a "seller"); *In re Worlds of Wonder Sec. Litig.*, 721 F. Supp. 1140, 1148 (N.D. Cal. 1989) (dismissing Section 12(a)(2) claim due to plaintiff's failure to allege that the defendant "was more than a collateral participant to" the securities sales). A defendant that does not satisfy the standard of a statutory seller may not be held liable under Section 12 as an aider and abettor of a securities violation. *See XOMA Corp. Securities Litig.*, Case No. C-91-2252 TEH, 1990 WL 357807, at *11 (N.D. Cal. Dec. 27, 1991) (dismissing claims for aiding and abetting Section 11 and 12 violations for failure to state a claim).

In this case, there are no allegations that Foris Global offered or sold securities within the meaning of Section 12(a)(1). Plaintiffs do not allege that Foris Global was directly involved in the offer or sale of XRP. *See Daou Sys.*, 411 F.3d at 1029 (requiring that defendants be "directly involved" in the actual solicitation of a securities purchase to be subject to Section 12 liability). Nor are there any specific allegations regarding the alleged role of Foris Global in purportedly offering XRP for sale. *See Rensel v. Centra Tech., Inc.*, 2019 U.S. Dist. LEXIS 79855, *11-13 (S.D. Fla. May 13, 2019) ("Mere conclusory allegations that a defendant solicited the sale of stock and was motivated by financial gain to do so are insufficient to state a claim under Section 12.") (citation omitted); *Maine State Ret. Sys.*, 2011 WL 4389689, at *10 (plaintiffs "must include very specific allegations of solicitation" to sustain a Section 12 claim). Instead, Plaintiff Toomey solely alleges that Foris Global is a "d/b/a" for Crypto.com which "sold XRP through **its** platform to investors in the United States, including in the state of Florida." (SAC ¶26) (emphasis added). Toomey does not allege that he purchased or sold XRP through Foris Global or its application, and he cannot. Foris Global did not have any U.S. operations or activities during this time. (Alvarez Decl. ¶¶7-9). At most, Plaintiffs allege that Foris Global was a "collateral participant[s]," who "merely assisted in another's solicitation efforts" to offer or sell securities, thereby outside the zone of parties subject to Section 12(a)(1) liability. *See Pinter*, 486 U.S. at 651 n. 27 (rejecting argument that a person who participates in the solicitation of a purchase of securities may be liable as a statutory seller under

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Section 12(a)(1)); *In re Worlds of Wonder Sec. Litig.*, 721 F. Supp. at 1148 (dismissing Section 12 claim against a "collateral participant" to a securities sale). Accordingly, Plaintiff Toomey's Section 12(a)(1) claims against Foris Global must be dismissed for failure to properly plead that it sold or solicited the sale of XRP.

### 2.   Plaintiffs Lack Standing to Assert Section 12(a)(1) Claim

Further, Plaintiffs lack standing to assert Section 12(a)(1) claims against Foris Global because they fail to allege that they purchased XRP from it.  Section 12(a)(1) provides that only a defendant "from" whom the plaintiff "purchased" securities may be liable. *See Pinter*, 486 U.S. at 643. In *Pinter*, the Supreme Court concluded that this language "clearly confines § 12 liability to those situations in which a sale has taken place." *Id.* at 644.  Accordingly, a plaintiff may not maintain a Section 12(a)(1) claim against a defendant from whom the plaintiff did not actually purchase securities. *See id.* at 650; *see also Leonard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 64 F.R.D. 432, 433-34 (S.D.N.Y. 1974) (holding that Section 12(a)(1) claims may only be maintained by an "aggrieved purchaser" of the defendant and dismissing claims against defendants). In this case, Plaintiffs do not allege that they purchased XRP from Foris Global and their claims are subject to dismissal for lack of standing to assert them against Foris Global. *See Leonard*, 64 F.R.D. at 434 (dismissing Section 12(a)(1) claim against defendants with whom plaintiffs did not have "any dealings whatsoever" with respect to the allegedly unregistered securities).

### 3.   Plaintiffs do not Allege that their XRP Exchanges Occurred in the United States

Plaintiff Toomey's Section 12(a)(1) claims against Foris Global also fail for failure to allege that any of his purchases occurred in the U.S.  Plaintiffs do not allege − for they cannot − that Foris Global bought or sold XRP to or from any customers in the United States.  In fact, it did not.  The registration requirements of the Securities Act apply only to *domestic* sales and offers of securities. *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 268-69 (2010) ("The same focus on domestic transactions is evident in the Securities Act of 1933…[which] makes it unlawful to sell a security . . . unless a registration statement is in effect. 15 U.S.C. § 77e(a)(1)."); *SEC v. Bio Def. Corp.*, Case No. 12-11669-DPW, 2019 WL 7578525, at *11-13 (D. Mass. Sept. 6, 2019) (applying Morrison to Section 5 and other federal securities law claims); *see also Schentag v. Nebgen*, Case No. 1:17-CV-

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

8734-GHW, 2018 WL 3104092, at *5, 10-13 (S.D.N.Y. June 21, 2018) (dismissing Section 5 claim under *Morrison*).  Conclusory allegations that Plaintiffs' transactions took place in the U.S. are insufficient. *See Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 70 (2d Cir. 2012) ("The mere assertion that transactions 'took place in the United States' is insufficient to adequately plead the existence of domestic transactions.").

Sales of securities are considered domestic only if: (1) they occurred on "domestic exchanges," or (2) irrevocable liability was incurred or passage of title transferred in the U.S. *Id.* at 62 & 66-69 (defining when a "sale" or "purchase" is domestic).  Accordingly, since the U.S. securities laws do not apply extraterritorially, the registration requirement under Section 5(a) does not apply to sales executed on foreign exchanges. *Morrison*, 561 U.S. at 267-68 ("We know of no one who thought that the Act was intended to 'regulat[e]' *foreign* securities exchanges…") (emphasis in original).  Accordingly, claims based on sales executed on foreign and not domestic exchanges cannot be sustained and must be dismissed.  See *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 532-33 (S.D.N.Y. 2011) (dismissing claims of U.S. shareholders who bought shares on a foreign exchange because the Supreme Court in *Morrison* "clearly sought to bar claims based on purchases and sales of foreign securities on foreign exchanges"); *see also Holsworth v. BProtocol Found.*, Case. No. 20 CIV. 2810 (AKH), 2021 WL 706549, at *3 (S.D.N.Y. Feb. 22, 2021) (dismissing registration claim of plaintiff who purchased digital coins on digital exchange in Singapore).  Even if XRP were a security, which is disputed, claims that Plaintiffs and members of the putative class were in the "United States" or "residents of Florida" are insufficient to establish the domestic nature of the transactions at issue since the location of the *purchaser* does not control whether a securities sale is foreign or domestic.  *Absolute Activist*, 677 F.3d at 69 ("[A] purchaser's citizenship or residency does not affect where a transaction occurs; a foreign resident can make a purchase within the United States, and a United States resident can make a purchase outside the United States.").  Instead, the location of the exchange determines the situs of the transactions since they become irrevocable on the exchange.  *See Banco Safra S.A. v. Samarco Mineracao S.A.*, 849 Fed. Appx. 289, 293 n.2 (2d Cir. 2021) (liability attaches where the exchange is located when orders are "matched" with a counterparty over an "electronic exchange system"); *see also City of Pontiac*

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

1   *Policemen's System v. UBS AG*, 752 F.3d , 173, 181 (2d Cir. 2014) (finding it insufficient to allege

2   that a U.S. entity "placed a buy order [of a foreign security] in the United States that was then

3   executed on a foreign exchange"); *SEC v. Berbel*, Case No. 17-23572-CIV, 2018 U.S. Dist. LEXIS

4   31746, *8 (S.D. Fla. Feb. 26, 2018) ("purchases and sales take place when and where 'the parties

5   become bound to effectuate the transaction…'" (quoting *Absolute Activist*, 677 F.3d at 67)).

6   ## C.   The Statute of Repose Bars Section 12(a)(1) Claims

7   Toomey's Section 12(a)(1) claims are also barred by the statute of repose contained in

8   Section 13 of the Securities Act, which requires that claims be brought within three years of the first

9   offering of the security at issue. *See Cal. Pub. Emp. Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042,

10  2049-50 (2017). In particular, the statute states that "in no event" shall an action under Section

11  12(a)(1) be brought "more than three years after the security was bona fide offered to the public." 15

12  U.S.C. § 77m. Section 13 "admits of no exception and on its face creates a bar against future

13  liability." *ANZ Sec.*, 137 S. Ct. at 2049. "The 3-year time bar in §13 reflects the legislative objective

14  to give a defendant a complete defense to any suit after a certain period." *Id.*

15  By their own pleading, Plaintiffs allege that the Ripple Defendants offered and sold XRP to

16  the public more than three years before Plaintiffs first asserted their federal securities claims in the

17  SAC they filed on March 26, 2021. Plaintiffs must allege that XRP was first offered for sale to the

18  public within the three-year period *after* March 26, 2018 since, under the "first-offered" rule, "the

19  three-year [statute of repose] period begins when the security is ***first*** bona fide offered." *P. Stolz*

20  *Fam. P'ship, L.P. v. Daum*, 355 F.3d 92, 100 (2d Cir. 2004) (emphasis in original); *see, e.g., Zakinov*

21  *v. Ripple Labs, Inc.*, Case No. 18-cv-06753-PJH, 2020 U.S. Dist. LEXIS 32982, *17 (N.D. Cal. Feb.

22  26, 2020) (adopting "first-offered" rule to statute of repose)[10]; *McCormick v. Indep. Life & Annuity*

23  *Co.*, 794 F.3d 817, 820 (7th Cir. 2015) ("A claim under § 12 arises when the security is first offered

24  to the public, 15 U.S.C. § 77m, and a statute of repose sets three years as the outer limit for suit.");

25

26

27  [10] The *Zakinov* Court did not find plaintiffs' claims against Ripple to be time-barred based on allegations in that complaint (not present here) that XRP was first offered after August 5, 2016 but

28  by May 18, 2017 and the complaint was filed within three years of that date in 2019. While that court indicated its ruling is subject to change based on discovery, even under that court's later timing, the Plaintiffs' claims here would still be time-barred based on their March 26, 2021 filing of the federal securities claims.

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS**

*Mori v. Saito*, Case No. 10 Civ. 6465(KBF), 2013 WL 1736527, at *5 (S.D.N.Y. Apr. 19, 2013) ("It is well established that the three-year period of repose begins to run from the first bona fide public offering of a security."); *In re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Sec. Litig.*, 636 F. Supp. 1138, 1167–68 (C.D. Cal. 1986) ("the relevant offering under § 13 is the ***first*** offering of the security" (emphasis in original)).

Here, Plaintiffs repeatedly allege that Ripple was offering XRP for sale to the public well before March 26, 2018 and as far back as 2013. The SAC contains numerous allegations of the first public offering taking place in 2013, including repeating the SEC's allegations in the SEC Litigation that:

> [f]rom at least 2013 through the present, Defendants sold over 14.6 billion units of a digital asset security called 'XRP,' in return for cash or other consideration worth over $1.38 billion U.S. Dollars ("USD"), to fund Ripple's operations [. . .]. Defendant[] undertook this distribution without registering their offers and sales of XRP with the SEC as required by the federal securities laws, and no exemption from this requirement applied.

(SAC ¶2). Plaintiffs also allege that "[t]he Ripple Defendants began their unregistered and unlawful sale of XRP in 2013…." (*Id.* ¶6; see also ¶¶63-64 (describing Ripple's offerings to programmers and institutional investors in 2013 and 2014)). Accordingly, the three-year statute of repose expired as of 2016 at latest. The federal securities claims in the SAC are therefore untimely and should be dismissed as barred by the statute of repose.

### D.   The FDUTPA and Common Law Claims Also Fail Where the Underlying Violations Are Dismissed for Failure to State a Claim (Counts IX to XI).

Plaintiff Toomey's remaining Florida and common law claims against Foris Global similarly cannot be sustained and must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim because they are entirely grounded on deficiently-pled, non-viable violations of the federal securities laws. They also improperly conflate the Foris and Crypto.com entities and do not allege any particulars as to Foris Global which would render it liable to Plaintiffs for any of these claims.

For Count IX,[11] Plaintiff Toomey claims that a "*per se* violation" of the FDUTPA occurred when the Foris and App Defendants: (i) violated Sections 5 and 12(a)(1) of the Securities Act by

---

[11] The SAC describes this claim as "Count XIX" in the heading but that is most likely a typographical error.

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

"participating in the sale of unregistered securities" in the form of XRP (SAC ¶¶ 291); and, (ii) effected XRP transactions as an unregistered securities broker-dealer or exchange in violation of two provisions of the Securities and Exchange Act of 1934 ("Exchange Act") (SAC ¶292-93, citing 15 U.S.C. §§ 78e and 78o(a)(1)).  Toomey points to no other underlying conduct to support his FDUTPA claim.  The remaining claims for restitution due to unjust enrichment (Count X) and "money had and received" (Count XI) are each grounded on the "maker and taker fees" that Crypto.com is alleged to have derived from its securities violations by providing a digital platform enabling the purchase and sale of XRP − and that Toomey is alleged to have paid. (SAC ¶¶ 298-302, 304-308).

All of these claims suffer from the same pleading deficiencies that affect the underlying *per se* violations and, accordingly, they too should be dismissed for failure to state a claim.  *See Blair v. Wachovia Mortg. Corp.* 2012 U.S. Dist. LEXIS 33941, *10 (M.D. Fla. 2012) (noting where plaintiff did not adequately plead violation of the underlying federal statute her FDUPTA claim failed and further stating if plaintiff was not relying on per se violation, she needed to plead fraud with particularity to satisfy heightened pleading standard in Rule 9(b)); *Tedder v. Harbour Phase I Owners, LLC*, Case No. 8:08-cv-1674-T-30TGW, 2009 U.S. Dist. LEXIS 36251, *11 (M.D. Fla. April 17, 2009) (finding where defendants were exempt from underlying statute, plaintiff had no basis for FDUPTA claims); *Bryant v. CIT Group/Consumer Fin*., Case NO. H-16-1840, 2017 U.S. Dist. LEXIS 74131, *20 (S.D. Tex. April 11, 2018) (dismissing unjust enrichment and money had and received claims with prejudice where they were based on a deficiently pled claim for forgery); *Crosbie v. Endeavors Techs., Inc.*, Case No. SA VC 08-1345 AHS (SSx), 2009 U.S. Dist. LEXIS 100244, *29 (C.D.Cal. October 22, 2009) ("Because plaintiffs fail to state claims for securities and common law fraud, their parasitic claims for unjust enrichment and money had and received must be dismissed."); *In re Zantac (Ranitidine) Prods. Liab. Litig*., Cas No. 20-MD-2824, 2021 U.S. Dist. LEXIS 122725, *45-46 (S.D. Fla. June 30, 2021) (dismissing unjust enrichment claim that was based on same facts as dismissed negligence claim).

As argued above, Plaintiffs have failed to properly plead viable Section 12(a)(1) claims against Foris Global. (*Supra* at §§ III A-B.).  Moreover, Plaintiffs try unsuccessfully to bolster their

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

FDUTPA, unjust enrichment, and "money had and received" claims by alleging that Crypto.com also violated Sections 5 and 15 of the Exchange Act that prohibit the offer, sale or exchange of securities through unregistered brokers, dealers or exchanges.  (SAC ¶¶292-93, citing 15 U.S.C. § 78e (Section 5) and § 78o(a)(1) (Section 15)).  Plaintiffs recognize that they have no private right of action to bring these Exchange Act claims directly.  In fact, "nothing in the express language of 15 U.S.C. § 78o purports to create a private right of action. . . . [T]he overwhelming majority of courts . . . have held that neither Sections 15(a)(1) nor 15(c)(1) of the Securities Exchange Act provides for a private right of action." *Demaria v. Gisbex Clearing Corp.*, Case No. 10-20426-CIV-TORRES, 2010 U.S. Dist. LEXIS 157862, at *14-15 (S.D. Fla. Nov. 23, 2010) (citing *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1578 (9th Cir. 1990) (affirming district court's summary judgment under Section 15 of the Exchange Act "because this section does not give rise to a private right of action," without distinguishing between Section 15(a)(1) or 15(c)(1))") (citations omitted).

Instead, Plaintiffs try to shoehorn these Exchange Act claims into Toomey's FDUTPA claim against Crypto.com by contending that the Foris and App Defendants violated the FDUTPA through their violations of the underlying securities statutes.  Plaintiffs' effort is unavailing and should not be countenanced by this Court.  It is nothing more than a shoddy and transparent effort to breathe life into unavailable federal securities claims through a back door that has been firmly shut by the courts. *See, e.g., Hucke v Kubra Data*, Case No. 15-14232-CIV-ROSENBERG/LYNCH, 2015 U.S. Dist. LEXIS 176252, *17 (S.D. Fla. Oct. 8, 2015) (report and recommendation finding that where underlying statute did not allow for private cause of action, plaintiff could not use violation of that statute as basis for unjust enrichment and money had and received claims), *adopted* 160 F. Supp. 3d 1320, 1322 (S.D. Fla. 2015).  None of the federal securities claims underlying the state and common law claims is viable as a matter of law.  Accordingly, the state and common law claims that rely on their viability also fail and should be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, the Court should grant Foris Global's motion and dismiss the SAC's claims against Foris Global with prejudice for lack of personal jurisdiction or, alternatively for failure to state a claim.

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

1                                     Respectfully submitted,

2

3    Dated:  September 14, 2021          K&L GATES LLP

4

5                                       By:*/s/ Matthew G. Ball*

6                                     Matthew G. Ball

7                                     Jeremy M. McLaughlin
                                       Stavroula E. Lambrakopoulos

8                                     Attorneys for FORIS DAX GLOBAL LIMITED

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**